UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALICIA ARENDS<br>c/o Tittle & Perlmuter<br>2012 W. 25th Street, Ste. 716<br>Cleveland, OH 44113<br><br>On behalf of herself and all others<br>similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>FAMILY SOLUTIONS OF OHIO, INC.<br>3100 E. 45th Street<br>Cleveland, Ohio 44127<br><br>    c/o Its Statutory Agent<br>    Corporation Service Company<br>    50 West Broad Street<br>    Suite 1300<br>    Columbus, OH 43215<br><br>—and—<br><br>PROSTAR MANAGEMENT, INC.<br>c/o Family Solutions of Ohio, Inc.<br>c/o Its Statutory Agent<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1300<br>Columbus, OH 43215<br><br>—and—<br><br>JOHN HOPKINS<br>c/o Family Solutions of Ohio, Inc.<br>c/o its Statutory Agent<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1300 | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

| | |
|---|---|
| Columbus, OH 43215 | ) |
| | ) |
| -and- | ) |
| | ) |
| DAWN SMITH | ) |
| c/o Family Solutions of Ohio, Inc. | ) |
| c/o its Statutory Agent | ) |
| Corporation Service Company | ) |
| 50 West Broad Street | ) |
| Suite 1300 | ) |
| Columbus, OH 43215 | ) |
| | ) |
| Defendants. | |

Plaintiff Alicia Arends, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (sometimes collectively referred to as "Defendants").

## INTRODUCTION

1. This case challenges wage-and-hour practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and common law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Alicia Arends was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Family Solutions of Ohio, Inc. ("Family Solutions") is an Ohio corporation doing business at multiple locations in Ohio, including 3100 E. 45th Street, Cleveland, Ohio 44127, which is the location at which Plaintiff was employed. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1300, Columbus, Ohio 43215.

9. Defendant Prostar Management, Inc. ("Prostar") is or was a North Carolina corporation and the parent company of Defendant Family Solutions. According to records maintained by the State of North Carolina, Prostar's statutory agent is John Hopkins, a Defendant herein.

10. Defendant John Hopkins is an individual residing in North Carolina. He is the owner of Defendant Prostar and the President and chief executive of Defendant Family Solutions.

11. Defendant Dawn Smith is the Chief Operating Officer of Defendant Family Solutions.

## FACTUAL ALLEGATIONS

### Defendants' Business

12. During the relevant period, Defendant Family Solutions provided behavioral healthcare services at multiple facilities, including Cleveland, Columbus, Cincinnati, and Bedford Heights, Ohio.

13. Family Solutions utilized non-exempt employees called "Qualified Mental Health Specialists" ("QMHS") for some or all of its services. Family Solutions' QMHSs included Plaintiff Arends, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

### Plaintiff, the Potential Opt-Ins and Class Members

14. Plaintiff Alicia Arends worked for Family Solutions as a QMHS from July through to December 2017 at its Cleveland location.

15. Plaintiff's hire, and that of the Potential Opt-Ins, and the Ohio Class Members, was executed via offer letter and acceptance setting forth various terms of employment, including the rate of pay. A copy of Plaintiff's executed offer letter is not in Plaintiff's possession, but is in the possession of the Defendants.

16. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were non-exempt employees within the meaning of the FLSA and Ohio law.

### Defendants' Failure to Pay Employees for All Hours Worked

17. The FLSA and Ohio law required Family Solutions to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

18. Family Solutions did not pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work. Family Solutions paid them for some hours, principally those it could bill to Medicaid or other insurance, but failed to pay any compensation for many of their hours worked.

### Defendants' Failure to Pay Minimum Wages

19. The FLSA and Ohio law required Family Solutions to pay employees at least the minimum wage for all hours worked. 29 U.S.C. §§ 206; Ohio Constitution art. II, § 34a.

20. Family Solutions did not pay the minimum wage to Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for some or all of their workweeks. Because Family Solutions failed to pay them any compensation for many hours worked, the

5

hourly rate for their total hours fell below the minimum wage for some or all workweeks.

### Defendants' Failure to Pay Overtime Compensation

21. The FLSA and Ohio law required Family Solutions to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 207; 29 C.F.R. § 778.117; Ohio Rev. Code Ann. § 4111.03.

22. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked more than forty hours in a single workweek.  Plaintiff Arends was regularly scheduled to work for fifty hours per week.

23. Defendants failed to pay them overtime compensation at one and one-half times their "regular rate" for some or all of their overtime hours.

### Defendants' Status as "Employers"

24. Defendant Family Solutions was as an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

25. Defendant Prostar, and individual Defendants John Hopkins and Dawn Smith, were "employers" pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Family Solutions, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.  Prostar was the parent company of Family Solutions.  John Hopkins was the owner of Prostar and the President and chief executive of Family Solutions.  Dawn

6

Smith was the Chief Operating Officer of Family Solutions. All had operational control over significant aspects of Family Solutions' operations and day-to-day functions, including compensation of employees. Defendants Hopkins and Smith, acting for and on behalf of Defendants Family Solutions and Prostar, made the decision to pay Plaintiff and other QMHSs for fewer than all of the hours they worked, at hourly rates less than the minimum wage, and without overtime compensation.

26. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id.* Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id.*

27. Family Solutions, Prostar, John Hopkins, and Dawn Smith were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members under the FLSA and Ohio law.

28. At all times relevant, Family Solutions, Prostar, John Hopkins, and Dawn Smith were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Willfulness of Defendants' Violations

29. Defendants knew that their QMHSs were entitled to minimum wages and overtime compensation under federal and state laws, or acted in reckless disregard for whether they were so entitled.

30. Defendants willfully circumvented and violated the requirements of the FLSA and Ohio law.  Defendants deliberately withheld compensation from the QMHSs for the hours it could not bill to Medicaid or other health insurers.  Defendants knew or had full reason to know that withholding compensation for many hours meant the hourly rate for the QMHSs' total hours would fall below the minimum wage for some or all workweeks.  Defendants also deliberately withheld time-and-a-half compensation for many overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

33. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:  All employees who worked as Qualified Mental Health Specialists for Family Solutions of Ohio during the period three years preceding the commencement of this action to the present.

34. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to Defendants' unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of hundreds of persons. Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of two classes of persons defined herein.

39. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as: All employees who worked in Ohio as Qualified Mental Health Specialists for Family Solutions of Ohio during the period three years preceding the commencement of this action to the present.

40. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of hundreds of persons. The number of class members as well as their identities are ascertainable from records Defendants have

maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

41. There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid class members for fewer than all hours worked, whether Defendants paid class members at hourly rates less than the minimum wage for some or all workweeks, and whether Defendants withheld time-and-a-half compensation from class members for some or all overtime hours.

42. Plaintiff's claim is typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication

of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) will be filed with the Court.

48. The FLSA required Defendants to pay their QMHSs at least the minimum wage and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

49. Defendants failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

50. In doing so, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

51. As a result of Defendants' violations of the FLSA's minimum wage and overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

54. The OMFWA, Ohio Constitution art. II, § 34a, required Defendants to pay their QMHSs at least the minimum wage for all hours worked.

55. Defendants failed to pay minimum wages to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members, in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## COUNT THREE
### (Ohio Overtime Violations)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff brings this claim for violation of Ohio's overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

58. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

59. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to their QMHS when due.

60. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

61. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

<b><u>COUNT FOUR</u></b><br><b>(Ohio Record-Keeping Violations)</b>

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. The OMFWA required Defendants to maintain accurate and complete records of employees' time.  Ohio Const. art. II, § 34a.

64. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of QMHSs' time.

65. As a result of Defendants' record-keeping violations, Plaintiff, the potential Opt-Ins in Ohio, and the Ohio Class Members were injured in that accurate and complete records of their working hours do not exist.

## COUNT FIVE
### (Breach of Contract)

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Defendants' employment of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members was the subject of a written offer letters, the terms of which, including rate of pay terms, became binding upon acceptance by Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

68. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members accepted the terms in Defendants' offer letters and performed pursuant to the terms of their respective contracts.

69. Defendants breached their contract with Plaintiff, the Potential Opt-Ins, and the Ohio Class Members and caused damages by failing to compensate Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all hours worked.

## COUNT SIX
### (Alternative Claim for Unjust Enrichment)

70. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members conferred a benefit on Defendants by working many hours for which they received no compensation.

72. Defendants knew they were receiving a benefit by retaining and utilizing Plaintiff's, the Potential Opt-Ins', and the Ohio Class Members' labor while providing no compensation. Defendants intentionally designed their compensation structure so as to obtain that benefit for themselves.

73. Defendants obtained the benefit of Plaintiff's, the Potential Opt-Ins', and the Ohio Class Members' labor under circumstances in which it would be unjust for Defendants to do so without payment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
tittle@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Plaintiff's Class and Collective Action Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Scott D. Perlmuter
Scott D. Perlmutter (0082856)