IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA ARENDS                                    :
                                                 :      CASE NO. 1:18-cv-02017-PAB
            Plaintiff,                           :
                                                 :
v.                                               :      JUDGE PAMELA A. BARKER
                                                 :
FAMILY SOLUTIONS OF OHIO, INC.,                  :
et al.                                           :
                                                 :
            Defendants.                          :

### DEFENDANTS' MOTION TO QUASH
### THE THIRD-PARTY SUBPOENA TO ADP

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedures, Defendants hereby move to quash the subpoena served by Plaintiffs upon ADP on or after February 20, 2020.[1]  A copy of the subpoena is attached hereto as Exhibit 1.

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure,

> "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: ...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden."

This lawsuit involves alleged wages owed to Plaintiff Alicia Arends and 25 additional individuals who have opted-into this lawsuit (the "Class").  Despite this, the subpoena improperly seeks documents identifying the names, contact information, and documents referring to employee contact and payroll information for *all* Family Solutions employees since September 4, 2015.  Accordingly, the subpoena seeks privileged and confidential documents and information that goes far beyond the Class.  Indeed, the subpoena is asking for confidential and private information for many current and former employees who are not in the Class.  This

---

[1] Plaintiffs have failed to file a document reflecting service of the subpoenas, as required in Rule 45 of the Federal Rules of Civil Procedure.  Upon information and belief, the subpoena was served on or after February 20, 2020.

4810-4609-0934.1

information is private and confidential, and Plaintiffs have not identified any waiver applicable to this request.  Accordingly, the subpoena is improper and subject to quash as set forth Rule 45(d)(3)(iii).

Further, this information is irrelevant to this lawsuit and has no bearing on Plaintiffs' claims or Defendants' defenses.  Defendants have been informed that Plaintiffs served this subpoena, in part, to obtain the names and contact information of current and former employees of Family Solutions in an effort to identify potential opt-ins to this lawsuit.  Importantly, the period for individuals to opt-into the class has expired and, therefore, there is no reasonable expectation that this information can lead to Plaintiffs' identifying any additional individuals to join the Class.  Moreover, putting aside the fact that the Court has ordered the opt-in period to have closed, issuing third-party subpoenas to obtain private confidential information from non-parties in an attempt to determine whether they are interested in joining a lawsuit is improper.

Aside from the subpoena seeking overbroad and improper information from non-parties, the current Class has not yet been certified and Defendants expect that several individuals currently within the Class will be dismissed at the certification stage.  Defendants have provided Plaintiff the names of several individuals falling into this category, and are in the process of determining additional Class members who will similarly be dismissed at, or before, certification.  Accordingly, the subpoena is improper, premature, and imposes an undue burden, as it seeks information and documents from individuals who should not have been permitted to opt-into this lawsuit had a proper investigation into their employment with Family Solutions taken place.

4810-4609-0934.1

Accordingly, Defendants object to the subpoena in its entirety, and hereby respectfully request that this Court quash the subpoena.

Respectfully submitted,

*/s/ Donald G. Slezak*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 344-9422
Fax: (216) 344-9421
David.a.campbell@lewisbrisbois.com
Donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*

4810-4609-0934.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of March 2020, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

> */s/ Donald G. Slezak* _____
> Donald G. Slezak (0092422)
> Lewis Brisbois Bisgaard & Smith, LLP
> 1375 E. 9th Street
> Suite 2250
> Cleveland, OH 44114
> Phone: (216) 344-9422
> Fax: (216) 344-9421
> Donald.slezak@lewisbrisbois.com
>
> *One of the Attorneys for Defendants*

4810-4609-0934.1