# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Alicia Arends,** *et al.,* **On behalf of herself and All others similarly situated,** | Case No. 1:18cv2017 |
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| -vs- | |
| **Family Solutions of Ohio, Inc.,** *et al.***,** | MEMORANDUM OPINION AND ORDER |
| Defendants | |

Currently pending are the following motions: (1) Defendants' Motion to Quash Third-Party Subpoena to Wells Fargo (Doc. No. 40); (2) Defendants' Motion to Quash Third-Party Subpoena to ADP (Doc. No. 41); (3) Plaintiffs' Motion for Leave to file Sur-Reply Memorandum in Opposition to Defendants' Motions to Quash (Doc. No. 46); and (4) Plaintiffs' Motion for Leave to file First Amended Complaint Designating New Representative Plaintiffs (Doc. No. 43).

For the following reasons, Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 43) is unopposed and GRANTED. Plaintiffs' Motion for Leave to File Sur-Reply (Doc. No. 46) is GRANTED. Defendants' Motions to Quash Subpoenas (Doc. Nos. 40, 41) are GRANTED IN PART and DENIED IN PART, as follows.

## I.     Relevant Procedural Background

On September 4, 2018, Plaintiff Alicia Arends ("Plaintiff" or "Arends") filed a Complaint on behalf of herself and all others similarly situated against Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith. (Doc. No. 1.) Therein, Plaintiff asserted violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Ohio Minimum

Fair Wage Standards Act ("OMFWA"), Ohio Rev. Code § 4111.01 *et seq.*; as well as claims for breach of contract and unjust enrichment. (*Id.*) Of particular relevance herein, Plaintiff alleged that Defendants violated the FLSA by failing to pay for time worked that was not billable to Medicaid or other health insurance. (*Id.*) Jamal Stephenson subsequently filed an Opt-In and Consent Form. (Doc. No. 12-1.)

Defendants answered the Complaint on December 23, 2018. (Doc. No. 7.) A Case Management Conference ("CMC") was thereafter conducted, at which time deadlines were set for conditional certification briefing. *See* Non-Document Order dated February 14, 2019.

On February 28, 2019, Plaintiff Arends filed a Motion for Conditional Certification and Court-Authorized Notice with respect to her FLSA claims. (Doc. No. 11.) Defendants responded on March 15, 2019, and Plaintiff filed a Reply on March 29, 2019. (Doc. No. 13, 14.) Defendants were subsequently granted leave to file a sur-reply on April 2, 2019. (Doc. No. 15-1.) Several months later, on September 3, 2019, Plaintiff filed the Supplemental Declaration of former Family Solutions' employee Maria Graciani, in support of her Motion. (Doc. No. 19.)

This matter was re-assigned to the undersigned on June 27, 2019 pursuant to General Order 2019-13.

On September 16, 2019, the Court issued a Memorandum Opinion & Order granting in part and denying in part Plaintiff's Motion for Conditional Certification as follows: "The Court hereby conditionally certifies the following collective action class: all current and former employees who worked as Qualified Mental Health Specialists for Family Solutions of Ohio during the period three years prior to the date of this Memorandum Opinion & Order." (Doc. No. 20.) The Court also set forth various deadlines regarding the Notice to be given to potential opt-in plaintiffs, including

2

ordering Defendants "to provide Plaintiffs with a list of the full name and last known home address of each current and former employee falling within the conditional collective action class described above, as well as their dates of employment and last known personal email address." (*Id*. at p. 21.)

A Joint Submission of Proposed Notice was thereafter submitted on September 30, 2019. (Doc. No. 22.)

A Case Management Conference ("CMC") was conducted on October 7, 2019, at which time the Court approved the parties' proposed Notice. In addition, various case management deadlines were set, including the following: (1) parties to be joined and pleading amendments due by February 6, 2020; (2) non-expert discovery due by July 6, 2020; (3) dispositive motions due by August 6, 2020; and (4) expert discovery to be completed by November 9, 2020. (Doc. No. 25.)

The docket reflects that numerous consent forms were filed by opt-in plaintiffs between October and December 2019. *See* Doc. Nos. 26 through 36.

On March 5, 2020, Defendants filed Motions to Quash Third-Party Subpoenas issued to Wells Fargo and ADP. (Doc. Nos. 40, 41.) Plaintiffs filed a Brief in Opposition on March 19, 2020, to which Defendants replied. (Doc. Nos. 42, 44, 45.) Plaintiffs then filed a Motion for Leave to File Sur-Reply in support of Opposition to Defendants' Motion to Quash (Doc. No. 46), which Defendants opposed (Doc. No. 48.)

In addition, on March 24, 2020, Plaintiffs filed a Motion for Leave to file a First Amended Complaint Designating New Representative Plaintiffs. (Doc. No. 43.) Defendants did not file a response.

**II.     Analysis**

    **A.     Motion for Leave to file First Amended Complaint (Doc. No. 43)**

In their Motion for Leave, Plaintiffs seek leave to file an Amended Complaint designating Jamal Stephenson and Melanie Vilk Baron as representative plaintiffs, in place of Alicia Arends.[1] (Doc. No. 43.) Plaintiffs note that Mr. Stephenson and Ms. Vilk Baron are already plaintiffs, having previously opted-in the instant collective action in March 2019 and November 2019, respectively. (*Id.*) *See* Doc. Nos. 12-1, 29-1. Plaintiffs indicate that Mr. Stephenson worked for Defendant Family Solutions of Ohio as a qualified mental health specialist ("QMHS") from August 2016 through May 2017; and that Ms. Vilk Baron worked for Family Solutions as a QMHS from August 1 through October 7, 2016. (*Id.*) Finally, Plaintiffs assert that both Mr. Stephenson and Ms. Vilk Baron have agreed to assume representative plaintiff responsibilities. (*Id.*)

Defendants have not opposed Plaintiffs' Motion.

Plaintiffs' Motion for Leave to file First Amended Complaint (Doc. No. 43) to designate Mr. Stephenson and Ms. Vilk Baron as representative plaintiffs is unopposed and granted. Ms. Arends will no longer be designated a representative plaintiff, although she will remain a non-representative plaintiff in the above-captioned manner. Plaintiffs are directed to file their First Amended Complaint upon receipt of this Memorandum Opinion & Order.

### B. Motion for Leave to File Sur-Reply (Doc. No. 46)

Plaintiffs seek leave to file a Sur-Reply in support of their Opposition to Defendants' Motions to Quash. (Doc. No. 46.) Defendants oppose the Motion. (Doc. No. 48.)

Plaintiffs' Motion for Leave to File Sur-Reply (Doc. No. 46) is granted. Despite Defendants' arguments to the contrary, the Court finds that Defendants' Reply Brief does, in fact, raise new

---

[1] Ms. Arends seeks to be relieved of her responsibilities as a representative plaintiff, but would remain a non-representative plaintiff, having filed a consent form pursuant to 29 U.S.C. § 216(b). (Doc. No. 43 at p. 3.)

4

arguments in support of their Motions to Quash, including those relating to the Plaintiffs' attempt to subpoena contracts between Defendants and the subpoenaed entities. *See* Doc. No. 44 at 2; Doc. No. 45 at 2.

The Court finds that there is good cause to file a Sur-Reply and that it will be helpful to this Court in resolving Defendants' Motion. According, Plaintiffs' Motion for Leave to File Sur-Reply (Doc. No. 46) is granted.

### C. Motion to Quash Third-Party Subpoenas (Doc. Nos. 40, 41)

In their Motions, Defendants seek to quash, pursuant to Fed. R. Civ. P. 45(d)(3), subpoenas issued by Plaintiffs to third-parties Wells Fargo and ADP on February 14, 2020. These subpoenas seek the following information:

> 1. Any contracts or agreements between [Wells Fargo or ADP] and Family Solutions of Ohio, Inc. that were in effect at any since time September 4, 2015.
>
> 2. Documents and ESI that will show the period or periods in which Wells Fargo provided payroll services for Family Solutions of Ohio, Inc.
>
> 3. Documents and ESI that list or identify the Family Solutions of Ohio, Inc. employees included in one or more [Wells Fargo or ADP]-processed payrolls since September 4, 2015.
>
> 4. Any and all contact information for Family Solutions of Ohio, Inc. employees in Wells Fargo's possession, custody, or control, including:
>
>> (a) mailing addresses (including any newer or updated mailing addresses); and
>>
>> (b) email addresses (including any newer or updated email addresses).
>
> 5. Documents or ESI that describe [Wells Fargo's or ADP's] policy or practice on requesting or obtaining employee contact information (including but not limited to email addresses) from payroll service customers.

5

6. Correspondence or emails between [Wells Fargo or ADP] and Family Solutions of Ohio, Inc. that discuss requesting or obtaining employee contact information (including but not limited to email addresses).

7. Any other documents or ESI that discuss requesting or obtaining employee contact information (including but not limited to email addresses) from payroll service customers.

(Doc. Nos. 40-1; 41-1.)

Defendants argue that the subpoenas should be quashed because they seek privileged and confidential documents and information "that goes far beyond the class." (Doc. No. 40 at p.1; Doc. No. 41 at p. 1.) Specifically, Defendants note that, although the class was limited to all current and former employees who worked as *QMHSs* for Family Solutions of Ohio for the period September 16, 2016 through September 16, 2019, the subpoenas seek names and contact information for *all* Family Solutions employees (not just QMHSs) since September 16, 2015. (*Id*.) Defendants argue that this information is "private and confidential," as well as irrelevant and overbroad. (*Id*. at p. 2.) Defendants further assert that the subpoenas were served for the improper purpose of identifying potential opt-ins for the instant lawsuit. (*Id*.) Finally, Defendants argue that the subpoenas are improper because Defendants have identified several individuals who they expect will be dismissed at the certification stage. (*Id*.)

Plaintiffs assert that the subpoenaed records are "patently relevant" to this case because payroll records "bear very directly on Defendants' pay practices—the sole subject matter of this lawsuit." (Doc. No. 42 at p. 1-2.) Plaintiffs argue that Defendants have not identified any alleged privilege or confidentiality concern regarding the subpoenaed records, and strenuously maintain that they are not seeking payroll records in order to identify additional opt-ins. (*Id*.) However, Plaintiffs state that "in order to streamline this issue and ease Defendants' concerns about any perceived

overbreadth of the subpoenas, Plaintiff does not oppose their modification such that the information sought is only produced as to the 26 opt-ins to this case." (*Id*. at pp. 2-3.)

In response, Defendants assert that the subpoenas are nonetheless "inappropriate and overbroad" because they seek employee information since September 4, 2015 -- one year prior to the class date. (Doc. No. 44 at p. 1; Doc. No. 45 at p. 1.) Defendants further complain that the subpoenas seek irrelevant information because "the conditional class currently includes individuals who Defendants believe will not be certified as class participants." (*Id*. at p. 2.) Defendants also question why Plaintiffs require the contact information for the 26 opt-in plaintiffs given that these individuals have already opted-in. (*Id*.) Finally, Defendants argue that the first and second items listed in the subpoenas (i.e., the contracts and documents showing when Wells Fargo and ADP provided payroll services for Family Solutions of Ohio, Inc.) are "overbroad and irrelevant." (*Id*.)

In their sur-reply, Plaintiffs argue that the subpoenaed information is relevant because "payroll services are often the best source for wage-and-hour data in an FLSA case because the compensation actually paid to employees was based on payroll services' data." (Doc. No. 46-1.) Additionally, Plaintiffs assert that they require contact information for the 26 opt-in plaintiffs because the roster provided by Defendants "contained almost no email addresses." (*Id.*) Plaintiffs state that they need payroll services records to locate email addresses or updated mailing addresses for opt-ins that were omitted from the roster. (*Id.*) Finally, Plaintiffs argue that the requested contracts are relevant because they will show who signed the agreements on behalf of Defendant Family Solutions of Ohio, and thereby may "directly implicate [Defendants] ProStar Management, John Hopkins, and/or Dawn Smith in Family Solutions' compensation practices." (*Id.*)

7

Federal Rule of Civil Procedure 45(d)(3)(A) provides as follows:

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). The scope of a subpoena issued under Fed. R. Civ. P. 45 is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Laetham Equip. Co. v. Deere and Co.*, 2007 WL 2873981 at * 4 (E.D. Mich. Sept. 24, 2007). *See also Hendricks v. Total Quality Logistics, Inc.*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (noting that "[although] Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, [c]ourts . . . .have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26."); *Kacmarik v. Mitchell*, 2017 WL 131582 at * 4 (N.D. Ohio Jan. 13, 2017); *Baker v. Royce*, 2015 WL 13584586 at * 2 (E.D. Mich. June 26, 2015); *Black v. Kyle-Reno*, 2014 WL 667788 at * 2 (S.D. Ohio Feb. 20, 2014).

Upon careful review, the Court agrees with Defendants that the subpoenas, as originally issued on February 14, 2020, are overly broad. Although the conditional class was limited to all current and former employees who worked as QMHSs for Family Solutions of Ohio during the period September 16, 2016 to September 16, 2019, the subpoenas seek contracts, agreements, contact information and other documents/ESI relating to *all* of Family Solutions of Ohio's employees since September 15, *2015*. Plaintiffs have not established that the requested information is relevant for

8

employees other than QMHSs or for any period of time prior to September 16, 2016. Indeed, Plaintiffs appear to concede that the subpoenas are overbroad with respect to the scope of employees and have agreed to modify the subpoenas to the 26 individuals that have opted-in to the instant lawsuit.

While the Court agrees with Defendants that the subpoenas are overly broad as written, the Court rejects Defendants' arguments that the subpoenas seek confidential or privileged information. Defendants do not identify any particular privilege or explain how it would be applicable to the particular documents and information requested. Nor do Defendants cite any legal authority that such documents and information are privileged. Accordingly, the Court finds this argument in support of Defendants' Motions to be without merit.

The Court also rejects Defendants' argument that the subpoenas should be quashed because Defendants "have reason to believe" that certain, unidentified conditional class members will not be certified as class participants. Defendants do not identify the particular class members that they believe will not be certified or otherwise provide any basis for their assertion that any particular individuals will not meet the requirements of the class. Most importantly, the Court has not made a final determination regarding certification at this point and will not do so in this context. This argument in support of Defendants' motion is without merit and rejected.

Finally, the Court rejects Defendants' argument that the first and second categories of the subpoenas are overbroad and irrelevant. As set forth above, these particular categories seek contracts/agreements between Wells Fargo or ADP and Family Solutions, and documents showing the period in which these companies provided payroll services for Family Solutions of Ohio. Plaintiffs argue that the contracts/agreements are relevant because they will reveal who signed the

agreements on behalf of Family Solutions, and may tend to prove or disprove whether the individual defendants were "employers" within the meaning of the FLSA. (Doc. No. 46-1 at p. 2.)

Upon review, the Court agrees with Plaintiff and finds that the information requested in categories 1 and 2 of the subpoenas are relevant. However, the Court limits both categories 1 and 2 to the time period September 16, 2016 to September 16, 2019, for the reasons set forth above.

Accordingly, the Court grants in part and denies in part Defendants' Motions to Quash Subpoenas in part, as follows. The Court will allow Plaintiffs to issue subpoenas to Wells Fargo and ADP but those subpoenas must be limited to seeking (1) contact information relating to the 26 individuals that have opted in to the instant lawsuit; and (2) contracts, agreements, documents, or ESI as described but only for the period September 16, 2016 to September 16, 2019.[2]

### III. Conclusion

Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 43) is unopposed and GRANTED. Plaintiffs' Motion for Leave to File Sur-Reply (Doc. No. 46) is GRANTED. Defendants' Motions to Quash Subpoenas (Doc. Nos. 40, 41) are GRANTED IN PART and DENIED IN PART, as set forth above.

**IT IS SO ORDERED.**

Date: April 14, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[2] Although not raised by Plaintiffs, the Court notes that Defendants do not appear to have complied with the requirements of Local Rule 37.1 prior to filing their Motion to Quash. Counsel for Defendants is reminded of its obligation to fully comply with the requirements of that Rule, including the requirement that the parties meet and confer prior to bringing any discovery dispute to the attention of the Court.