**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al. | : | |
| | : | CASE NO. 1:18-cv-02017-PAB |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE PAMELA A. BARKER |
| | : | |
| FAMILY SOLUTIONS OF OHIO, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION PURSUANT TO RULE 37(c)(2) TO DEEM CERTAIN
ADMISSIONS ADMITTED AND TO PAY DEFENDANTS REASONABLE ATTORNEY
FEES INCURRED IN PROVING THE ADMISSIOINS WERE TRUE**

Pursuant to Rule 37(c)(2) of the Federal Rules of Civil Procedure, Defendants Family

Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively,

"Defendants") move to admit certain admissions served on Latwana Wright, Mitchell Townsend,

Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly

Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea

Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney

Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton.  In addition,

Defendants move for the payment of Defendants' reasonable expenses, including attorney's fees,

in making proof that the admissions were not properly admitted.

Defendants' requests for admissions at issue in this Motion are not objectionable under

Rule 36(a).  In addition, the Defendants' requests for admission sought admissions of substantial

importance to this lawsuit.  The issues addressed in the requests for admission are the material

issues to Defendants' motion for summary judgment.  Moreover, the failure to admit these topics

confirms that the proposed class does not share common interests of facts.  Finally, Plaintiffs and

4818-6057-1593.1

1

the proposed FLSA had no good factual or legal reason not to admit Defendants' requests for admission.

This Motion is supported by the attached Declaration of Counsel, the Deposition of Plaintiff Jamal Stephenson, the Deposition of Plaintiff Melanie Vilk Baron, the Declaration of Dawn Smith, the Admission Responses of Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton, and the Memorandum in Support of this Motion.

Respectfully submitted,

*/s/ Donald G. Slezak*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

## I.      INTRODUCTION

Plaintiffs Jamal Stephenson and Melanie Vilk Baron are seeking to represent twenty-two prospective class members who held the QMHS position with Defendant Family Solutions of Ohio, Inc.   Discovery has closed and Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants") have filed motions for summary judgment on the claims asserted by Plaintiffs Jamal Stephenson and Melanie Vilk Baron.

As to the class, Plaintiffs Jamal Stephenson and Melanie Vilk Baron take the position that the facts relating to the employment of the other QMHS employees is consistent with their employment.   However, as to admissions served on Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton, the responses are directly contrary to the deposition testimony of Stephenson and Baron.   Accordingly, the class either needs to be decertified because the employment histories are vastly different or the admissions need to be deemed admitted so the QMHS class members have responses consistent with the deposition testimony of Stephenson and Baron.

## II.      RELEVANT FACTS

### A.      Defendants' Admissions.

This lawsuit was filed on September 4, 2018 by one plaintiff, Alicia Arends. (ECF #1). On September 16, 2019, this Court granted, in part, Plaintiff's Motion for Class Certification

4818-6057-1593.1                                              3

and Court Authorized Notice. (ECF # 11).  In doing so, the Court provided for a conditional class consisting of QMHS employees who held the QMHS position from September 16, 2016 to September 16, 2019.  (ECF # 11).  Since that time, an Amended Complaint was filed, which replaces Alicia Arends as the named plaintiff with Plaintiffs. (ECF # 50).

Defendants served admissions on all of the FLSA class.  (Declaration of Donald Slezak (hereinafter "Decl. Slezak at __") at ¶ 3).[1]  Two of the class members, Olga Diaz and Cocaina Hereford, admitted that they were not employed by Family Solutions in the QMHS position. (Decl. Slezak at ¶ 4).  These admission responses are not at issue in this motion.

Unlike Olga Diaz and Cocaina Hereford, the remaining admission responses by Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton were not forthright in their admission responses.  (Decl. Slezak at ¶ 5).  As set forth below, these responses repeatedly state that "Plaintiffs cannot truthfully admit or deny at this time."  (Decl. Slezak at ¶ 6).  This Motion addresses these non-answers that are inconsistent with the deposition testimony of Jamal Stephenson and Melanie Vilk Baron.  (Decl. Slezak at ¶ 6).

**B.**     **The Primary Duties Of The QMHS Position.**

The primary duty of the QMHS employee is to provide counseling services to Family Solutions' Medicaid-eligible patients.  (Declaration of Dawn Smith (hereinafter "Decl. Smith at __") at ¶ 29);[2] (Deposition of Jamal Stephenson (hereinafter "Dep. Stephenson at __") at

---

[1] A copy of Donald Slezak's declaration is attached hereto as Exhibit 1.
[2] A copy of Dawn Smith's declaration is attached hereto as Exhibit 2.

78);[3] (Deposition of Melanie Vilk Baron (hereinafter "Dep. Baron at __") at 21-22).[4]  This primary duty is directly related to Family Solutions' management and general operations and Family Solutions' customers, the Medicaid-eligible patients. (Decl. Smith at ¶ 30).  Without the counseling services, Family Solutions would not be in operation. (Decl. Smith at ¶ 30).  Similarly, without the counseling services, Family Solutions' Medicaid-eligible patients would not have a reason to seek services with Family Solutions. (Decl. Smith at ¶ 30; *see also* Dep. Stephenson at 101).

Counseling services are the principal, main, major, and most important duty that the QMHS employee performs. (Decl. Smith at ¶ 31; *see also* Dep. Baron at 21-22; Dep. Stephenson at 78).  Because the QMHS employees are performing counseling services, they are performing work directly related to assisting with the running and service of Family Solutions' business. (Decl. Smith at ¶ 32).

QMHS employees perform office or non-manual work when performing services on behalf of Family Solutions. (Decl. Smith at ¶ 33).  Baron admitted that her role as a QMHS employee did not include any manual work. (Dep. Baron at 21-22).  QMHS employees are providing medical care that needs to be documented in the patient's medical files. (Decl. Smith at ¶ 34; *see also* Dep. Baron at 24, 26-27, and 52; Dep. Stephenson at 166-67).  The duties of the QMHS employees include the exercise of discretion and independent judgment with respect to matters of significance. (Decl. Smith at 35; *see also* Dep. Stephenson at 83, 85, 98 and 104).  QMHS employees face issues that involve the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. (Decl. Smith at ¶ 36; *see also* Dep. Stephenson at 26-27, and 98).

---

[3] Cited pages from the deposition of Jamal Stephenson are attached hereto as Exhibit 3.
[4] Cited pages from the deposition of Melanie Vilk Baron are attached hereto as Exhibit 4.

Further, the QMHS employees are in charge of determining which patients to treat, how often to treat each patient, which days they will schedule patients, how many patients they will schedule each day, and the area or location in which they will treat patients. (Decl. Smith at ¶ 37; *see also* Dep. Stephenson at 87-88, 99, 104, 121, and 131).  As to patients that are being treated, QMHS employees exercise judgment on the type of counseling services that are medically-required, how often the counseling services should be provided to the patient, the topics to be addressed in each counseling session, and how to respond to issues raised by patients. (Decl. Smith at ¶ 37; *see also* Dep. Stephenson at 26-27, 89-91, 98 and 104).  Patients raise many unexpected issues with QMHS employees during counseling sessions. (Decl. Smith at ¶ 38; *see also* Dep. Stephenson at 89-91 and 98-99).  QMHS employees must use their discretion and independent judgment, based on their training and education, to make the best decision on how to respond to the issue and counsel the patient. (Decl. Smith at ¶ 38; *see also* Dep. Stephenson at 89-91, 98, and 104).

The QMHS employees carry out major assignments for Family Solutions when they provide counseling services to Family Solutions' patients. (Decl. Smith at ¶ 39). The matter of significance is the health and welfare of Family Solutions' patients. (Decl. Smith at ¶ 40; *see also* Dep. Stephenson at 89-91).  The exercise of discretion and independent judgment is derived from the fact that the QMHS employee must make important decisions on the patient's behalf on the counseling services to be provided to the patient. (Decl. Smith at ¶ 41; *see also* Dep. Stephenson at 89-91, 98-99, and 104). One example of such discretion and independent judgment is when a QMHS employee recognizes a more serious issue with a Family Solutions patient that requires the QMHS employee to immediately notify their Clinical Supervisor for direction. (Decl. Smith at ¶ 41; *see also* Dep. Stephenson at 89-91, 98-99).

Each time that a QMHS employee meets with a patient, even a continuing patient, the session is unique (Decl. Smith at ¶ 42; *see also* Dep. Stephenson at 83). No two sessions are the same. (Decl. Smith at ¶ 42; *see also* Dep. Stephenson at 83). The patients can and do bring up a variety of issues; many of which were not addressed in prior counseling sessions. (Decl. Smith at ¶ 42; *see also* Dep. Stephenson at 89-91 and 98-99).

QMHS employees scheduled their patient visits on their own. (Dep. Stephenson at 99). Stephenson attempted to schedule eight patient visits each day of the week. (Dep. Stephenson at 130-131). Stephenson would attempt to group patient visits based on the location of the patients. (Dep. Stephenson at 130-131). Each QMHS employee would determine the optimal time to meet with the patient. (Dep. Stephenson at 99-100). Stephenson, for example, believed that meeting with patients in the afternoon was the best situation for the patient – the day was nearly over and distractions were at a minimum. (Dep. Stephenson at 99-100). Stephenson and Baron further admitted that the patient load and travel experience for every QMHS employee was different. (Dep. Stephenson at 71-72); (Dep. Baron at 52 ("Q. Okay. Then I'm assuming the travel schedule would be different for each QMHS because they're dealing with different patients? A. Yes").

III.    **ARGUMENT**

    A.    **The Admission Responses.**

Following the deposition of Plaintiff Jamal Stephenson, Defendants served admissions on Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani,

Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton.

The admission requests set forth below address issues relevant to Defendants' summary judgment motions.  (Decl. Slezak at ¶ 7).  Each of the requests seek information of substantial importance to this lawsuit.  (Decl. Slezak at ¶ 7).  However, despite the deposition testimony of Baron and Stephenson, the following admissions were not admitted or denied.  Rather, the responses stated "Plaintiffs cannot accurately admit or deny:"

**REQUEST FOR ADMISSION**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

4818-6057-1593.1                                           8

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that treating patients is Family Solution's business.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that treating patients is a matter of significance.

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS position.

4818-6057-1593.1                                9

**ANSWER:**

**REQUEST FOR ADMISSION**

Admit that the travel schedule was different for every employee who held the QMHS position.

**ANSWER:**

B.      <u>**Rule 37(c)(2) Requires That The Admissions Be Deemed Admitted.**</u>

This lawsuit is based on Plaintiffs claim that the FLSA QMHS class members are similarly-situated.  Baron and Stephenson testified to the truth of the above requests for admissions.  Accordingly, if the Plaintiffs are unable to admit or deny the above requests for admissions, the class should not move forward because the class members had vastly different employment histories with Family Solutions.

Rule 37(c)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  In this matter, each of the admission requests set forth above have been proven true through discovery. Accordingly, this Court should deem each of the admissions admitted and order Plaintiffs to pay Defendant's reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion. *See Broadcast Music, Inc. v. Marshall*, No. 77-40087, 1978 U.S. Dist. LEXIS 14044, *3-4 (E.D. Mich. Dc. 4, 1978) (improper admission responses were deemed admitted for purposes of summary judgment); *see also Broas v. Music, Inc. v.*

*Leyland Co., LLC*, No. 5:11CV2264, 2012 U.S. Dist. LEXIS 166344, *4 (N.D. Ohio Nov. 21, 2012) (admissions deemed admitted may serve as factual basis for purpose of summary judgment); *EEOC v. Sacco*, 102 F.Supp.2d 413, 421 (E.D. Mich. 2003) (payment of attorneys' fees appropriate for noncompliant admission responses).

## IV.     CONCLUSION

Based on the above-cited arguments and authorities, Defendants' Motion should be granted, the above admissions should be deemed admitted for Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton, and Defendants should be awarded reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion.

Respectfully submitted,

*/s/ Donald G. Slezak*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2020, the foregoing was filed through the

Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of

record.

/s/ Donald G. Slezak
Donald G. Slezak (0092422)

*One of the Attorneys for Defendants*