IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA ARENDS, et al.　　　　　　　　　:

　　　　　Plaintiff,　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

v.　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

FAMILY SOLUTIONS OF OHIO, INC.,　　:
et al.

　　　　　Defendants.　　　　　　　　　:

CASE NO. 1:18-cv-02017-PAB

JUDGE PAMELA A. BARKER

## DECLARATION OF DONALD G. SLEZAK

I, Donald G. Slezak, being duly cautioned and sworn, hereby declare as follows:

1.　　　I am one of the attorneys for the Defendants Family Solutions of Ohio, Inc.,
Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants") in this
lawsuit.

2.　　　I have been involved in the discovery in this case in 2019 and 2020.

3.　　　Defendants served admissions on all individuals who are in the FLSA
conditionally certified by this Court in the captioned-matter.

4.　　　Two of the class members, Olga Diaz and Cocaina Hereford, admitted that they
were not employed by Family Solutions in the QMHS position.

5.　　　Unlike Olga Diaz and Cocaina Hereford, the remaining admission responses by
Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze,
Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea
Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier,
Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton were not
forthright in their admission responses.  A true and correct copy of the admission responses
received for the aforementioned individuals are attached hereto as Exhibit 1.

6.      The responses set forth in Exhibit 1 repeatedly state that "Plaintiffs cannot truthfully admit or deny at this time." Defendants' Motion Pursuant to Rule 37(c)(2) to Deem Certain Admissions Admitted and to Pay Defendants Reasonable Attorney Fees Incurred in Proving the Admissions Were True (the "Motion") addresses these non-answers that are inconsistent with the deposition testimony of Jamal Stephenson and Melanie Vilk Baron.

7.      In addition, the admissions set forth in Exhibit 1 address issues relevant to Defendants' summary judgment motions filed in the captioned-matter.  Each of the requests seek information of substantial importance to this lawsuit.

I have read the foregoing declaration and I affirm under penalty of perjury under the laws of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Donald Slezak

10/13/2020
Date

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF LATWANA WRIGHT TO DEFENDANT FAMILY**
**SOLUTIONS OF OHIO, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Latwana Wright provides the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission requests.

1.     Privileged and Otherwise-Protected Information.     Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2.     <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3.     <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4.     <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5.     <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Wright performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Wright performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Wright performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Wright performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Wright performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links

to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

## REQUEST FOR ADMISSION NO. 9

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

## REQUEST FOR ADMISSION NO. 10

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling

sessions.  Plaintiff's provision of those services was governed by Family Solutions'
policies and guidelines and subject to governmental regulations.  Whether such services
involved "treating patients" within the meaning of wage-and-hour laws, and whether
"treating patients" is "a matter of significance," are legal questions and determinations,
not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but
not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny at this time.  Documents and information
bearing on the matter have been requested but not produced.  Plaintiffs' First Set of
Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought
production of "emails, correspondence, memos, and other communications by
Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation
or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is
not plausible that no such documents were generated by such officers as John A.
Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and
Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic
Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, Ms. Wright does not recall any personal interactions with John Hopkins.  May be supplemented upon receipt of complete responses to Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.


**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.


**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.


**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family

Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that your employment with Family Solutions ended while you were still in training.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 22**

Admit that you filed your Consent Notice more than three years after the conclusion of your employment with Family Solutions.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 23**

Admit that you filed your Consent Notice more than three years after you received your last paycheck from Family Solutions.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of

Discovery Requests were served on October 2, 2019.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The foregoing were served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF MITCHELL TOWNSEND TO DEFENDANT FAMILY
SOLUTIONS' FIRST SET OF ADMISSION REQUESTS**

Plaintiff Mitchell Townsend provides the following objections and responses to
Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission
requests.

1.      Privileged and Otherwise-Protected Information.    Plaintiff objects to
Defendant's admission requests to the extent they seek the disclosure of information or
documents subject to the attorney-client privilege, attorney work product doctrine, or
other applicable privileges or protections.  Plaintiff similarly objects to the admission
requests insofar as they seek information that would reveal, or tend to reveal,
impressions, conclusions, or opinions of attorneys or non-testifying experts or
consultants, on the grounds that such information is protected by the attorney-client
privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2.  <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3.  <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4.  <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5.  <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

## REQUEST FOR ADMISSION NO. 3

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

## REQUEST FOR ADMISSION NO. 4

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental

health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a

variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought production of "emails, correspondence, memos, and other communications by Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is not plausible that no such documents were generated by such officers as John A. Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, denied.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time. Documents and information bearing on the matter have been requested but not produced. Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.


**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time. Documents and information bearing on the matter have been requested but not produced. Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.


**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny. Clients and schedules varied over time for all QMHSs. They are a matter of record in Family Solutions' files.


**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny. Clients and schedules varied over time for all QMHSs. They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that you did not submit a time sheet for final week of employment with Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)

s/ Thomas A. Downie
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSES OF ALEXANDRA TOTH TO DEFENDANT FAMILY SOLUTIONS' FIRST SET OF ADMISSION REQUESTS

Plaintiff Alexandra Toth provides the following objections and responses to Defendant Family Solutions' admission requests.

## GENERAL OBJECTIONS

Plaintiff interposes the following general objections to Defendant's admission requests.

1.  <u>Privileged and Otherwise-Protected Information</u>.  Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2. <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3. <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4. <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5. <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Toth performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Toth performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Toth performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Toth performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links

to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

## REQUEST FOR ADMISSION NO. 9

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.

## REQUEST FOR ADMISSION NO. 10

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling

sessions.  Plaintiff's provision of those services was governed by Family Solutions'
policies and guidelines and subject to governmental regulations.  Whether such services
involved "treating patients" within the meaning of wage-and-hour laws, and whether
"treating patients" is "a matter of significance," are legal questions and determinations,
not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but
not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny at this time.  Documents and information
bearing on the matter have been requested but not produced.  Plaintiffs' First Set of
Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought
production of "emails, correspondence, memos, and other communications by
Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation
or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is
not plausible that no such documents were generated by such officers as John A.
Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and
Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic
Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  To be supplemented.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot accurately admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot accurately admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.


**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.


**REQUEST FOR ADMISSION NO. 21**

Admit that you were a part-time employee of Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  To be supplemented upon a complete production by Defendants.

**REQUEST FOR ADMISSION NO. 22**

Admit that you were not eligible for health insurance during your employment with Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.

**REQUEST FOR ADMISSION NO. 23**

Admit that you never worked more than forty hours during a week of employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  Plaintiffs are currently compiling complete estimates of hours worked based on records subpoenaed from Defendants' vendors.  To be supplemented.

**REQUEST FOR ADMISSION NO. 24**

Admit that you were not entitled to overtime during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  Plaintiffs are currently compiling complete estimates of hours worked based on records subpoenaed from Defendants' vendors.  To be supplemented.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing were served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)

s/ Thomas A. Downie
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF DELONDA BRYSON TO DEFENDANT FAMILY SOLUTIONS'**
**FIRST SET OF ADMISSION REQUESTS**

Plaintiff Delonda Bryson provides the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission requests.

1.    <u>Privileged and Otherwise-Protected Information</u>.    Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client

privilege and/or attorney work product doctrine, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2. <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3. <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4. <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5. <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Bryson performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental

health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a

variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought production of "emails, correspondence, memos, and other communications by Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is not plausible that no such documents were generated by such officers as John A. Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, Ms. Bryson does not recall any personal interactions with John Hopkins.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that you missed the Opt-In Deadline.

**ANSWER:**

Admitted that Ms. Bryson's consent form was filed after the Opt-In Deadline.


**REQUEST FOR ADMISSION NO. 20**

Admit that failing to document patient care is a dischargeable offense at Family

Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that if an employee holding the QMHS positon fails to document patient

care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF MELANIE BARON TO DEFENDANT FAMILY
SOLUTIONS OF OHIO, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Melanie Baron provides the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission requests.

1.    <u>Privileged and Otherwise-Protected Information</u>.    Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2. <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3. <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4. <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5. <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

<u>**RESPONSES**</u>

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Baron performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Baron performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Baron performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Baron performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Baron performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental

health counseling/therapy. Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions. Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations. Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection: This matter is irrelevant to the wage-and-hour issues in this case. Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny what "is Family Solutions' business." Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection: This matter is irrelevant to the wage-and-hour issues in this case. Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny. Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients. Such work involved a

variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought production of "emails, correspondence, memos, and other communications by Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is not plausible that no such documents were generated by such officers as John A. Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit  that  you  had  no  contact  with  Hopkins  during  your  employment  with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, Ms. Baron does not recall any personal interactions with John Hopkins.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family Solutions.

**ANSWER:**

Admitted that Ms. Baron's consent form was filed after the Opt-In Deadline.

**REQUEST FOR ADMISSION NO. 20**

Admit that failing to document patient care is a dischargeable offense at Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that your employment with Family Solutions ended while you were still in training.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 22**

Admit that you filed your Consent Notice more than three years after the conclusion of your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 23**

Admit that you filed your Consent Notice more than three years after you received your last paycheck from Family Solutions.

**ANSWER:**

Admitted.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)


Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF DAWN GLAZE TO DEFENDANT FAMILY SOLUTIONS OF**
**OHIO, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Dawn Glaze provides the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission requests.

1.    <u>Privileged and Otherwise-Protected Information</u>.    Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2. <u>Information Defendants are Required to Maintain</u>. Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3. <u>Information Already Known to Defendants</u>. Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4. <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>. Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

5. <u>Discovery Requests Disproportional to the Needs of the Case</u>. Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before

that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Glaze performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Glaze performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Glaze performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Glaze performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Glaze performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links

to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

## REQUEST FOR ADMISSION NO. 9

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

## REQUEST FOR ADMISSION NO. 10

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling

sessions.  Plaintiff's provision of those services was governed by Family Solutions'
policies and guidelines and subject to governmental regulations.  Whether such services
involved "treating patients" within the meaning of wage-and-hour laws, and whether
"treating patients" is "a matter of significance," are legal questions and determinations,
not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but
not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny at this time.  Documents and information
bearing on the matter have been requested but not produced.  Plaintiffs' First Set of
Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought
production of "emails, correspondence, memos, and other communications by
Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation
or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is
not plausible that no such documents were generated by such officers as John A.
Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and
Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic
Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, Ms. Glaze does not recall any personal interactions with John Hopkins.  May be supplemented upon receipt of complete responses to Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family

Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient

care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that your employment with Family Solutions ended while you were still in training period of your employment.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 22**

Admit that you were paid for treating thirty patients in a week during your training period with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 23**

Admit that you treated less than thirty patients per week during your employment with Family Solutions.

**ANSWER:**

Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 24**

Admit that you were over-compensated by Family Solutions.

**ANSWER:**

Denied.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants


_s/ Scott D. Perlmuter_
Scott D. Perlmuter (0082856)

_s/ Thomas A. Downie_
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO.  1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF CAROLYN CATES TO DEFENDANT FAMILY SOLUTIONS'**
**FIRST SET OF ADMISSION REQUESTS**

Plaintiff Carolyn Cates provides the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiff interposes the following general objections to Defendant's admission requests.

1.     <u>Privileged and Otherwise-Protected Information</u>.     Plaintiff objects to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections.  Plaintiff similarly objects to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the

discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

      2.    <u>Information Defendants are Required to Maintain</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

      3.    <u>Information Already Known to Defendants</u>.  Plaintiff objects to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

      4.    <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiff objects to Defendant's admission requests insofar as they will subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

      5.    <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiff objects to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.  Ms. Cates worked for Family Solutions in a hybrid CPST/Therapist role.

**REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Further objecting, Plaintiff cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

Without waiver of objections, Plaintiff responds as follows.

The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.  Ms. Cates worked for Family Solutions in a hybrid CPST/Therapist role.

## REQUEST FOR ADMISSION NO. 3

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Cates performed behavioral health treatment and supportive duties.

## REQUEST FOR ADMISSION NO. 4

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  Ms. Cates

performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Cates performed behavioral health treatment and supportive duties, and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Cates performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  Ms. Cates performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.

Without waiver of objections, Plaintiff responds as follows.

Plaintiff cannot accurately admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought production of "emails, correspondence, memos, and other communications by Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is not plausible that no such documents were generated by such officers as John A. Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiving this objection, documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  To be supplemented.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiff listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Plaintiff cannot accurately admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Plaintiff cannot accurately admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.

**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that you were a part-time employee of Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  To be supplemented upon a complete production by Defendants.

**REQUEST FOR ADMISSION NO. 22**

Admit that you were not eligible for health insurance during your employment with Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour at issue in this case.

**REQUEST FOR ADMISSION NO. 23**

Admit that you never worked more than forty hours during a week of employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  Plaintiffs are currently compiling complete estimates of hours worked based on records subpoenaed from Defendants' vendors.  To be supplemented.

**REQUEST FOR ADMISSION NO. 24**

Admit that you were not entitled to overtime during your employment with Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter and in Defendants' possession have been requested but not produced.  Plaintiffs are currently compiling complete estimates of hours worked based on records subpoenaed from Defendants' vendors.  To be supplemented.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)



Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al., | ) | CASE NO. 1:18-cv-02017 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY SOLUTIONS OF OHIO, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF KIMBERLY BOLDEN, ALLEN STEELE, DAWN WOOD,
VONETTA WATSON, NATALIA VARIAS, ANDREA REYNOLDS, DARREA
REYNOLDS, ANJELICA MORRIS, CHRISTINA HARRIS, MARIA GRACIANI,
JENNIFER FRYMIER, COURTNEY EDWARDS, ALEX DOLIN, RACHEL
DEGREGARIO, SHARON BURNS, AND A'ISHAH BRAXTON TO DEFENDANT
FAMILY SOLUTIONS OF OHIO, INC.'S FIRST SET OF REQUESTS FOR
ADMISSION**

Plaintiffs Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Ragland, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel DeGregario, Sharon Burns, and A'Ishah Braxton (collectively referred to herein as "Plaintiffs") provide the following objections and responses to Defendant Family Solutions' admission requests.

**GENERAL OBJECTIONS**

Plaintiffs interpose the following general objections to Defendant's admission requests.

1. <u>Privileged and Otherwise-Protected Information</u>. Plaintiffs object to Defendant's admission requests to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, or

other applicable privileges or protections.  Plaintiffs similarly object to the admission requests insofar as they seek information that would reveal, or tend to reveal, impressions, conclusions, or opinions of attorneys or non-testifying experts or consultants, on the grounds that such information is protected by the attorney-client privilege and/or attorney work product doctrine, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of disclosure required by the Federal Rules of Civil Procedure.

2.    <u>Information Defendant are Required to Maintain</u>.  Plaintiffs object to Defendant's admission requests insofar as they seek information or documents Defendant is required by law to maintain.

3.    <u>Information Already Known to Defendant</u>.  Plaintiffs object to Defendant's admission requests insofar as they seek information or documents already in Defendant's possession, custody, or control.

4.    <u>Discovery Requests Calculated to Cause Annoyance, Embarrassment, Oppression, or Undue Burden</u>.  Plaintiffs object to Defendant's admission requests insofar as they will subject Plaintiffs to annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

5.    <u>Discovery Requests Disproportional to the Needs of the Case</u>.  Plaintiffs object to Defendant's admission requests insofar as they are not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ.

P. 26(b)(1).

## **RESPONSES**

### **REQUEST FOR ADMISSION NO. 1**

Admit that you never held the QMHS position during your employment with

Family Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny.  The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

### **REQUEST FOR ADMISSION NO. 2**

Admit that you held the QBHS positon during your employment with Family

Solutions.

**ANSWER:**

Objection:  The position title, whether QMHS or QBHS, is irrelevant to the wage-and-hour issues in this case, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny.  The term used in regulatory sources, whether QMHS or QBHS, changed as of January 1, 2018.  Employees working in that position who performed such work before that date were called QMHSs.  Those who performed such work after that date were called QBHSs.  Both terms applied to employees whose work spanned that date.  The term applicable to a particular individual at a point in time was determined by Family Solutions and is a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  All Plaintiffs and opt-ins performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption involving non-manual labor, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  All

Plaintiffs and opt-ins performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER:**

Objection: This matter is irrelevant to the wage-and-hour issues in this case. Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny. Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact. All Plaintiffs and opt-ins performed behavioral health treatment and supportive duties, and were not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER:**

Objection: This matter is irrelevant to the wage-and-hour issues in this case. Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny. Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact. All Plaintiffs and opt-ins performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving a "primary duty test" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  All Plaintiffs and opt-ins performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the exercise of "discretion and independent judgment" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot truthfully admit or deny.  Plaintiffs provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the

skills introduced in counseling sessions.  Plaintiffs' provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot truthfully admit or deny what "is Family Solutions' business." Plaintiffs provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.  Only salaried employees are subject to any exemption involving the question of "matters of significance" under the Fair Labor Standards Act and Ohio law, and all current opt-ins to this case were hourly employees.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot truthfully admit or deny.  Plaintiffs provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom

monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiffs' provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

**REQUEST FOR ADMISSION NO. 11**

Admit that you had no contact with Prostar during your employment with Family

Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.

Without waiver of objections, Plaintiffs respond as follows.

Plaintiffs cannot truthfully admit or deny at this time.  Documents and information bearing on the matter have been requested but not produced.  Plaintiffs' First Set of Discovery Requests were served on October 2, 2019.  Production Request No. 32 sought production of "emails, correspondence, memos, and other communications by Defendant John Hopkins, Defendant Dawn Smith, or others" concerning the operation or management of Family Solutions of Ohio.  *See also* Production Request No. 33.  It is not plausible that no such documents were generated by such officers as John A. Hopkins, Sr., Chief Operating Officer; Nancy J. Hopkins, Chief Financial Officer; and Dawn N. Smith, former Chief Operating Officer, current Vice President of Strategic Planning and Program Management.

**REQUEST FOR ADMISSION NO. 12**

Admit that you had no contact with Hopkins during your employment with

Family Solutions.

**ANSWER:**

Objection:  Documents and information bearing on this matter have been requested but not produced.  Further objecting, the meaning of "contact" as used request is ambiguous.

Without waiver of objections, Plaintiffs respond as follows.

Many of the Plaintiffs had contact with John Hopkins. For instance, Plaintiff Jamal Stephenson met with Hopkins on several occasions when Hopkins visited Family Solutions' Cincinnati office, as referenced in Stephenson's response to Interrogatory No. 2.  Likewise, Anjelica Morris discussed the issues at hand in this lawsuit with John Hopkins over the phone, as stated in her response to Interrogatory No. 2.

**REQUEST FOR ADMISSION NO. 13**

Admit that you were required to submit a time sheet on a weekly basis during your employment with Family Solutions.

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 14**

Admit that you inputted information into the time sheet regarding your patient care.

**ANSWER:**

Admitted that Plaintiffs listed patient care hours on the weekly time sheets.  By Family Solutions policy, other hours such as travel time, time spent entering documentation into the electronic medical record, and time spent for no-shows were not inputted into time sheets.

**REQUEST FOR ADMISSION NO. 15**

Admit that you had the opportunity to verify your time sheet each week before you were paid by Family Solutions

**ANSWER:**

Admitted.

**REQUEST FOR ADMISSION NO. 16**

Admit that Family Solutions always paid you according to the time sheet that you completed and verified.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 17**

Admit that the patient load for the QMHS position was different for each employee who held the QMHS positon.

**ANSWER:**

Plaintiffs cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 18**

Admit that the travel schedule was different for every employee who held the QMHS positon.

**ANSWER:**

Plaintiffs cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

**REQUEST FOR ADMISSION NO. 19**

Admit that failing to document patient care is a dischargeable offense at Family

Solutions.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 20**

Admit that if an employee holding the QMHS positon fails to document patient

care, the patient could be at risk of harm.

**ANSWER:**

Objection:  This matter is irrelevant to the wage-and-hour issues in this case.

**REQUEST FOR ADMISSION NO. 21**

Admit that you were paid a salary during at least a portion of your employment

with Family Solutions.

**ANSWER:**

Objection:  First, the response to this Request is contained exclusively in records
maintained by the Defendants.  Plaintiffs have requested production of documents and
ESI dealing directly with this request, and to date, Defendants' production is
incomplete.  Second, any characterization of an employee's pay basis under the Fair
Labor Standards Act and Ohio is a legal question and determination, not a fact.

Without waiver of objections, Plaintiffs respond as follows:

Cannot accurately admit or deny.  The records maintained by Defendants contain all
information sought in this request.  Of the records produced by Defendants to date,
some reveal that, for a roughly month-long period of time at the beginning of some
Plaintiffs' tenure, Family Solutions paid a flat rate regardless of hours submitted on
time sheets.

As to all objections:

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104

Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served by email on August 20, 2020 upon the following:

David Campbell
Donald Slezak
Lewis Brisbois Bisgaard & Smith LLP
1375 E. 9th Street, Ste. 2250
Cleveland, OH 44114
Counsel for Defendants

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
