**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al. | : | |
| | : | CASE NO. 1:18-cv-02017-PAB |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE PAMELA A. BARKER |
| | : | |
| FAMILY SOLUTIONS OF OHIO, INC., et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION PURSUANT TO RULE 37(c)(2) TO DEEM CERTAIN ADMISSIONS
ADMITTED AND TO PAY DEFENDANTS REASONABLE ATTORNEY FEES
INCURRED IN PROVING THE ADMISSIOINS WERE TRUE**

**I.     INTRODUCTION**

Plaintiffs Jamal Stephenson and Melanie Vilk Baron ("Plaintiffs") seek to represent a class of plaintiffs asserting an FLSA claim against Defendants Family Solutions of Ohio, Inc. ("Family Solutions"), Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants").  Plaintiffs concede that they bear the burden of proving that the conditional class is "similarly situated" for purposes of 29 U.S.C. § 216(b) certification.  *See Frye v. Baptist Mem. Hosp., Inc.*, 495 Fed. Appx. 669, 672 (6th Cir. 2012).  Despite admitting this burden, the class they seek to represent refused to respond to basic admission requests that are based upon and tied to the deposition testimony of Plaintiffs.

Defendants served requests for admission on the proposed class relating to "facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).  One of the admissions at issue in this Motion verifies the simplicity of the requests:  "Admit that your primary duties with Family Solutions involved non-manual work."  (ECF #101-1, Ex. 1). Similarly, another request asks the proposed class to "[a]dmit that [their] primary duties with

Family Solutions involved office work." (ECF #101-1, Ex. 1). Despite the fact that the proposed class addresses a position with Family Solutions that provides counseling services, Plaintiffs did not admit nor deny these simple admission requests. Rather, the proposed class objected and responded: "Plaintiffs cannot truthfully admit or deny at this time." (ECF #101-1, ¶6). This failure to respond is directly contrary to the deposition testimony of Plaintiffs on the same issue.

Plaintiffs' Memorandum in Opposition (the "Opposition") does not challenge the conclusion that Baron and Stephenson testified to facts admitting each of the requests at issue in Defendants' Motion. Rather, Plaintiffs have doubled down and oppose Defendants' Motion on the sole ground that Plaintiffs' objection was proper. Plaintiffs argue that Defendants failed to meet and confer, that the requests are irrelevant because Plaintiffs do not believe the administrative exemption is applicable to them, that the non-responses comply with Rule 36, and if the responses are deemed inadequate, that Plaintiffs' error does not end the pursuit of the FLSA class. Each of these arguments are fully addressed below.

## II. RULE 37(c) DOES NOT REQUIRE PRE-MOTION CONFERENCES

Plaintiffs' first argument is that Defendants failed to comply with Local Rule 37.1. (ECF #104, pg. 1). Plaintiffs cite no legal authorities in support of this argument in their Opposition. (ECF #104, pg. 1).

To the contrary, Rule 37(c) contains no requirement that a party meet and confer prior to filing a motion. Fed. R. Civ. P. 37(c). In fact, many motions under Rule 37(c) are filed long after the discovery cut-off date has passed because the motion is dependent upon a party "later prov[ing] a document to be genuine or the matter true." Fed. R. Civ. P. 37(c)(2); *McCarthy v. Ameritech Publ., Inc.*, 763 F.3d 488, 489 (6th Cir. 2014) (Rule 37(c) motion was filed because a

document proving an admission response was incorrect was produced "[m]ore than a year" after the admission responses were served"); *Yoder v. Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1074 (6th Cir. 2014) ("In the instant case, Plaintiffs made a post-trial motion for Rule 37 sanctions against Efacts for allegedly improperly denying five requests for admission during discovery"). Local Rule 37.1 motions must be filed within ten days of the discovery cut-off date. Accordingly, based on the plain language of Rule 37(c) and Local Rule 37.1, Plaintiffs' first argument should be rejected.

### III. DEFENDANTS' REQUESTS COMPLY WITH RULE 36

Plaintiffs' second argument is that the proposed class properly objected to the admission requests because the requests address factual issues relating to the administrative exemption. (ECF #104, pg. 2). Despite admitting the issue has been "extensively briefed," Plaintiffs argue that "the administrative exemption has no relevance to this case." (ECF #104, pg. 2).

Rule 36(a)(1) permits a party to serve "a written request to admit, for purposes of the pending action(s) only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either. . . ." Fed. R. Civ. P. 36(a)(1)(A). Rule 26(b)(1) is broad, permitting a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). This Court will determine whether the administrative exemption is applicable to the QMHS position. However, Plaintiffs are not permitted to cut-off a legal argument by refusing to answer factual questions regarding facts that will determine whether the administrative exemption is applicable to the QMHS position. To the contrary, if the administrative exemption had no relevancy to this matter, Plaintiffs should have been able to

uniformly deny the admission requests rather than objecting on the grounds that "Plaintiffs cannot truthfully admit or deny at this time." (ECF #101-1, ¶6).

Plaintiffs' objections to the requests were only presented because each of the requests were basic facts that were true and should have been admitted by the proposed class. Accordingly, because the FLSA administrative exemption is clearly relevant to this lawsuit – the issue has been extensively briefed – the requests fall within the scope of Rules 26 and 36 relevancy.

### IV.   PLAINTIFFS' ADMISSION RESPONSES ARE INADEQUATE

Plaintiffs' next argument is that Plaintiffs' non-answers are appropriate under Rule 36 because Defendants' admission requests were objectionable. (ECF #104, pgs. 3-5). Plaintiffs initially argue that "Defendants do not attach the opt-ins' admission responses to their motion. . . ." (ECF #104, pg. 5). To the contrary, the Declaration of Donald Slezak attaches the complete admission responses at issue in Defendants' motion. (ECF #101-1).

As to the requests at issue in the Motion, the Opposition only addresses one of ten admission requests at issue in Defendants' Motion. (ECF #104, pgs. 3-5). The ten admission requests at issue in Defendants' Motion do not seek legal conclusions as alleged in the Opposition. Rather, each request seek responses to basic facts that are highly relevant to this FLSA lawsuit:

- Admit that your primary duties with Family Solutions involved non-manual work;
- Admit that your primary duties with Family Solutions involved office work;
- Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions;

- Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers;

- Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients;

- Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions;

- Admit that treating patients is Family Solution's business;

- Admit that treating patients is a matter of significance;

- Admit that the patient load for the QMHS position was different for each employee who held the QMHS position; and

- Admit that the travel schedule was different for every employee who held the QMHS position.

(ECF #101, pgs. 101-1, Ex. 1).

Rule 36 does not permit Plaintiffs to object to the these simple factual requests based on Plaintiffs' position that they "cannot truthfully admit or deny at this time." (ECF #101-1, ¶6). An "answering party may assert lack of knowledge or information as a reason for failing to admit or deny" but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36. "'What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case.'" *P Morgan Chase Bank, NA v. Winget,* Case No. 08-13845, 2014 U.S. Dist. LEXIS 140540, *9 (E.D. Mich. Oct. 1, 2014) (*citing T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

In this matter, Plaintiffs do not dispute that Baron and Stephenson have already testified to facts supporting each admission to the ten requests at issue. Accordingly, the information is readily obtainable to the proposed class and their objections fail to comply with Rule 36.

## V. THE CLASS IS NOT SIMILARLY SITUATED

Plaintiffs final argument is that if this Court deems some or all of the ten admission requests admitted and issues sanctions, that the Court's ruling should not impact the Plaintiffs' pursuit of an FLSA class action. (ECF #104, pgs. 6-8). Plaintiffs argue that the discovery issues set forth in Defendants' motion are manufactured and fabricated. (ECF #104, pg. 6).

As set forth above, the admission requests are basic and seek discrete facts relevant to Defendants' motion for summary judgment and the class certification issues. Defendants should not have to file a motion to obtain these ten admission responses. Plaintiffs do not dispute their deposition testimony, but rather argue that the ten requests are irrelevant and, if relevant, objectionable. To the contrary, the proposed class certainly can answer whether they treated patients, performed manual labor, and worked in an office during their employment with Family Solutions.

Moreover, travel and patient load for the QMHS position is highly relevant to the class certification issues. The proposed class members, and Baron, were asked "[a]dmit that the travel schedule was different for every employee who held the QMHS position. (ECF #101, pgs. 101-1, Ex. 1). Baron's admission stated that she cannot admit or deny this request. However, in deposition, Plaintiff Baron admitted that the travel schedule for each QMHS employee will be different:

> Q. Okay. And then I'm assuming the travel schedule would be different for each QMHS because they're dealing with different patients?
> A. Yes.

(Dep. Baron at 52).

Similarly, the proposed class, and Baron, were asked to "[a]dmit that the patient load for the QMHS position was different for each employee who held the QMHS position." (ECF #101, pgs. 101-1, Ex. 1). However, in her deposition, Plaintiff Baron admitted to the different patient loads for QMHS employees and the unique reasons for these different patient loads:

> Q. Okay. So it sounds like the patient load is different for each QMHS depending on how long they've been there and how long they've been performing?
> A. **Yes. Yeah, I mean I – yeah, that's right**.

(Dep. Baron at 52) (emphasis added).

Had Baron and the proposed class rightfully admitted these requests, this Court most certainly would not certify a class. The truthful admission responses verify that this is a highly individualized case, not suitable for a class action. *See Frye v. Baptist Mem. Hosp., Inc.*, 495 Fed. Appx. 669, 672 (6th Cir. 2012). In fact, the Northern District of Ohio has previously held that admission responses, or lack of responses, are relevant to class motions. *Whiteamire Clinic, P.A., Inc. v. Cartridge World N. Am., LLC,* Case No. 1:16CV00226, 2019 U.S. Dist. LEXIS 126875, *7-8 (N.D. Ohio July 30, 2019) ("These discovery requests included Requests for Admission that Defendant did not have permission to send the faxes and that the faxes were advertisements. Pursuant to Fed. R. Civ. P. Rule 36(a)(3), a failure to respond to Requests for Admission within 30 days after being served results in the request being admitted. Since Defendant did not respond, some of the remaining common questions of law have been deemed answered by Defendants"). Accordingly, once these ten admissions are deemed admitted, this Court should consider the admissions when reviewing the class certification motions.

## VI.    CONCLUSION

Based on the above-cited arguments and authorities, Defendants' Motion should be granted, the above admissions should be deemed admitted for Latwana Wright, Mitchell Townsend, Alexandra Toth, Delonda Bryson, Melanie Baron, Dawn Glaze, Carolyn Cates, Kimberly Bolden, Allen Steele, Dawn Wood, Vonetta Watson, Natalia Varias, Andrea Reynolds, Darrea Reynolds, Anjelica Morris, Christina Harris, Maria Graciani, Jennifer Frymier, Courtney Edwards, Alex Dolin, Rachel Degregario, Sharon Burns, and A'Ishah Braxton, and Defendants should be awarded reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion.

                Respectfully submitted,

                */s/ Donald G. Slezak*
                David A. Campbell (0066494)
                Donald G. Slezak (0092422)
                Lewis Brisbois Bisgaard & Smith, LLP
                1375 E. 9th Street
                Suite 2250
                Cleveland, OH 44114
                Phone: (216) 298-1262
                Fax: (216) 344-9421
                david.a.campbell@lewisbrisbois.com
                donald.slezak@lewisbrisbois.com

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

>*/s/ Donald G. Slezak*
>Donald G. Slezak (0092422)
>
>*One of the Attorneys for Defendants*