## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jamal Stephenson,** *et al.,* | **Case No. 1:18cv2017** |
| **On behalf of himself and** | |
| **All others similarly situated,** | |
| | |
| **Plaintiffs,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| | |
| **Family Solutions of Ohio, Inc.,** | **MEMORANDUM OPINION AND** |
| *et al.,* | **ORDER** |
| | |
| **Defendants** | |

Currently pending is the Motion of Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith "to Deem Certain Admissions Admitted and to Pay Defendants Reasonable Attorney Fees Incurred in Proving the Admissions Were True."  (Doc. No. 101.)  Plaintiffs filed a Brief in Opposition on October 26, 2020, to which Defendants replied on November 2, 2020.  (Doc. Nos. 104, 112.)

For the following reasons, Defendants' Motion to Deem Admitted and for Attorney Fees (Doc. No. 101) is GRANTED IN PART and DENIED IN PART, as follows.

## I.    Relevant Procedural Background

On September 4, 2018, Plaintiff Alicia Arends filed a Complaint in this Court on behalf of herself and all others similarly situated against Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (hereinafter referred to collectively as "Defendants").  (Doc. No. 1.)  Therein, Plaintiff asserted the following six claims for relief:  (1) violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Count One); (2) violations of the Ohio Fair Minimum Wage Amendment

("OFMWA"), Ohio Constitution, art. II, § 34a (Count Two); (3) violations of Ohio's overtime compensation statute, Ohio Rev. Code § 4111.03 (Count Three); (4) violations of the OFMWA's record-keeping requirement (Count Four); (5) breach of contract (Count Five); and (6) unjust enrichment (Count Six). (*Id.*) Plaintiff sought conditional certification as an FLSA collective action; certification of the state law claims under Fed. R. Civ. P. 23; compensatory and punitive damages; and attorney fees and costs. (*Id.*) Jamal Stephenson subsequently filed an Opt-In and Consent Form. (Doc. No. 12-1.)

On February 28, 2019, Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice with respect to their FLSA claims. (Doc. No. 11.) Therein, Plaintiffs argued that Defendants violated the overtime provisions of the FLSA by failing to pay potential class members for necessary services such as documentation, travel between clients, time spent for client appointments and no-shows, and administrative time. (*Id.*) Plaintiffs sought conditional certification with respect to "all hourly employees who worked as providers for Family Solutions of Ohio during the three years preceding the commencement of this action to the present." (*Id.*) Defendants responded on March 15, 2019, and Plaintiff filed a Reply on March 29, 2019. (Doc. No. 13, 14.)

On September 16, 2019, the Court issued a Memorandum Opinion & Order granting Plaintiffs' Motion for Conditional Certification with respect to "all current and former employees who worked as Qualified Mental Health Specialists ['QMHS'] for Family Solutions of Ohio during the period three years prior to the date of this Memorandum Opinion & Order;" i.e., all current and former employees who worked as QMHSs between September 16, 2016 and September 2019. (Doc. No. 20.) The Court then set forth various deadlines regarding the Notice to be given to potential opt-in plaintiffs within the conditional class. (*Id.* at p. 21.)

A Joint Submission of Proposed Notice was thereafter submitted on September 30, 2019. (Doc. No. 22.) A Case Management Conference ("CMC") was conducted on October 7, 2019, at which time the Court approved the parties' proposed Notice and various case management deadlines were set. (Doc. No. 25.) The docket reflects that consent forms were filed by twenty-four (24) opt-in plaintiffs between October and December 2019. *See* Doc. Nos. 26 through 36.

On May 5, 2020, Plaintiffs filed an Amended Class and Collective Action Complaint, designating Plaintiffs Stephenson and Baron as the representative plaintiffs.[1] (Doc. No. 50.) The Amended Complaint raised the same factual and class allegations and asserted the same six grounds for relief set forth in the original Complaint. (*Id*.) Defendants filed an Answer on May 19, 2020. (Doc. No. 51.)

Numerous motions were filed over the next several months. Between June and October 2020, Defendants filed eleven (11) motions, including (1) a Motion for Judgment on the Pleadings with respect to Plaintiff Baron (Doc. No. 52); (2) two Motions for Summary Judgment (Doc. Nos. 88, 89), and (3) no less than seven (7) Motions to Strike (Doc. Nos. 92, 93, 105, 106, 107, 108, 109.) In addition, and of particular relevance herein, on October 13, 2020, Defendants filed the instant Motion pursuant to Fed. R. Civ. P. 37(c)(2) to Deem Certain Requests for Admission Admitted and for Reasonable Attorney Fees, which Plaintiffs opposed. (Doc. Nos. 101, 104.)

---

[1] Previously, on March 24, 2020, Plaintiffs filed a Motion for Leave to file a First Amended Complaint Designating New Representative Plaintiffs, in which they sought leave to file an amended pleading designating Jamal Stephenson and Melanie Vilk Baron as Representative Plaintiffs, in place of Alicia Arends (Doc. No. 43.) Therein, Plaintiffs explained that Ms. Arends sought to be relieved of her responsibilities as a representative plaintiff, but would remain a non-representative plaintiff, having filed a consent form pursuant to 29 U.S.C. § 216(b). (*Id.* at p. 3.) The Court granted Plaintiffs' Motion on April 14, 2020. (Doc. No. 49.)

During this same time period, Plaintiffs also filed multiple motions, including a (1) Motion for Equitable Tolling as to Plaintiff Baron (Doc. No. 57); (2) Motion for Supplemental QMHS Roster and Notice (Doc. No. 66); (3) Motion for Leave to File Second Amended Complaint (Doc. No. 67); (4) Motion to Modify the Collective Action Class Conditionally Certified under 29 U.S.C. § 216(b) (Doc. No. 68); and (5) Motion for Rule 23 Certification of a State Law Class (Doc. No. 70.)

On November 4, 2020, this Court issued a Memorandum Opinion & Order granting Plaintiffs' Motion for Supplemental QMHS Roster and Notice but denying Plaintiffs' Motions for Leave to File Second Amended Complaint and to Modify the Collective Action Class.  (Doc. No. 116.)  Shortly thereafter, on November 12, 2020, the Court issued another Memorandum Opinion & Order, in which it denied Defendants' Motion for Judgment on the Pleadings as to Plaintiff Baron, granted Plaintiff Baron's Motion for Equitable Tolling, and denied one of Defendants' Motions to Strike.  (Doc. No. 122.)

There are currently nine (9) motions that remain pending in this action.  This Memorandum Opinion & Order addresses one of these motions, i.e., Defendants' Motion pursuant to Fed. R. Civ. P. 37(c)(2) to Deem Certain Requests for Admission Admitted and for Reasonable Attorney Fees, and related briefing.  (Doc. Nos. 101, 104, 112.)  The Court will address the remaining motions in separate Opinions, to be issued in the coming weeks.

## II.    Legal Standard

Federal Rule of Civil Procedure 36(a) provides, in relevant part, as follows:

**(1) Scope**. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

    (A) facts, the application of law to fact, or opinions about either; and

4

(B) the genuineness of any described documents.

\*\*\*

**(4) Answer**. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a).  As the Sixth Circuit has explained, Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy."  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  *See also T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y.1997) ("The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."); *JP Morgan Chase Bank, NA v. Winget,* 2014 WL 4926242 at \*3 (E.D. Mich. Oct. 1, 2014) ("The purpose of the rule 'is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided.'") (quoting *Metro. Life Ins. Co. v. Carr*, 169 F. Supp. 377, 378 (D.Md.1959)); *Honeycutt v. First Federal Bank*, 2003 WL 1054235 at \* 1 (W.D. Tenn. March 5, 2003) ("A request for admissions 'should be confined to facts that are not in material dispute.'") (quoting *United States v. Watchmakers of Switzerland Info. Cent., Inc*., 25 F.R.D. 197, 201 (S.D.N.Y. 1959)).

Under Rule 36, "[t]he propounding party bears the burden of setting forth simple and direct [Requests for Admissions] that 'can be answered with a simple admit or deny without an explanation,'

though qualifications or explanations for the purpose of clarifying a response are permitted." *Piskura v. Taser Intern.*, 2011 WL 6130814 at * 1 (S.D. Ohio Nov. 7, 2011) (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y.2003)) *adopted by* 2011 WL 6122756 (S.D. Ohio Dec. 8, 2011).  *See also Advantage Industrial Systems, LLC v. Aleris Rolled Products, Inc.,* 2020 WL 4432415 at * 14 (W.D. Ky. July 31, 2020) (same).  Courts have held that there are five types of response that can be made to a Request for Admission: "(1) an unqualified admission; (2) an unqualified denial; (3) a statement that the respondent has conducted a reasonable investigation into the substance of the request but that the information known or readily available to him or her is nonetheless insufficient to enable him or her to admit or deny the request;[2] (4) a qualified admission which explains the need for and substance of the qualification or explanation; and (5) an objection to the request."  *Moore v. Rees*, 2007 WL 1035013 at * 13 (E.D. Ky. March 30, 2007).[3]  *See also Petro v. Jones*, 2014 WL 970113 at * 3 (E.D. Ky. March 12, 2014) (same). "When a party wishes to object to a request for admission, it must state the grounds for objection." *Old Reliable Wholesale, Inc. v.*

---

[2] As noted in the Rule, "an answering party may assert lack of knowledge or information as a reason for failing to admit or deny" but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36 (emphasis added). "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price*, 174 F.R.D. at 43. *See also Petro v. Jones*, 2014 WL 970113 at * 3 (E.D. Ky. March 12, 2014).  The "rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." Fed. R. Civ. P. 36, Advisory Committee Notes to 1970 Amendment.  "Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control.'" *Piskura*, 2011 WL 6130814 at * 4 (quoting *T. Rowe Price*, 174 F.R.D. at 43.)

[3] Some courts have further held that: "[U]nder Federal Rules of Civil Procedure 36 and 37, only the propriety of the fourth and fifth type of response may be challenged prior to trial under Rule 36(a); the appropriateness of the second and third type of response may only be assessed through a post-trial motion for expenses under Rule 37(c)(2)." *Moore*, 2007 WL 1035013 at * 13.  *See also Petro,* 2014 WL 970113 at * 4 (same); *Taylor v. Countrywide Home Loans*, 2009 WL 1913417 at * 3 (E.D. Mich. June 30, 2009) ("In the Court's view, plaintiffs' motion is premature. Plaintiffs' remedy, should it ultimately prove that the matters in their requests for admission are true, is to move for expenses incurred in making that proof . . . Such a motion should be made after trial, should plaintiffs prevail on these issues at trial."); *Old Reliable*, 2008 WL 2323777 at * 3 (declining to decide appropriateness of sanctions under Rule 37(c)(2) until after trial).  Here, Plaintiffs do not argue that Defendants' Motion is premature and, therefore, the Court does not consider this issue.

*Cornell Corp.*, 2008 WL 2323777 at *1 (N.D. Ohio June 4, 2008) (citing Fed. R. Civ. P. 36(a)(5)). *See also Hammock v. Rogers*, 2018 WL 3374053 at * 1 (N.D. Ohio July 10, 2018).

"Requests for admission may relate to [facts and] the application of law to fact." *Petroff-Kline*, 557 F.3d at 293. However, "[s]uch requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule." *Id.* "Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." *Id.* (citing 7 Moore's Federal Practice § 36.108 at 36–26 (3d ed. 2008)). *See also Brandon v. County of Muskingum,* 2017 WL 4985515 at * 2 (S.D. Ohio Nov. 2, 2017) (same); *Reichenbach v. City of Columbus*, 2006 WL 143552 at * 2 (S.D. Ohio Jan. 19, 2006) ("However, 'a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate.'") (quoting *Lakehead Pipeline Company, Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997)). "The distinction between the application of law to fact and a legal conclusion is, unfortunately, 'not always easy to draw.'" *Perez v. KDE Equine, Inc.*, 2017 WL 56616 at * 9 (W.D. Ky. Jan. 4, 2017) (quoting *Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015) (quoting *Benson Tower Condominium Owners Assoc. v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D. Ore. 2015)).

"'Parties are not required to admit or deny requests that consist of statements that are vague or ambiguous.'" *Moore,* 2007 WL 1035013 at * 13 (quoting 7 Moore's Federal Practice Civil § 36.10[6]). "While Rule 36 expressly contemplates that a responding party may qualify its answer to address any ambiguity introduced by the proponent's statement to be admitted or denied, this should be the exception and not the rule, and responses need not be required where the requests are replete with such deficiencies." *Id.* (citing *Diederich v. Department of the Army*, 132 F.R.D. 614, 619

7

(S.D.N.Y.1990)).  *See also Honeycutt*, 2003 WL 105423 at * 1 (finding that "statements 'in which one part of the question could be readily answered yes or no, whereas the remainder of the question require[s] explanation,' are properly objectionable") (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 46 (D. Pa. 1960)).

District courts have substantial discretion to determine the propriety of each request for admission and the sufficiency of the responses thereto.  *See e.g., Advantage Industrial Systems*, 2020 WL 4432415 at * 14.  Under Rule 36(a)(6), "[u]nless the court finds an objection [to a Request for Admission] justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).  "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  *Id*.  In addition, Rule 37(c)(2) operates as an enforcement mechanism for Rule 36, providing for sanctions as follows:

> **(2) Failure to Admit**. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).  "Rule 37 requires the district court to impose sanctions if the non-moving party's conduct does not fall into one of the subsection (c)(2) safe harbors."  *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1075 (6th Cir. 2014).  *See also McCarthy v. Ameritech Publishing, Inc.*, 763 F.3d 488, 492 (6th Cir. 2014).

8

### III.    Analysis

During discovery, Defendants propounded their First Set of Requests for Admissions on named Plaintiffs Baron and Stephenson, as well as the twenty-two (22) opt-in Plaintiffs.[4]  At issue in the present Motion are Plaintiffs' responses to Requests for Admissions Nos. 3 through 10, 17, and 18.  (Doc. No. 101 at pp. 8-10.)  As the parties acknowledge, each of the Plaintiffs' responses to these Requests for Admission are identical.

With regard to Requests for Admission ("RFAs") 3 through 10, each of the Plaintiffs' responses begin with an objection on the basis of relevancy.  Specifically, Plaintiffs' responses to RFAs 3 through 10 each object that "[t]his matter is irrelevant" because "[o]nly salaried employees are subject to any Fair Labor Standards Act or Ohio law exemption  . . . and all current opt-ins to this case were hourly employees."  (*Id*.)  After stating this general objection, Plaintiffs respond to Requests Nos. 3 through 10 as follows:

**REQUEST FOR ADMISSION NO. 3**

Admit that your primary duties with Family Solutions involved non-manual work.

**ANSWER**: ***

Without waiver of objections, Plaintiff responds as follows.  Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  [Plaintiff] performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 4**

Admit that your primary duties with Family Solutions involved office work.

---

[4] Defendants do not indicate when they served their First Set of Requests for Admissions on Plaintiffs.  Further, while Defendants provide copies of the Plaintiffs' responses to the First Set of Requests for Admissions (dated August 20, 2020), Defendants do not provide this Court with a copy of the Defendants' First Set of Requests themselves, which would have indicated the date the requests were propounded.

9

**ANSWER**: \*\*\*

Without waiver of objections, Plaintiff responds as follows. Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards act is a legal question and determination, not a fact.  [Plaintiff] performed behavioral health treatment and supportive duties, primarily outside of an office setting.

**REQUEST FOR ADMISSION NO. 5**

Admit that your primary duties with Family Solutions directly related to the general operations of Family Solutions.

**ANSWER**: \*\*\*

Without waiver of objections, Plaintiff responds as follows.  Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  [Plaintiff] performed behavioral health treatment and supportive duties and was not involved in the general operations of Family Solutions.

**REQUEST FOR ADMISSION NO. 6**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's customers.

**ANSWER**: \*\*\*

Without waiver of objections, Plaintiff responds as follows. Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  [Plaintiff] performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 7**

Admit that your primary duties with Family Solutions directly related to the treatment of Family Solution's patients.

**ANSWER:** \*\*\*

Without waiver of objections, Plaintiff responds as follows. Plaintiff cannot accurately admit or deny.  Application of the "primary duty test" under the Fair Labor Standards Act is a legal question and determination, not a fact.  [Plaintiff] performed behavioral health treatment and supportive duties.

**REQUEST FOR ADMISSION NO. 8**

Admit that you exercised discretion and independent judgment when you treated patients while employed by Family Solutions.

**ANSWER:  \*\*\***

Without waiver of objections, Plaintiff responds as follows.  Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, some also provided counseling services.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "discretion" or "independent judgment" within the meaning of wage-and-hour laws is a legal question and determination, not a fact.

**REQUEST FOR ADMISSION NO. 9**

Admit that treating patients is Family Solution's business.

**ANSWER: \*\*\***

Without waiver of objections, Plaintiff responds as follows.  Plaintiff cannot truthfully admit or deny what "is Family Solutions' business."  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients, and licensed providers also provided counseling services.

**REQUEST FOR ADMISSION NO. 10**

Admit that treating patients is a matter of significance.

**ANSWER: \*\*\***

Without waiver of objections, Plaintiff responds as follows. Plaintiff cannot truthfully admit or deny.  Plaintiff provided "Community Psychiatric Supportive Treatment" ("CPST") for Family Solutions' clients.  Such work involved a variety of services that complement mental health counseling/therapy.  Examples of CPST services include needs assessment, links to community resources, symptom monitoring, education, and help with practicing the skills introduced in counseling sessions.  Plaintiff's provision of those services was governed by Family Solutions' policies and guidelines and subject to governmental regulations.  Whether such services involved "treating

11

patients" within the meaning of wage-and-hour laws, and whether "treating patients" is "a matter of significance," are legal questions and determinations, not facts.

(Doc. No. 101-1 at PageID#s 2354-2357.)  RFAs 17 and 18, and Plaintiffs' responses thereto (in their entirety), are as follows:

> **REQUEST FOR ADMISSION NO. 17**
>
> Admit that the patient load for the QMHS position was different for each employee who held the QMHS position.
>
> **ANSWER**:
>
> Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.
>
> **REQUEST FOR ADMISSION NO. 18**
>
> Admit that the travel schedule was different for every employee who held the QMHS position.
>
> **ANSWER:**
>
> Plaintiff cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files.

(*Id*. at PageID# 2360-2361.)

In their Motion, Defendants argue that the above RFAs should be deemed admitted pursuant to Fed. R. Civ. P. 37(c)(2) because "each of the admission requests set forth above have been proven true through discovery."  (Doc. No. 101 at p. 10.)  Specifically, Defendants maintain that representative Plaintiffs Baron and Stephenson both testified to the truth of the above Requests in deposition.  (*Id*.)  Defendants assert that "if the Plaintiffs are unable to admit or deny the above requests for admissions, the class should not move forward because the class members had vastly different employment histories with Family Solutions."  (*Id*.)  Defendants further argue that Plaintiffs

should be ordered to pay Defendants' reasonable expenses, including attorney's fees, "in making the proof to prove admissions true and filing this Motion."  (*Id.*)

Plaintiffs oppose Defendants' Motion on several grounds.  (Doc. No. 104.)  First, Plaintiffs argue that Defendants' Motion should be denied because (1) Defendants failed to certify to the Court that they made sincere, good faith efforts to resolve this dispute, in violation of Local Rule 37.1(a); and (2) the Motion was filed more than ten days after the discovery cut-off, in violation of Local Rule 37.1(b).  (*Id.* at p. 1.)  Next, Plaintiffs argue that the Motion should be denied because the Requests were all directed to Defendants' "futile" argument that Plaintiffs are exempt from the FLSA under the "bona fide administrative exemption."[5]  (*Id.* at pp. 2-3.)  Plaintiffs then assert that they properly objected to the Requests on the grounds that the Requests seek legal conclusions rather than facts.  (*Id.* at pp. 3-4.)  Plaintiffs further argue that their responses are "valid and proper" because they stated, in detail, why Plaintiffs could not truthfully admit or deny.  (*Id.*)  Finally, Plaintiffs argue that their responses are "substantively harmonious" with the deposition testimony of Plaintiffs Baron and Stephenson.  (*Id.* at pp. 6-8.)

In reply, Defendants argue that Local Rule 37.1 does not apply, asserting that "many motions under Rule 37(c) are filed long after the discovery cut-off date has passed because the motion is

---

[5] The FLSA requires employers to pay their employees overtime for work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1).  This provision, however, does not apply to individuals "employed in a bona fide ... administrative ... capacity." 29 U.S.C. § 213(a)(1).  An employee working in a "bona fide administrative capacity" is someone: (1) who is compensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 C.F.R. § 541.200(a).  *See also Lutz v. Huntington Bancshares, Inc.*, 815 F.3d 988, 992 (6th Cir. 2016); *Foster v. Nationwide Mut. Ins. Co.*, 710 F.3d 640, 642 (6th Cir.2013). An employee who satisfies all three elements falls within this "administrative exemption." *See Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 ("Renfro II") (6th Cir.2007) (holding that an employer must establish all three elements of the defense with regard to its employees in order to prevail).  The employer bears the burden of proving each element by a preponderance of the evidence. *Renfro II,* 497 F.3d at 575–577.

13

dependent upon a party 'later prov[ing] a document to be genuine or the matter true.'" (Doc. No. 112 at p. 2.)  Defendants next assert that their Requests do not seek legal conclusions but, rather, seek "basic facts" that will determine whether the administrative exemption is applicable to the QMHS position.  (*Id.* at pp. 3-4.)  Defendants argue that Plaintiffs' responses are inadequate and fail to comply with Rule 36.  (*Id.* at pp. 4-5.)  Finally, Defendants again assert that Plaintiffs' responses are directly contrary to Baron and Stephenson's deposition testimony and argue that "[h]ad Baron and the proposed class rightfully admitted [Defendants'] requests, this Court most certainly would not certify a class."  (*Id.* at p. 7.)

As an initial matter, the Court rejects Plaintiffs' argument that Defendants' Motion should be denied on the grounds that Defendants failed to comply with Local Rule 37.1.  Local Rule 37.1(b) states that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date."  The Court finds this Rule is not applicable to the instant Motion.  Defendants are not asking the Court to compel Plaintiffs to provide amended responses to the Requests for Admissions at issue.  Nor are Defendants otherwise seeking any further discovery relating to those Requests.  Rather, Defendants ask this Court to deem the relevant Requests for Admissions admitted on the grounds that Plaintiffs' responses are directly contrary to Plaintiffs' own deposition testimony.

Under these circumstances, the Court finds that the instant Motion is not foreclosed by the fact that it was filed ten days after the close of fact discovery.  Indeed, as Defendants correctly note, motions seeking relief under Rule 37(c)(2) are often filed well after the discovery deadline because the motion is dependent upon a party "later prov[ing] a document to be genuine or the matter true." *See, e.g., Yoder & Frey Auctioneers, Inc.*, 774 F.3d at 1074 (affirming district court's award of

14

sanctions on a post-trial motion for Rule 37 sanctions for improperly denying five requests for admission during discovery).  Moreover, although it is always preferable for parties to attempt to resolve disputes without court intervention, the Court is not inclined to deny the instant Motion on the grounds that Defendants failed to first meet and confer.[6]

Turning to the merits, the Court finds as follows.  With regard to RFAs 3 through 7, Plaintiffs responded that they could "not accurately admit or deny" these Requests because "[a]pplication of the 'primary duty test' under Fair Labor Standards Act is a legal question and determination, not a fact."  *See, e.g.* Doc. No. 101-1 at PageID#s 2354-2357.)  Although not precisely stated as such, the Court interprets Plaintiffs' responses as objecting on the grounds that RFAs 3 through 7 improperly seek only legal conclusions.  For the following reasons, the Court agrees with Plaintiffs.

As noted *supra*, the FLSA's overtime provision does not apply to individuals "employed in a bona fide ... administrative ... capacity."  29 U.S.C. § 213(a)(1).  An employee working in a "bona fide administrative capacity" is someone: (1) who is compensated on a salary or fee basis at a rate of not less than $684 per week; (2) whose **primary duty** is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose **primary duty** includes the exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 C.F.R. § 541.200(a) (emphasis added).  *See also Lutz*, 815 F.3d at 992; *Foster*, 710 F.3d at 642.  The term "primary duty" is a term of art.  It is defined in the FLSA's implementing regulations as "the principal, main, major, or most

---

[6]  Local Rule 37.1(a) provides that:  "Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes."  Plaintiffs do not cite any cases from this District in which a motion to deem requests for admissions admitted was denied for failure to comply with Local Rule 37.1(a).

important duty that the employee performs."  29 C.F.R. § 541.700(a).  As the regulations explain, "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole."  *Id.  See also Burton v. Appriss, Inc*., 682 Fed. Appx. 423, 427 (6th Cir. 2017).

RFAs 3 through 7 ask Plaintiffs to admit that their "primary duties" fall within the second element of the administrative exemption to the FLSA; i.e., that their "primary duties" (1) involved "non-manual" and "office work" (RFAs 3 and 4); and (2) are directly related to the "general operations" of Family Solutions (RFA 5) and/or the treatment of Family Solution's customers (RFA 6) and patients (RFA 7).  Each of these Requests focuses exclusively on legal questions that are central to the instant lawsuit and hotly disputed in the parties' summary judgment briefing.  Indeed, Defendants' assertion that these Requests seek "basic facts" is disingenuous in light of the very particular legal meaning accorded the term "primary duty" in 29 C.F.R. § 541.700(a).  To the contrary, the Requests at issue do not seek factual information but, rather, closely track the regulatory language relating to the administrative exemption and seek only legal conclusions relating thereto.

Faced with similar circumstances, courts have not hesitated to find requests for admissions seeking legal conclusions to be improper.  *See, e.g., Perez v. KDE Equine, LLC*, 2017 WL 56616 at * 9 (W.D. Ky. Jan. 4, 2017) (in FLSA case, finding that RFAs asking defendant to admit that it constituted an "enterprise engaged in commerce" and that its employees "handled goods that had been moved in commerce" under the relevant regulations, were improper requests for legal conclusions); *Schmalz, Inc. v. Better Vacuum Cups*, 2017 WL 3301326 at * 3 (E. D. Mich. July 14, 2017) (in patent case, finding that RFAs seeking admission that patented products are sold "with restriction" and "without restriction" were improper because they sought legal conclusions); *Great*

16

*Northern Ins. Co. v. Altmans Products, LLC,* 2008 WL 3852168 at * 2 (E.D. Mich. Aug. 18, 2008) (finding RFAs that asked plaintiff to admit that "[defendant] did not cause the subject incident," "the faucet was negligently and/or incorrectly installed;" and "subrogors or others misused or abused the faucet" improper under Rule 36 because the "substantive issue in each Request for Admission is a legal conclusion"); *Reichenbach v. City of Columbus,* 2006 WL 143552 at * 2 (S.D. Ohio Jan. 19, 2006) (in disability discrimination case, finding that RFAs asking defendant to admit that a curb ramp was not compliant with current federal accessibility design standards were "properly objectionable because they focus exclusively on legal questions and contain no factual components"). Accordingly, the Court finds that RFAs 3 through 7 are properly objectionable because they exclusively seek legal conclusions relating to the FLSA's "administrative exemption."  Defendants' request to deem RFAs 3 through 7 admitted is denied.

The Court reaches the same conclusion with respect to RFA 8.  This Request asked Plaintiffs to admit that they exercised "discretion and independent judgment" when they treated patients while employed by Family Solutions.  Plaintiffs responded that they could "not accurately admit or deny" this Request because "whether such services involved 'discretion' or 'independent judgment' within the meaning of wage-and-hour laws is a legal question and determination, not a fact."  *See, e.g.* Doc. No. 101-1 at PageID# 2357.  Again, although not precisely stated as such, the Court interprets Plaintiffs' responses as objecting on the grounds that RFA 8 improperly seeks only legal conclusions.

The Court agrees.  Like the term "primary duty," the phrase "exercise of discretion and independent judgment" is defined by the FLSA's implementing regulations.  *See* 29 C.F.R.

541.202(a).[7]   Indeed, the exercise of "discretion and independent judgment" is one of the central components of the third element of the administrative exemption set forth in 29 C.F.R. § 541.200(a). RFA 8 tracks this language and asks Plaintiffs to admit that they "exercised discretion and independent judgment" and, therefore, fall within the exemption.  For the same reasons discussed *supra* in connection with RFAs 3 through 7, the Court finds that RFA 8 does not seek factual information but, rather, exclusively seeks legal conclusions relating to the FLSA's administrative exemption.  Defendants' request to deem RFA 8 admitted is denied.

RFA 10 asks Plaintiffs to admit that "treating patients is a matter of significance."  *See, e.g.,* Doc. No. 101-1 at PageID#2357.  Plaintiffs responded that they could "not accurately admit or deny" this Request because (among other things) "whether 'treating patients' is a 'matter of significance' within the meaning of wage-and-hour laws [is a] legal question[] and determination[], not [a] fact[]." *Id.* at PageID#2358.  The Court interprets Plaintiffs' responses as objecting on the grounds that RFA 10 improperly seeks only a legal conclusion.  Once again, the Court agrees with Plaintiffs.  The term

---

[7] A lengthy and detailed explanation of the term "discretion and independent judgment" is set forth in 29 C.F.R. § 541.202. Section 541.202(a) provides that: "to qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term 'matters of significance' refers to the level of importance or consequence of the work performed."  29 C.F.R. § 541.202(a).  Section 541.202(b) goes on to explain that: "The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances." 29 C.F.R. § 541.202(b).  Further discussion of the meaning of this phrase is set forth, at length, in §§ 541.202(c) through (f).

"matter of significance" is drawn directly from the third element of the administrative exemption set forth in 29 C.F.R. § 541.200(a).  As explained in 29 C.F.R. § 541.202(a), "the term 'matters of significance' refers to the level of importance or consequence of the work performed."  For the same reasons discussed *supra* in connection with RFA 8, the Court finds that RFA 10 does not seek factual information but, rather, closely tracks the regulatory language relating to the third element of the administrative exemption and exclusively seeks legal conclusions relating thereto.  Defendants' request to deem RFA 10 admitted is, therefore, denied.

Lastly, the Court turns to RFAs 9, 17, and 18.  Unlike the RFAs discussed above, these RFAs do not seek legal conclusions.  Rather, RFA 9 asked Plaintiffs to admit that "treating patients is Family Solution's business."  *See, e.g.*, Doc. No. 101-1 at PageID#2357.  Plaintiffs responded that they "cannot truthfully admit or deny what 'is Family Solutions' business.'"  *Id*.  Plaintiffs further responded that they "provided 'Community Psychiatric Supportive Treatment' ('CPST') for Family Solutions' clients, and licensed providers also provided counseling services."  *Id.*  Upon review, the Court finds that Defendants have failed to demonstrate that Plaintiffs' response is inappropriate. Plaintiffs explained that they could not truthfully admit or deny the nature of *Defendants'* business but did provide an explanation regarding their role in Defendants' business.  Defendants' request to deem RFA 9 admitted is without merit and denied.

RFA 17 asked Plaintiffs to admit "that the patient load for the QMHS position was different for each employee who held the QMHS position."  *See, e.g*., Doc. No. 101-1 at PageID#2360.  RFA 18 asked Plaintiffs to admit that "the travel schedule was different for every employee who held the QMHS position."  *Id*.  In response to both of these RFAs, Plaintiffs responded as follows: "Plaintiff

cannot accurately admit or deny.  Clients and schedules varied over time for all QMHSs.  They are a matter of record in Family Solutions' files." *Id*.

Defendants direct this Court's attention to the following deposition testimony of representative Plaintiff Baron, which Defendants claim is "directly contrary" to the above Responses:

> Q.      Okay.  So it sounds like the patient load is different for each QMHS depending on how long they've been there and how well they're performing?
>
> A.      Yes. Yeah, I mean I -- yeah, that's right.
>
> Q.      Okay. And then I'm assuming the travel schedule would be different for each QMHS because they're dealing with different patients?
>
> A.      Yes.

(Deposition of Melanie Baron (Doc. No. 113-1) at Tr. 52.)  *See also* Doc. No. 101 at p. 3; Doc. No. 112 at pp. 6-7.

The Court disagrees with Defendants that Plaintiff Baron's deposition testimony is "directly contrary" to Plaintiffs' responses to RFAs 17 and 18.  Although Plaintiffs responded that they "could not truthfully admit or deny" these RFAs, their Responses to these RFAs essentially acknowledge that the patient load and travel schedule for each QMHS are, in fact, different for each QMHS. Specifically, as noted above, Plaintiffs' responses to these RFAs expressly indicate that "clients and schedules varied over time for all QMHSs."  While the Court questions why Plaintiffs could not have simply and clearly stated that these RFAs are admitted, the Court construes Plaintiffs' responses that "clients and schedules varied over time for all QMHSs" as a *de facto* admission of RFAs 17 and 18.

Accordingly, Defendants' Motion to Deem RFAs 17 and 18 admitted is granted insofar as the Court construes Plaintiffs' Responses to these RFAs to be admissions.[8]

For the following reasons, however, the Court will not impose sanctions under Rule 37(c)(2). Although Defendants' Motion is granted with respect to RFAs 17 and 18, the majority of the remaining RFAs at issue (i.e., RFAs 3, 4, 5, 6, 7, 8, 10) were clearly inappropriate Requests that were designed to elicit legal conclusions. Plaintiffs properly objected to these RFAs and were improperly forced to incur the expense of opposing Defendants' Motion with regard to eight of the ten RFAs at issue therein. Moreover, while Plaintiffs should have clearly admitted RFAs 17 and 18, they did state in their Responses that "clients and schedules varied over time for all QMHSs," which (as noted above) the Court construes as a *de facto* admission of these RFAs. Under these very particular circumstances, the Court is not persuaded that sanctions are required under Rule 37(c)(2).

## IV.   Conclusion

Accordingly, and for all the foregoing reasons, Defendants' Motion to Deem Admitted and for Attorney Fees (Doc. No. 101) is GRANTED IN PART and DENIED IN PART, as follows. Defendants' Motion to Deem RFAs 3 through 10 is DENIED. Defendants' Motion to Deem RFAs

---

[8] Defendants argue that, if some or all of the RFAs at issue are deemed admitted, the Court should decertify the FLSA conditional class. The Court will not consider, at this time, whether the FLSA conditional class should be decertified. The issue of decertification will be decided if and when a Motion for Decertification is filed and fully briefed.

17 and 18 is GRANTED insofar as the Court construes Plaintiffs' Responses to these RFAs to be admissions.  Defendants' request for Attorney Fees is DENIED.

   **IT IS SO ORDERED.**



           *s/Pamela A. Barker*
           PAMELA A. BARKER
Date:  February 22, 2021       U. S. DISTRICT JUDGE