IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al. | : | |
| | : | CASE NO. 1:18-cv-02017-PAB |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE PAMELA A. BARKER |
| | : | |
| FAMILY SOLUTIONS OF OHIO, INC., et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL
DISCOVERY ON THE RULE 23 CLASS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's Order of January 31, 2022, Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants") respectfully move this Court for an order requiring the Plaintiffs Jamal Stephenson and Melanie Vilk Baron (collectively, "Plaintiffs") to permit discovery into the claims of the absent class members.

The Rule 23 class significantly changed the claims, number of class members, and type of class member involved in this litigation. Due to the Rule 23 expansion of this case, Defendants have appealed to the Sixth Circuit Court of Appeals and filed a Motion for Certification to file Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b). As to the District Court proceedings on the Rule 23 class, this Court limited discovery to twenty randomly selected Rule 23 class members and both parties served discovery requests. In order to verify that the twenty randomly selected class members provided Defendants with discovery into each aspect of the Rule 23 class, the Parties ultimately agreed to select the twenty class members based on location where they worked and dates of employment.

Following the selection of the random class, both Parties served written discovery without objection. In fact, Plaintiffs have responded to the written discovery. This Motion arises because Defendants have requested to take short depositions on the claims and employment histories relating to the claims of the twenty randomly selected class members. The depositions will take no longer than two hours each and will be conducted via zoom.

Due to the new claims, vastly different class members than the FLSA class, and the lack of any discovery into the Rule 23 issues, the attached Memorandum in Support demonstrates that all of the factors supporting such discovery have been met. *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No. 3:09-00882, 2012 U.S. Dist. LEXIS 145807 *7-8 (M.D. Tenn. Oct. 10, 2012). Accordingly, this Court should order Plaintiffs to respond to Defendants' interrogatory requests, document requests and notices of deposition.

This Motion is supported by a brief Memorandum in Support filed separately.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants") seek an order from this Court ordering Plaintiffs Jamal Stephenson and Melanie Vilk Baron (collectively, "Plaintiffs") to respond to Defendants' interrogatory requests, document requests and notices of deposition. Plaintiffs have already agreed to respond to interrogatory requests and document requests.

This Motion addresses Defendants' request to conduct two hour or less depositions of the twenty randomly selected Rule 23 class members. It is Defendants' position that Plaintiffs have already agreed to these depositions. However, even with no agreement, Defendants meet the standard for Rule 23 class depositions set forth in *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No. 3:09-00882, 2012 U.S. Dist. LEXIS 145807 *7-8 (M.D. Tenn. Oct. 10, 2012). Specifically, the depositions are permitted if Defendants make a "strong showing" that the information sought "(1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *Id.* (*citing McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D.Conn. 1995)). Accordingly, Defendants' Motion to Compel should be granted and Plaintiffs should be ordered to permit the two hour, zoom depositions of each of the twenty, randomly selected Rule 23 class members.

II. **PROCEDURAL HISTORY**

Prior to the Court's ruling granting Rule 23 certification, this case involved two named Plaintiffs and 28 opt-ins. (ECF# 142, Page Id. 4714). Only 28 opt-ins resulted from two separate

4869-4550-0172.1                        3

notices sent more than one year apart. (ECF# 116). Class notices were sent twice – once via email and once via mail. Discovery into the claims and facts of the 30 individuals concluded in August 2020.

On April 5, 2021, the Rule 23 class motion was granted. The Rule 23 class assert the following five state claims: (1) violations of the Ohio Fair Minimum Wage Amendment ("OFMWA"), Ohio Constitution, art. II, § 34a; (2) violations of Ohio's overtime compensation statute, Ohio Rev. Code § 4111.03; (3) violations of the OFMWA's record-keeping requirement; (4) breach of contract; and (5) unjust enrichment. (ECF# 143, pgs. 12-13).

In addition to the new claims, the Rule 23 class is much broader than the claims that have been subject to discovery in the FLSA class action: "All employees who worked in Ohio as QMHS's for Defendant Family Solutions of Ohio during the period three years preceding the commencement of this action to the present." (ECF# 146, pg. 46). This order expanded the class definition by more than two years. Family Solutions had different pay policies and procedures in these years than during the FLSA class period.

Due to the Rule 23 Order, the class expanded by more than a hundred class members. Many of these new class members worked for Family Solutions on dates that are prior to or after the range of employees subject to discovery in the FLSA opt-in class.

### III. <u>DISCOVERY INTO THE RULE 23 CLASS</u>

Defendants never agreed to limited discovery into the Rule 23 class. As set forth above, the Rule 23 class includes employees who worked during time periods that have never been subject to discovery. In addition, there are new claims at issue in the Rule 23 class. Finally, and

most importantly, it is now evident that Plaintiffs' expert has relied on subjective opinions of class members in providing the expert opinion.[1]

Defendants do not believe that discovery into only twenty of the Rule 23 class members is sufficient. However, in order to try and have a randomly selected class that provides Defendants with the best opportunity to conduct discovery into all facets of the Rule 23 class, Defendant pushed to conduct discovery into class members from certain offices and time periods. Defendants successfully pushed, with the assistance of this Court, to randomly select the twenty class members from sub-groups of the class. Defendants need individualized discovery from each of these randomly selected class members in order to properly evaluate the class for future motions.

Defendants have served written discovery on each of the randomly selected class members. Plaintiffs served responses to the admission requests and some of the interrogatories and document requests. Plaintiffs never objected to the written discovery and this Court should order that the written discovery continue. Defendants assume that Plaintiffs are continuing to abide by their agreement on written discovery.

As to depositions, Defendants seek short depositions in order to get individualized factual information relating to the Rule 23 claims and whether a class is appropriate. Defendants' counsel raised deposing the twenty class members over the summer prior to the two mediations held in this matter. At that time, it was agreed that the depositions could take place, but Plaintiffs' counsel wanted the depositions to be short and focused on only the wage and hour facts at issue in the Rule 23 class. Defendants' counsel agreed to this request. Defendants

---

[1] This Court needs to address whether the Plaintiffs' expert is permitted to interview Rule 23 class members outside of the twenty randomly selected class members. If Defendants are not permitted to conduct discovery into these non-twenty class members, the expert should not be permitted to base his expert opinion on evidence given to him by these non-twenty class members.

recently followed up on the deposition request and Plaintiffs' counsel now objects to the depositions.

Despite the objection, the depositions are appropriate and consistent with the Federal Rules of Civil Procedure. Specifically, Defendants meet the standard for Rule 23 class depositions set forth in *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No. 3:09-00882, 2012 U.S. Dist. LEXIS 145807 *7-8 (M.D. Tenn. Oct. 10, 2012). Under the *Garden City* standard depositions are permitted if Defendants make a "strong showing" that the information sought "(1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *Id.* (*citing McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D.Conn. 1995)).

Numerous federal courts have permitted depositions to be conducted of Rule 23 class members. *Indergit v. Rite Aid Corp.*, Case No. 08 Civ. 9361 (JPO) (HBP), 2015 U.S. Dist. LEXIS *10 160355 (S.D.N.Y Nov. 30, 2015) (For the foregoing reasons, defendants' application to take the depositions of eight class members from the entire New York class of over 1,700 store managers is granted); *Kaas v. Pratt & Whitney*, 1991 U.S. Dist. LEXIS 11177, No. 89-8343-CIV-PAINE, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (approximately 100 class members, court ordered entire class could be deposed); *Rosen v. Reckitt & Colman, Inc.*, 1994 U.S. Dist. LEXIS 16511, No. 91 CIV. 1675 (LMM), 1994 WL 652534, at *3, *12 (S.D.N.Y. Nov. 17, 1994)  (50 class members, court ordered entire class could be deposed); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995) (Further, the Court finds it appropriate for defendants to take the depositions of the 14 consent signers whose depositions are sought. The Court also finds it appropriate for defendants to conduct damages discovery on all of the

members of the ADEA, HRL and ERISA classes by means of interrogatories and document requests, or alternatively by questionnaire in the form submitted by defendants").

All three *Garden City* factors are present in this matter. First, the information sought is for a legitimate purpose. Defendants have shortened the depositions and will agree to only address the Rule 23 claims and the facts relating to whether a class action is appropriate for the Rule 23 class. There is no harassment in this matter – Plaintiffs have recognized the need for discovery into the Rule 23 class and have already agreed to written discovery. In addition, the depositions are directly relevant to common questions and unavailable from the representative parties. The two Plaintiffs worked in different offices and during different timeframes than many of the Rule 23 class members. Moreover, Plaintiff's expert is relying on subjective opinions of the class members and Defendants most certainly should get direct access to these subjective opinions in order to effectively cross-examine Plaintiffs' expert witness on damages.

Finally, the information sought through the depositions is necessary at trial. The alleged hours worked, alleged contracts for the payment of wages, amounts paid to the class members, training on time reporting, and time sheets are all highly relevant to the trial of this matter. Accordingly, the short depositions will provide sworn testimony that will be utilized by Defendants and Plaintiffs at trial and in pre-trial motions.

Accordingly, based on the expansion of the Rule 23 class and the facts set forth herein, Defendants meet the *Garden City* factors and Plaintiffs should be ordered to permit Defendants to conduct twenty, two hour zoom depositions of the twenty randomly selected Rule 23 class members.

## IV. <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, this Court should order Plaintiffs to respond to Defendants' interrogatory requests, document requests and notices of deposition.

Respectfully submitted,

<u>/s/ David A. Campbell</u>
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of February, 2022, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

                                                   */s/ David A. Campbell*
                                                   David A. Campbell (0066494)

                                                   *One of the Attorneys for Defendants*