## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

Jamal Stephenson, *et al.,*           Case No. 1:18cv2017
On behalf of himself and
All others similarly situated,

                      **Plaintiffs,**      **JUDGE PAMELA A. BARKER**

       **-vs-**

Family Solutions of Ohio, Inc.,      **MEMORANDUM OPINION AND**
*et al.,*                             **ORDER**

                 **Defendants**

Currently pending is Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith's Motion to Compel.  (Doc. No. 174.)  Plaintiffs filed a Brief in Opposition on February 9, 2022, to which Defendants replied on February 11, 2022.  (Doc. Nos. 176, 177.)  For the following reasons, Defendants' Motion (Doc. No. 174) is DENIED.

## I.    Relevant Background[1]

### A.    Initial Pleadings and Conditional Certification of FLSA Collective Action

On September 4, 2018, Plaintiff Alicia Arends filed a Complaint in this Court on behalf of herself and all others similarly situated against Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (hereinafter "Defendants").  (Doc. No. 1.) Therein, Plaintiff asserted that she and the putative class members were employed by Defendants as Qualified Mental Health Specialists ("QMHS") and that Defendants had failed to pay them for time

---

[1] The Court has set forth the factual and procedural background on this matter in several lengthy Memorandum Opinions & Orders.  *See* Doc. Nos. 137, 143, 172, 175.  The Court presumes familiarity with these Opinions.

worked that was not billable to Medicaid or other health insurance. (*Id.*) Plaintiff alleged the following six claims for relief: (1) violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Count One); (2) violations of the Ohio Fair Minimum Wage Amendment ("OFMWA"), Ohio Constitution, Art. II, § 34a (Count Two); (3) violations of Ohio's overtime compensation statute, Ohio Rev. Code § 4111.03 (Count Three); (4) violations of the OFMWA's record-keeping requirement (Count Four); (5) breach of contract (Count Five); and (6) unjust enrichment (Count Six). (*Id.*) Plaintiff sought conditional certification as a FLSA collective action; certification of the state law claims under Fed. R. Civ. P. 23; compensatory and punitive damages; and attorney fees and costs. (*Id.*) On March 4, 2019, Jamal Stephenson filed an Opt-In and Consent Form. (Doc. No. 12-1.)

Meanwhile, on February 28, 2019, Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice with respect to their FLSA claims. (Doc. No. 11.) Therein, Plaintiffs argued that Defendants violated the overtime provisions of the FLSA by failing to pay potential class members for necessary services such as documentation time, intra-day travel between clients, and time spent for client appointments and no-shows. (*Id.*) Plaintiffs sought conditional certification with respect to "all hourly employees who worked as providers for Family Solutions of Ohio during the three years preceding the commencement of this action to the present." (*Id.*)

On September 16, 2019, the Court issued a Memorandum Opinion & Order granting Plaintiffs' Motion for Conditional Certification with respect to all current and former employees who worked as QMHSs between September 16, 2016 and September 16, 2019. (Doc. No. 20.)

### B.     Discovery

A Case Management Conference ("CMC") was conducted on October 7, 2019, at which time the Court approved the parties' proposed Notice and set various case management deadlines, including the following: fact discovery due by July 6, 2020; dispositive motions due by August 6, 2020; initial expert report due by August 6, 2020; responsive expert report due by September 7, 2020; and all expert discovery to be completed by November 9, 2020.  (Doc. No. 25.)  The docket reflects that FLSA consent forms were filed by twenty-four (24) opt-in plaintiffs between October and December 2019.[2]  *See* Doc. Nos. 26 through 36.

On July 7, 2020, upon motion of the parties, the Court extended the fact discovery deadline to August 14, 2020.  During the course of fact discovery, Defendants took the depositions of representative Plaintiffs Jamal Stephenson and Melanie Vilk Baron. (Doc. Nos. 113-1, 115-1.) Defendants did not take the depositions of any of the other opt-in Plaintiffs. Nor did Defendants seek discovery relating to any employees or former employees who had not opted into the instant action.

After the close of fact discovery, Plaintiffs produced the report of their expert, Shane Thompson, Ph.D., to Defendants.  (Doc. No. 154-1 at PageID#s 6767-6777.)  Therein, Dr.  Thompson concluded that, between September 4, 2015 through September 29, 2019, Plaintiffs accrued a total of 16,965 hours of unpaid work derived from the following three activities: "(1) documentation time in clients' electronic health records, (2) travel time intraday from client to client, and (3) time spent on no-show appointments."  (*Id.* at PageID# 6768.)  On October 7, 2020, Dr. Thompson supplemented his Expert Report based on newly submitted information relating to several Opt-Ins.  (*Id.* at PageID#s

_____

[2] On May 5, 2020, Plaintiffs filed an Amended Class and Collective Action Complaint, designating Plaintiffs Stephenson and Melanie Vilk Baron as the representative plaintiffs. (Doc. No. 50.)  The Amended Complaint raises the same factual and class allegations and asserts the same six grounds for relief set forth in the original Complaint.  (*Id.*)

6764-6766.) Dr. Thompson's Supplemental Report includes two Revised Tables, which indicate that Dr. Thompson revised his Opinion to find that Plaintiffs had a total of 18,055.6 hours of unpaid work derived from these same three activities. (*Id*.) Plaintiffs' counsel produced Dr. Thompson's "expert file" to Defendants on November 23, 2020.

The Court conducted a telephonic status conference with lead counsel on January 8, 2021. At that time, counsel for Plaintiffs specifically asked the Court not to rule on Plaintiffs' Motion for Rule 23 Certification until after a ruling on the pending summary judgment motions. Defendants did not object. *See* Non-Document Order dated January 8, 2021. In addition, counsel for both parties sought, and the Court granted, an indefinite stay of expert discovery. *Id.*

### C.    Rulings on Summary Judgment and Rule 23 Motions

In accordance with this Court's scheduling Order, Plaintiffs filed their Motion for Rule 23 Class Certification on July 31, 2020 and Defendants timely filed Motions for Summary Judgment with respect to all claims asserted by Ms. Vilk Baron and Mr. Stephenson on September 1, 2020. (Doc. Nos. 70, 88, 89.)

On March 2, 2021, the Court issued a Memorandum Opinion & Order in which it (1) granted summary judgment as to Plaintiff Baron's and Stephenson's breach of contract claims, and (2) denied summary judgment with respect to Plaintiffs' FLSA and state law wage-and-hour claims, as well as Plaintiffs' claim for damages. (Doc. No. 137.)

Shortly thereafter, the Court ordered supplemental briefing regarding the impact of Dr. Thompson's expert report, if any, on the parties' arguments relating to Rule 23 certification. (Doc. No. 139.) The parties submitted their Supplemental Briefing on March 26, 2021. (Doc. Nos. 141, 142.) Therein, Plaintiffs argued that the same evidence supports both the Ohio claims and the FLSA

4

claims and that "negligible additional discovery" would therefore be necessary.  (Doc. No. 141 at p. 3-4.)  Plaintiffs asserted that Dr. Thompson's expert report already addressed Plaintiffs' state law claims as it pertains to both the FLSA Plaintiffs and the potential Rule 23 class members.  (*Id*. at p. 1.)  Plaintiffs stated that, at most, Dr. Thompson would need employment dates and wage rates for the additional Rule 23 class members, as well as a "small sample" of available time and pay records for between 10 and 20 employees.  (*Id*. at p. 4.)  In response, Defendants argued that damages in the instant case are highly individualized and that Dr. Thompson's expert report could not be used as a proxy for the Rule 23 Class Members.  (Doc. No. 142.)  Defendants maintained that they would need to serve written discovery on, and take the deposition of, every single FLSA and Rule 23 class member which could take "several years."  (*Id*. at p. 10.)

On April 5, 2021, the Court issued a Memorandum Opinion & Order granting in part and denying in part Plaintiffs' Motion for Rule 23 Certification of a state law class. (Doc. No. 143.) Therein, the Court began by denying Plaintiffs' Motion to the extent the putative class included hourly Therapists and a class-based breach of contract claim.  (*Id*. at pp. 13-14.)  Having thus narrowed the state law class, the Court proceeded to consider whether to exercise supplemental jurisdiction over Plaintiffs' remaining state class claims. After a lengthy analysis, the Court concluded that "considerations of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction over Plaintiffs' state law claims." (*Id*. at p. 23.)  In reaching this conclusion, the Court rejected Defendants' argument that Plaintiffs' state law claims substantially predominated over the FLSA claim because significant additional discovery would be necessary, explaining as follows:

> The Court is not persuaded that significant additional discovery regarding damages will necessarily be required.  Both the Supreme Court and the Sixth Circuit have found

that, if admissible and otherwise appropriate under the circumstances, representative evidence may be used in calculating collective and class action damages, particularly where (as here) the defendant employer failed to maintain employee time records. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1046 (2016) (in FLSA collective action and Rule 23 class action case, noting that "[i]n many cases, a representative sample is the only practicable means to collect and present relevant data establishing a defendant's liability"); *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 747-748 (6th Cir. 2019). As expert discovery is not complete, the Court is not deciding, at this time, whether Dr. Thompson's expert report will ultimately be deemed appropriate and/or admissible in this action. However, in light of the fact that Plaintiffs have come forward with representative evidence and assert that that evidence will apply equally to putative Rule 23 class members, the Court is not persuaded that certification of a Rule 23 class will necessarily require the time-consuming, years-long, individualized discovery that Defendants direly predict [footnote omitted].

(*Id.* at pp. 22-23.) The Court then considered certification of Plaintiffs' remaining state law claims under Rule 23. (*Id.* at pp. 26-45.) The Court found that each of the four Rule 23(a) factors (i.e., numerosity, commonality, typicality, and adequate representation) were satisfied and, further, that Plaintiffs had demonstrated predominance and superiority under Rule 23(b)(3). (*Id.*) The Court, therefore, granted Plaintiffs' Motion and certified the following Rule 23 class: "All employees who worked in Ohio as QMHSs for Defendant Family Solutions of Ohio during the period three years preceding the commencement of this action [i.e., September 4, 2015] to the present." (*Id.* at p. 46.)

### D. Post-Certification Discovery

Shortly after issuing its Rule 23 ruling, the Court ordered the parties to submit Status Reports addressing, among other things, "any remaining discovery that may reasonably be necessary in light of the Court's recent rulings." *See* Non-Document Order dated April 8, 2021. The parties submitted separate Status Reports to Chambers on April 8, 2021. In their Status Report, Plaintiffs indicated that "limited additional discovery prompted by the Court's certification ruling can be efficiently completed" and proposed the following:

**Class Discovery**. From the Class Roster, the parties should jointly identify a random sample of twenty class members for representative discovery. To facilitate contact, the sample should consist of class members to whom the distribution of the Notice by First Class mail and email were not returned as undeliverable. Fact discovery as to such class members will be completed by August 1, 2021.

**Specifics of Class Discovery**. Plaintiffs' limited need for class discovery was outlined in the recent briefing. Plaintiffs' Supplemental Memorandum, ECF #141, at page 4. Plaintiffs will request employment dates and wage rates for all class members. For the sample group of twenty class members, Plaintiffs will request only timekeeping and payroll records, audit trails, and progress notes with protected health information redacted.

**Dr. Shane Thompson's Supplemental Report and Deposition**. Based on the class discovery, Plaintiffs will provide any supplemental expert report from their forensic economist, Dr. Shane Thompson, by September 1, 2021. Defendants will take Dr. Thompson's deposition by October 1, 2021.

(Doc. No. 176-1 at PageID# 7001.) In Defendants' Status Report, Defendants did not indicate that they wanted or needed to conduct written discovery and/or depositions of absent Rule 23 class members. (Doc. No. 176-1 at PageID#s 7003-7005.) Rather, Defendants stated only that they needed to take the deposition of Dr. Thompson in order to determine "what information was actually relied upon in rendering [his] opinion" and "whether any additional motions need to be filed." (*Id.*)

The Court conducted a status conference with lead counsel on April 14, 2021. At no time during this conference did either party seek leave to conduct discovery of the Rule 23 class members, either in the form of written discovery requests and/or depositions. Based on its discussions with counsel and the information contained in the parties' Status Reports, the Court set the following deadlines and parameters for discovery relating to the Rule 23 class members:

Fact Discovery relating to class members shall be completed by August 1, 2021, as follows. From the [Rule 23] Class Roster, the parties should jointly identify a random sample of twenty (20) class members for representative discovery. To facilitate contact, the sample should consist of class members to whom the distribution of the Notice by First Class mail and email were not returned as undeliverable. Plaintiffs may request employment dates and wage rates for all class members. For the sample

group of twenty class members, Plaintiffs may only request timekeeping and payroll records, audit trails, and progress notes with protected health information redacted.

Plaintiffs shall provide any supplemental expert report from their forensic economist, Dr. Shane Thompson, by September 1, 2021. Defendants shall take Dr. Thompson's deposition by October 1, 2021.

(Doc. No. 145.)  Lastly, the Court stated that motions based on the above fact and expert discovery (including motions to decertify the current class and a renewed summary judgment motion) shall be filed by no later than November 1, 2021.[3]  (*Id.*)

The Court subsequently conducted a status conference with counsel on December 15, 2021, at which time the parties jointly requested that the case schedule be extended by another sixty (60) days.  Once again, neither party sought leave to conduct written or deposition discovery of the absent class members.  The Court granted the parties' request and set a Final Pretrial for November 21, 2022 and a Trial date of December 5, 2022.  (Doc. No. 171.)

## D.    Motion to Compel

At some point after this Court's Rule 23 ruling (but without first seeking leave), Defendants served written discovery requests (including requests for admissions, interrogatories, and documents requests) on each of the twenty, randomly selected absent class members.  (Doc. No. 174 at p. 5.) Counsel for Plaintiffs did not object and apparently provided a joint response to Defendants' requests for admission on behalf of the absent class members.  *See* Defendants' January 27, 2022 Position

---

[3]  Shortly thereafter, on April 19, 2021, Defendants filed a Notice of Interlocutory Appeal to the Sixth Circuit from this Court's decision granting in part and denying in part Plaintiffs' Motion for Rule 23 Certification.  (Doc. No. 147.)  The following month, Defendants filed a Motion for Sanctions.  (Doc. No. 153.)  Several months later, on July 13, 2021, Defendants filed a Motion for Certification to File Interlocutory Appeal in this Court pursuant to 28 U.S.C. § 1292(b). (Doc. No. 159.)  The Court denied Defendants' Motions for Sanctions and for Certification to File Interlocutory Appeal in Memorandum Opinion & Orders dated January 31, 2022 (Doc. No. 172) and February 9, 2022 (Doc. No. 175), respectively.

Paper at p. 3.  Counsel for Plaintiffs also apparently provided interrogatory and document responses on behalf of two of the twenty randomly selected absent class members.[4]  *Id.*

On January 24, 2022, Plaintiffs submitted a position paper to the Court in which they stated that "for the first time in this litigation, Defendants insist on taking previously unnoticed depositions of every unnamed class member in the sample group."  *See* Plaintiffs' January 24, 2022 Position Paper.  Plaintiffs asserted that Defendants' request for depositions of absent class members is "far beyond the scope of the discovery permitted by the Court's April 15, 2021 Order."  *Id.*  Plaintiffs cited district court cases from this Circuit for the proposition that discovery of absent class members is "rarely permitted" and a "party seeking discovery from an unnamed class member must first show a particularized need for said discovery and first seek permission from the court."  *Id.* (*citing Garden City Employees Ret. Sys. v Psychiatric Solutions*, 2012 WL 4829802 at * 2 (M.D. Tenn. October 10, 2012); *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544 (E.D. Tenn. June 10, 2013)).

Defendants submitted a response to Chambers on January 27, 2022, in which they stated that they "never agreed to limited discovery regarding the Rule 23 class." *See* Defendants' January 27, 2022 Position Paper.  Defendants asserted that Plaintiffs' counsel previously agreed to allow short depositions of each of the twenty randomly selected absent class members but that "Plaintiffs' counsel now object." *Id.*  Without citing any legal authority, Defendants argued that they "have the right to conduct discovery" of the absent class members and that such discovery is "consistent with the Rules of Civil Procedure and their rights under Rule 23." *Id.*  Defendants requested that, if the Court was not inclined to permit depositions, they be permitted to submit "briefing" on the issue. *Id.*

---

[4] Neither party has provided this Court with copies of Defendants' written discovery requests or any of the responses provided by Plaintiffs' counsel.

On January 31, 2022, the Court issued an Order, providing that "prior to conducting any discovery of the absent Rule 23 class members in this action, Defendants must first file a Motion to Compel that is properly supported by legal authority." (Doc. No. 173.)  Defendants timely filed the instant Motion to Compel on February 4, 2022, to which Plaintiffs responded on February 9, 2022. (Doc. Nos 174, 176.)  Defendants filed their Reply on February 11, 2022.  (Doc. No. 177.)

## II.     Legal Standard

"Discovery of absent class members is not warranted as a matter of course." *Groth v. Robert Bosch Corp.*, 2008 WL 2704709 at * 1 (W.D. Mich. July 9, 2008) (citing *Brennan v. Midwestern Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971)).  As the Supreme Court has explained, this is because:

> Unlike a defendant in a normal civil suit, an absent class action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection. In most class actions an absent plaintiff is provided at least with an opportunity to "opt out" of the class, and if he takes advantage of that opportunity he is removed from the litigation entirely.

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).   As a result, courts have exercised caution in permitting discovery of absent class members, reasoning that "'[r]equiring absent class members to respond to discovery threatens to turn a class suit into an 'opt in' procedure rather than an opt-out mechanism, an approach the Supreme Court has squarely rejected.'" *Rosenbohm v. Cellco Partnership*, 2019 WL 2141901 at * 4 (S.D. Ohio May 16, 2019) (quoting 3 Newberg on Class Actions, § 9.11 (5th ed.))  *See also Groth*, 2008 WL 2704709 at * 1 ("The court must keep in mind that one of the principal advantages 'would be lost if all class members were routinely subject to discovery'") (quoting Manual for Complex Litigation § 21.141 (4th ed. 2004)); *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 456 (S.D. Cal. 2001) ("[A]llowing defendants to subject absent class members to discovery may defeat the purpose of certifying the

10

class in the first place."); *In re Carbon Dioxide Industry Antitrust Litigation*, 155 F.R.D. 209, 212 (M.D. Fla. 1993) ("The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the issue of liability.")

In balancing a defendant's need to conduct discovery against the goals of a class suit, most courts have found that "discovery from absent class members is not forbidden but rather is disfavored." 3 Newberg on Class Actions, § 9.11 (5th ed.)  *See, e.g., Garden City Employees' Retirement System v. Psychiatric Solutions, Inc.,* 2012 WL 4829802 at * 2 (M.D. Tenn. Oct. 10, 2012) (noting that "courts have ruled that discovery of absent class members, while not forbidden, is rarely permitted"); *Hurt v. Commerce Energy, Inc*., 2014 WL 3615807 at * 5 (N.D. Ohio July 21, 2014) ("Generally, absent class members in a Rule 23 class action are not subject to discovery"); *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, 2004 WL 7081790 at * 4 (S.D. Ohio June 7, 2004) (noting that "discovery from absent members of a class should be sharply limited and allowed only on a strong showing of justification").

Thus, courts have found that the party seeking discovery of absent class members must first obtain leave of court.  *See Groth*, 2008 WL 2704709 at * 1 ("A defendant must receive leave of court to conduct discovery of absent class members"); *In re Skelaxin Antitrust Litig.,* 292 F.R.D. 544, 550 (E.D. Tenn. 2013) (finding that "in a class action, even a putative class action, the party seeking discovery from an unnamed class member must . . . first seek permission from the court"); *In re Behr Dayton Therman Products, LLC*, 2013 WL 12177803 at * 2 (S.D. Ohio March 29, 2013) (noting that "a defendant must receive leave of court to conduct discovery of absentee class members."); *Baldwin & Flynn v. National Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) ("Defendants must have leave of court to take depositions of members of a putative class, other than the named class

members.")  Moreover, the party seeking such discovery bears the burden of demonstrating that it is appropriate and warranted under the circumstances.  *Groth,* 2008 WL 2704709 at * 1.  *See also Clark v Universal Builders, Inc*, 501 F.2d 324, 341 (7th Cir. 1974) ("The party seeking discovery [of absent class members] has the burden of demonstrating its merits."); *In re Behr Dayton Therman Products, LLC*, 2013 WL 12177803 at * 2 (same); 3 Newberg on Class Actions, § 9.13 (5th ed.) (noting that courts have found that "the burden is on the defendant to demonstrate that a discovery request [to an absent class member] is appropriate")

"Although some showing of need is uniformly required before permitting discovery of absent class members, the courts in the Sixth Circuit have yet to arrive at a consensus as to what showing [the party seeking discovery] must make." *Rosenbohm*, 2019 WL 2141901 at * 4.  Some courts have held that, "discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *Garden City Employees' Ret. Sys*., 2012 WL 4829802 at * 2.  Other courts have found that discovery of absent class members should only be allowed "upon a showing of 'particularized need,' which generally requires a demonstration that the discovery is addressed to common issues (as opposed to individual issues), that it is not designed to force class members to opt out, and that it would not impose an undue burden or require the deponent to seek legal or technical assistance to respond." *Groth*, 2008 WL 2704709 at * 1.  *See also In re Polyurethane Foam Antitrust Litig*., 2014 WL 764617 at *2 (N.D. Ohio Feb. 26, 2014) (endorsing the Manual for Complex Litigation's "particularized need" rule); *Rosenbohm*, 2019 WL 2141901 at * 4 (same); *Khaliel v. Norton Healthcare, Inc. Retirement Plan*, 2012 WL 6554714 at * 1 (W.D. Ky.

12

Nov. 20, 2012) (same).  The Court observes that, while phrased differently, each of the above tests require, at a minimum, a showing that the discovery sought is necessary, addressed to common issues/questions, and not designed to harass or unduly burden absent class members.

Regardless of which test is employed, courts agree that "more burdensome forms of discovery of absent class – typically depositions – require a showing of greater necessity than less intensive discovery techniques."  3 Newberg on Class Actions § 9.14 (5th ed.).  *See, e.g., J.B.D.L. Corp.*, 2004 WL 7081790 at * 7 ("Seeking deposition testimony from absent class members is not justified and is subject to an even heavier burden."); *Garden City Employees' Retirement Sys.*, 2012 WL 4829802 at * 3 ("Attempts to depose class members should require greater justification than interrogatories."); *Boynton v. Headwaters, Inc*., 2009 WL 3103161 at * 1 (W.D. Tenn. Jan. 30, 2009) ("The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions."); *Groth*, 2008 WL 2704709 at  * 1 ("Because of the intrusive nature of depositions, 'the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories.'") (quoting *Clark*, 501 F.2d at 341.)

## III.    Analysis

In their Motion, Defendants ask the Court to order Plaintiffs to respond to Defendants' interrogatory requests, document requests, and notices of deposition.  (Doc. No. 174.)  Defendants argue that discovery of the absent class members is necessary because the Rule 23 class is broader than the FLSA class in several important respects, including the nature of the claims, the number of class members, and the length of the class period.  (*Id*.)  Defendants further assert that the requested discovery is necessary because "it is now evident that Plaintiffs' expert has relied on subjective opinions of class members in providing the expert opinion."  (*Id*. at p. 5.)  Defendants next argue that

the discovery sought is "directly relevant to common questions" relating to the Rule 23 class claims "and whether a class action is appropriate for Rule 23 class." (*Id*. at p. 7, 9.) Finally, Defendants maintain that "the information sought is for a legitimate purpose" and is not unduly burdensome. (*Id*. at p. 9.)

Plaintiffs argue that Defendants' own conduct shows that the requested discovery is not necessary. (Doc. No. 176.) Plaintiffs note that, during the lengthy fact discovery period in this case, Defendants chose not to depose any of the FLSA opt-in Plaintiffs in this case or any of Family Solution's current or former employees that are now part of the Rule 23 class. (*Id*.) Plaintiffs emphasize that Defendants did not indicate a need for discovery of absent class members in their April 2021 Status Report or during the December 2021 status conference with the Court. (*Id.*) Finally, counsel for Plaintiffs vehemently assert that they never agreed to allow depositions of the absent class members. (*Id*. at pp. 7-8.) *See also* Doc. No. 176-3.

Although not directly addressed by either party, the Court first considers which test to apply in evaluating Defendants' Motion, i.e., the "strong showing" test set forth in *Garden City, supra* or the "particularized need" test set forth in *Groth, supra*. Defendants apply the "strong showing" test. (Doc. No. 174 at pp. 6-7.) Plaintiffs do not object and, indeed, reference the "strong showing" test in both their Brief in Opposition and January 24, 2022 Position Paper. The Court will, therefore, assume for purposes of the instant Motion that the "strong showing" test applies to Defendants' requests to take written and deposition discovery of the twenty, randomly selected absent class members at issue herein.

Under this test, "discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership

of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *Garden City Employees' Ret. Sys.*, 2012 WL 4829802 at * 2.  For the following reasons, the Court finds that Defendants have failed to make a strong showing that the requested written discovery and depositions of the twenty absent class members is warranted under the circumstances presented.

### A. Whether the Requested Discovery is Directly Relevant to Common Questions and Unavailable from the Representative Parties

The Court will first consider whether the requested discovery is "directly relevant to common questions or unavailable from the representative parties." *Garden City Employees' Ret. Sys.*, 2012 WL 4829802 at * 2.  The Court addresses the issues of commonality and availability separately, below.

The Court finds that Defendants have failed to carry their burden of demonstrating that the requested discovery is directly relevant to common questions.  Defendants have not provided this Court with their interrogatory or document requests nor have they otherwise provided any information to this Court regarding the number or nature of the interrogatories and/or documents requested.  Thus, the Court has no way of determining whether Defendants' written discovery requests are directly relevant to common questions.  Accordingly, the Court finds that Defendants have failed to carry their burden of showing that their written discovery requests satisfy this factor.[5]

---

[5] The fact that counsel for Plaintiffs agreed to provide responses to Defendants' written discovery requests to absent class members is not relevant.  A party is not permitted to obtain discovery from absent class members without first obtaining leave of Court.  *See Groth*, 2008 WL 2704709 at * 1 ("A defendant must receive leave of court to conduct discovery of absent class members"); *In re Skelaxin Antitrust Litig*., 292 F.R.D. at 550 (finding that "in a class action, even a putative class action, the party seeking discovery from an unnamed class member must . . . first seek permission from the court").  Here, Defendants failed to seek leave of Court before serving their written discovery requests.  This was inappropriate and is not excused by the fact that counsel for Plaintiffs subsequently provided partial responses and/or failed to object.  *See, e.g., Garden City Employees Retirement Sys*., 2012 WL 4829802 at * 4 (finding that "Defendants' undisputed commencement of discovery of absent class members . . . without prior Court approval, is disturbing."); *Groth*, 2008 WL

With regard to Defendants' requested depositions, the Court likewise finds that Defendants have failed to sufficiently demonstrate that these depositions will be limited to information that is directly relevant to common questions. Defendants provide little detail regarding the topics that they intend to address during these depositions, stating only that they seek "to take short depositions on the claims and employment histories relating to the claims of the twenty randomly selected class members." (Doc. No. 174 at p. 2.) At another point in the Motion, Defendants state that they "will agree to only address the Rule 23 claims and the facts relating to whether a class action is appropriate for the Rule 23 class." (*Id*. at p. 7.) The Court finds that these generalized descriptions are unhelpful and far too vague to satisfy Defendants' heavy burden of showing that the depositions of absent class members will be geared towards "information that is directly relevant to common questions." *See, e.g., J.B.D.L. Corp.*, 2004 WL 7081790 at * 7 ("Seeking deposition testimony from absent class members is not justified and is subject to an even heavier burden."); *Garden City Employees' Retirement Sys*., 2012 WL 4829802 at * 3 ("Attempts to depose class members should require greater justification than interrogatories."); *Boynton*, 2009 WL 3103161 at * 1 ("The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions.")

The Court is particularly hesitant to find this factor met given the fact that Defendants' Motion also states that Defendants "seek short depositions in order to get individualized factual information relating to the Rule 23 claims." (Doc. No. 174 at p. 5.) This runs directly contrary to the requirement that discovery of absent class members involve common (as opposed to individualized) issues. *See Groth*, 2008 WL 2704709 at * 1 (requiring "a demonstration that the discovery is addressed to

2704709 at * 1 (admonishing defendants for failing to first seek leave of court before "beginning its campaign to depose numerous putative class members").

common issues (as opposed to individualized issues)"); 3 Newberg on Class Actions § 9:16 ("A defendant seeking discovery from absent class members bears the burden of demonstrating that the discovery concerns common, rather than individualized issues.").

Accordingly, the Court finds that Defendants have failed to show that either their written discovery requests or depositions would be limited to information that is directly relevant to common issues.

The Court further finds that Defendants have failed to carry their burden of demonstrating that the requested discovery is unavailable from other sources, such as the representative Plaintiffs and/or FLSA opt-ins. Defendants have failed to sufficiently explain why they could not have obtained discovery regarding Rule 23 class claims during the eighteen-month fact discovery period in this case. Plaintiffs' Complaint and Amended Complaint clearly plead Rule 23 class claims and both parties contemplated that Rule 23 class certification briefing would occur after an extended period of fact discovery. Indeed, in its April 5, 2021 Memorandum Opinion & Order, the Court noted as follows:

> [R]esolution of Plaintiffs' Rule 23 Motion requires a 'rigorous analysis' of the evidence regarding the Rule 23(a) and (b)(3) factors. *See e.g., Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). **For this reason, the parties jointly proposed, at various times during this litigation, that any deadline for Rule 23 briefing occur after a nine-month period of discovery.** Specifically, in their Parties' Planning Reports submitted on February 11, 2019 and October 1, 2019, the parties 'proposed a period of nine months after the [CMC] . . . for non-expert discovery on merit issues and Rule 23 class-certification requirements.' (Doc. No. 10 at p. 2; Doc. No. 23 at p. 2.) Indeed, Defendants themselves argued that "any motion for [Rule 23] certification should come after the deposition of the named Plaintiff.' (Doc. No. 54 at p. 4.)."

(Doc. No. 143 at p. 16) (emphasis added). The record reflects that Plaintiffs did, in fact, engage in discovery regarding Rule 23 class claims during the fact discovery period. *See* Plaintiffs 30(b)(6) Amended Deposition Notice (Doc. No. 176-2 at pp. 7-8) (stating that "Plaintiffs will question

17

Defendant's representatives about factual matters relating to . . . class certification undern Fed. R. Civ. P. 23(a) and (b)(3)). Defendants offer no explanation as to why they could not have likewise undertaken discovery regarding Rule 23 class claims during fact discovery. Thus, Defendants' unsupported assertion that the Rule 23 class involves "new claims" that were not "subject to discovery in the FLSA class action" (Doc. No. 174 at p. 4) is without merit and rejected.

The Court also rejects Defendants' argument that discovery of absent class members is now necessary because the Rule 23 class members "worked for Family Solutions on dates that are prior to or after the range of employees subject to discovery in the FLSA opt-in class" and had "vastly different" experiences in terms of the alleged hours worked, amounts paid to the class members, training on time reporting, and time sheets. (Doc. No. 174 at pp. 2, 4, 7.) Defendants could have deposed any of the FLSA opt-in plaintiffs during fact discovery. Plaintiffs assert (and Defendants do not contest) that several of the FLSA opt-in plaintiffs worked at Family Solutions during the extended Rule 23 class period[6] and many worked at different office locations and under different supervisors. Defendants failed to depose any of the FLSA opt-ins, other than representative Plaintiffs Stephenson and Vilk-Baron. Moreover, Defendants do not explain why they could not have sought discovery of

---

[6] The FLSA class conditionally certified by this Court included "all current and former employees who worked as Qualified Mental Health Specialists for Family Solutions of Ohio during the period three years prior to the date of this Memorandum Opinion & Order," i.e., from **September 16, 2016 through September 16, 2019**. (Doc. No. 20.) The Rule 23 class certified by this Court on April 5, 2021 consists of "[a]ll employees who worked in Ohio as QMHSs for Defendant Family Solutions of Ohio during the period three years preceding the commencement of this action to the present." (Doc. No. 143 at p. 46.) As the instant action was filed on September 4, 2018, the Rule 23 class includes QMHSs who worked at Family Solutions during the period **September 4, 2015 to the present**. Plaintiffs assert (and Defendants do not contest) that at least two of the FLSA opt-in plaintiffs (Sharon Burns and Natalia Varias) worked at Family Solutions as QMHSs beginning in 2014. Specifically, Defendants' Roster indicates that (1) Ms. Burns worked at Family Solutions from November 10, 2014 through March 30, 2017; and (2) Ms. Varias worked at Family Solutions from August 26, 2014 through the filing of the Roster in July 2020. (Doc. No. 66-1 at p. 1.)

18

their own current or former employees who had elected not to opt-in to the FLSA class and were potential Rule 23 class members.

Under these circumstances, the Court finds that Defendants have failed to carry their burden of showing that the information now sought from absent class members was unavailable from either the FLSA opt-ins and/or through discovery of Defendants' current or former employees.  *See*, e.g., 3 Newberg on Class Actions § 9.14 (noting that "in demonstrating need, the defendant is required to show that other sources—particularly the class representatives—cannot provide the information requested of absent class members"); *Redmond v. Moody's Investor Service*, 1995 WL 276150 at * 2 (S.D. N.Y. 1995) (requiring defendants to show that information requested in discovery "is not available from the representative parties").

The Court does, however, note the following. In their Motion, Defendants argue that discovery of the absent class members is warranted because "it is now evident that Plaintiffs' expert has relied on subjective opinions of class members in providing the expert opinion." (Doc. No. 174 at p. 5.) Defendants argue that, if they are not permitted to depose Rule 23 class members, "this Court should order that Plaintiffs' expert not be permitted to gather these subjective opinions from the Rule 23 class members." (Doc. No. 177 at p. 3-4.)  Plaintiffs do not respond to this argument.

The Court is inclined to agree that, if Plaintiffs have obtained "subjective information or opinions" from Rule 23 class members (who are not also FLSA opt-ins and which have not been previously produced), such information would arguably not be available from other sources and Defendants may have the right to depose any such absent class members.  However, it is not clear to this Court that counsel for Plaintiffs has, in fact, sought or obtained any "subjective information or opinions" from such absent class members.  Plaintiffs are certainly aware that leave of Court is

19

required to conduct discovery of absent class members and, indeed, sought and obtained leave in April 2021 to obtain certain documentation from Defendants relating to the Rule 23 class members, i.e., (1) employment dates and wage rates for all absent class members, and (2) timekeeping and payroll records, audit trails, and progress notes for the twenty randomly selected absent class members. At no time have Plaintiffs advised the Court that they need or want to obtain "subjective information or opinions" from absent class members regarding their employment at Family Solutions, nor have they sought leave to do so.

In light of the above, the Court assumes that Plaintiffs have not obtained any "subjective information or opinions" from any of the absent class members (who are not also FLSA opt-ins and which have not been previously produced). If this is not the case, counsel for Plaintiffs shall, **by no later than March 7, 2022,** do the following: (1) notify the Court and Defendants that they have undertaken such discovery; and (2) provide the name(s) of each absent class member from whom they have sought and/or obtained "subjective information or opinions" about their employment at Family Solutions.

If Plaintiffs wish to obtain "subjective information or opinions" from the absent class members in the future, they must file a motion with this Court seeking leave to do so. At that time, the Court will allow Defendants to oppose the motion and/or to file a motion seeking leave to obtain written discovery and/or depositions of any absent class members from whom Plaintiffs are permitted to obtain discovery regarding "subjective information" relating to their employment as QMHSs at Family Solutions.

> **B.** **Whether the Requested Discovery is Sought with the Purpose or Effect of Harassment or Altering Membership of the Class**

20

The Court next considers whether the requested discovery is sought "with the purpose or effect of harassment or altering membership of the class." *Garden City Employees' Ret. Sys.*, 2012 WL 4829802 at * 2.  This necessarily includes a determination of whether the requested discovery is unduly burdensome.  *See* 3 Newberg on Class Actions § 9:15 (noting that "an unduly burdensome request can be suggestive of a motive to cull class members rather than discovery necessary information.")  As one commentator has explained:

> [C]ourts ordinarily analyze burdensomeness by assessing both the *type* and *quantity* of discovery sought.  The more demanding the type of discovery—for example, required attendance at an in-person deposition as opposed to filling out an optional questionnaire—the more likely the court is to find the requested discovery unduly burdensome. Similarly, the greater number of absent class members from whom discovery is sought, the more likely the court is to find the requested discovery overly burdensome.  ***
>
> [I]n analyzing the proportionality of the type and quantity of the discovery, courts often attempt to answer whether the proposed discovery would be harassing to absent class members, would create a *de facto* opt-in class action, or would require consultation with a legal professional to respond adequately. The last factor—whether professional assistance would be required to respond to the requested discovery—is sometimes listed as a separate factor, but it is more appropriately viewed as a good proxy for the onerousness of the discovery request.

*Id*. (emphasis in original) (footnotes omitted).  *See, e.g., Clark*, 501 F.2d at 341 (demanding a showing of greater necessity in depositions because "passive litigants are required to appear for questioning and are subject to often stiff interrogation by opposing counsel with the concomitant need for counsel of their own"); *Groth*, 2008 WL 2704709 at *1 ("Even if defendant had attempted to [seek court permission], it is unlikely that the court would have approved the taking of depositions, as the burden of justifying this form of discovery is quite high."); *In re Behr Dayton Therman Products, LLC*, 2013 WL 12177803 at * 2 (noting that "[r]egarding written discovery, courts have permitted interrogatories

and document requests to absentee class members when they are 'tendered in good faith and are not unduly burdensome' . . . ") (quoting *Dellums v. Powell*, 566 F.2d 167, 187 (D.C. Cir. 1977)).

In the instant case, the parties devote little attention to this factor. Defendants argue, summarily, that this factor weighs in favor of allowing the requested discovery because they have agreed to (1) shorten the depositions to two hours in length for each absent class member, and (2) conduct the depositions via Zoom. (Doc. No. 174 at pp. 2, 7.) Plaintiffs argue generally that "[b]eleaguering unnamed class members with oral depositions would violate 'the policy of Federal Rule 23, i.e., to prevent absent class members from being compelled to actively participate in the litigation.'" (Doc No. 176 at p. 3) (citing *Garden City Employees' Ret. Sys.*, 2012 WL 4829802 at * 2.)

For the following reasons, the Court finds that Defendants have failed to carry their burden of showing that the requested discovery would not be unduly burdensome or otherwise have the effect of harassing the absent class members. As noted *supra*, Defendants have failed to provide this Court with their interrogatory or document requests and they have not otherwise provided any information to this Court regarding the number or nature of the interrogatories and/or documents requested. Thus, the Court has no idea how many interrogatories and/or document requests were propounded to each absent class member, the topics that are covered by these requests, or how complicated or time consuming it would be for absent class members to respond. In short, the Court has not been provided with sufficient information to assess whether Defendants' written discovery requests are unduly burdensome or would have the effect of harassing the absent class members. Accordingly, the Court finds that Defendants have failed to carry their burden with regard to this factor.

22

The Court likewise finds that Defendants have failed to provide sufficient information to assess their requests to depose the twenty absent class members.  Although Defendants have agreed to limit the length of the depositions and are willing to conduct them remotely,[7] they have not sufficiently defined, or set any parameters regarding, the nature or scope of the questions they intend to ask.  Thus, again, the Court is unable to assess whether the absent class members would find the questioning harassing or would feel the need to obtain counsel.  *See, e.g., Garden City Employees' Retirement Sys.*, 2012 WL 4829802 at * 3 (in denying request to depose absent class members, noting that "although Defendants limit the number of deponents and length of depositions, Defendants do not define nor attempt to set any limits on the scope of their discovery requests.")  Accordingly, and given the particularly heavy burden to justify oral depositions, the Court finds that Defendants have failed to make a strong showing that the requested depositions would not be unduly burdensome or otherwise have the effect of harassing the absent class members.

**C.      Whether the Requested Discovery is Necessary at Trial of Issues Common to the Class**

Finally, under the third *Garden City* factor, the Court considers whether the requested discovery "is necessary at trial of issues common to the class."  *Garden City Employees' Ret. Sys.*, 2012 WL 4829802 at * 2.  The Court finds that Defendants have failed to make a strong showing that this factor is satisfied.  As has been discussed at length *supra,* Defendants have not provided this Court with sufficient information regarding what discovery they are seeking, with respect to either

---

[7] The Court notes that, even with these limits, absent class members could well find it unduly burdensome to be required to sit for depositions in this case.  It is possible that some or all might need to take time off work to attend the depositions. Additionally, some might not have the technology or ability to participate remotely and might be uncomfortable attending in person given continuing Covid concerns. Defendants do not indicate how they would address any such issues if they arose.

their written discovery requests or the requested depositions.  They have not provided this Court with copies of their interrogatory or document requests nor have they otherwise provided any information to this Court regarding the nature of the interrogatories and/or documents requested.  Nor have Defendants provided sufficient information regarding the topics that they intend to address during the requested depositions. Thus, the Court has no way of determining whether Defendants' written discovery requests or the requested depositions are "necessary at trial of issues common to the class."

Accordingly, the Court finds that Defendants have failed to carry their burden of showing that this factor weighs in favor of allowing the requested discovery.

### D.    Conclusion

After carefully weighing all of the above factors, the Court finds that Defendants have failed to make a strong showing that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class. Accordingly, the Court is not persuaded that discovery of the absent class members is warranted at this time.  Defendants' Motion to Compel is, therefore, denied.

## IV.    Conclusion

Accordingly, and for all the foregoing reasons, Defendants' Motion to Compel (Doc. No. 174) is DENIED.  However, if Plaintiffs have obtained any "subjective information or opinions" from any of the absent class members (who are not also FLSA opt-ins and which have not been previously produced), counsel for Plaintiffs shall, **by no later than March 7, 2022,** do the following: (1) notify the Court and Defendants that they have undertaken such discovery; and (2) provide the name(s) of

24

each absent class member from whom they have sought and/or obtained "subjective information or opinions" about their employment at Family Solutions.

**IT IS SO ORDERED.**


                              *s/Pamela A. Barker*
                              PAMELA A. BARKER
Date:  February 28, 2022         U. S. DISTRICT JUDGE

25