IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL STEPHENSON, et al. | : | |
| | : | CASE NO. 1:18-cv-02017-PAB |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE PAMELA A. BARKER |
| | : | |
| FAMILY SOLUTIONS OF OHIO, INC., et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DECERTIFY THE CLASS
CONDITIONALLY CERTIFIED UNDER 29 U.S.C. § 216(b)**

**I.  INTRODUCTION**

Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively, "Defendants") recently completed the deposition of the expert who will provide evidence of hours worked, but alleged not paid in this matter. Plaintiffs Jamal Stephenson and Melanie Vilk Baron ("Plaintiffs") previously represented to this Court that this expert had conducted a thorough review in this matter and that his expert testimony would support a class under 29 U.S.C. § 216(b).

Based on the expert's deposition, however, Plaintiffs now admit that the expert had "'difficulty' in estimating damages." (ECF #185, pg. 4). In fact, Plaintiffs' Opposition to the motion to exclude the expert incredibly argues in the alternative that Dr. Thompson should somehow be permitted to testify to his conclusions even if he is not qualified as an expert. (ECF #185, pgs. 14-15). Accordingly, based on the facts at issue in this matter and the significant issues with Plaintiffs' expert, Plaintiffs cannot meet the "higher standard" that is applicable to the FLSA class at this stage of the litigation. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017).

Therefore, Defendants' Motion should be granted and the FLSA claims should proceed individually.

## II. STANDARD OF REVIEW

Plaintiffs argued that this Court's prior orders somehow insulated the Rule 23 class from further review by this Court. However, as to the FLSA class. Plaintiffs admit that they must produce "'substantial evidence' that the opt-in plaintiffs are similarly situated." *Kutzback v. LMS Intellibound, Ltd. Liab. Co.*, 301 F. Supp. 3d 807, 816-17 (W.D. Tenn. 2018); (ECF #186, pg. 2). In fact, Plaintiffs concede that the plaintiffs in a FLSA collective action "must meet a higher standard at the decertification stage that accounts for the facts learned in discovery." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017); (ECF #186, pg. 2).

## III. PLAINTIFFS' BURDEN OF PROOF

The Opposition concedes, as it must, that the proof of hours worked, but not paid, will be highly individualized. (ECF #186, pg. 9). Plaintiffs concede: "[w]hile varying schedules and patient needs might affect how much time a particular QMHS worked off-the-clock, varying damage amounts do not make the Opt-Ins dissimilarly situated." (ECF #186, pg. 9). Plaintiffs argue that the hours worked, but not paid, is simply a damage issue that is permitted to be individualized. (ECF #186, pg. 9); *Cornell v. World Wide Bus. Servs. Corp.,* No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *6-7 (S.D. Ohio Nov. 2, 2015).

However, what Plaintiffs fail to address is the true element of their FLSA claim. In this matter, the twenty-three member FLSA class members have to prove that (1) they performed work for which they were not paid; and (2) that Defendants had actual or constructive knowledge of that work. *Dikker v. 5-Star Team Leasing, LLC*, 243 F.Supp.3d 844, 852-53 (W.D. Mich. 2017).

Accordingly, the individualized issue of hors alleged work, but not paid, is an element of Plaintiffs' FLSA claims, not merely damages.

More importantly, during their employment, QMHS employees are required to fill out time sheets recording their time worked on a weekly basis. (Dep. Baron at 27 and 37); (Dep. Stephenson at 143 and 158-59). The time sheets are provided to the location's Clinical Supervisor, who reviews for accuracy and makes any necessary corrections. (Dep Baron at 27 and 37); (Dep. Stephenson at 143-145). The time is inputted by the QMHS employee based on the amount of time spent on the activity and the time is coded pursuant to Family Solutions' Medicaid fee schedule. (Dep. Baron at 27 and 32-37; Dep. Stephenson at 142-145).

The Clinical Supervisor then reviews the entries to verify they are accurate and compliant with Family Solutions' policies. (Dep. Baron at 37-38); (Dep. Stephenson at 142-148). If any changes are needed to the entries submitted by the QMHS employee, the Clinical Supervisor will speak with the employee and ask the employee to make the required change to the entries. (Dep. Baron at 37-38); (Dep. Stephenson at 142-148). Stephenson admitted that he was paid the amount of units that he signed off on each week. (Dep. Stephenson at 148). Baron similarly testified that she approved and signed-off on her time sheet each week. (Dep. Baron at 38 and 41). Finally, the billing sheets submitted by Stephenson and Baron, and paid by Family Solutions, included non-billable and billable time. (Dec. Smith at 58 and 61).

The twenty-three plaintiffs will have to individually testify about the reasons why alleged additional hours worked were not listed, whether the clinical supervisor approving the time sheet was aware of the additional hours of work, and whether the clinical supervisor refused to approve the additional time worked. Needless to say, the fact that the twenty-three FLSA class members

had different clinical supervisors only make this case much more of twenty-three individual trials rather than a class.

In fact, Plaintiffs' expert has conceded that his computations for two of the categories of damages – travel time and no shows – are based entirely on written statements of most of the FLSA Class members.  (Dep. Thompson at 45-46, and 54).  The expert concedes that most or all of the FLSA Class submitted written statements setting forth the alleged damages in these two categories.  (Dep. Thompson at 181).  Due to this individualized nature of calculating hours worked, but not paid, this Court has already ruled that Defendants "will have the opportunity to cross examine" the class members "about their Declarations at trial."  (ECF #172, pg. 17).

Accordingly, if this matter proceeds to trial, the vast majority of the FLSA Class will be testifying at trial.  (ECF #172, pg. 17); (Dep. Thompson at 181).  This testimony will result in twenty-three mini-trials.  Courts have decertified FLSA actions where a class action would result in many mini-trials and there is an absence of any evidence of a common pay practice or policy.  *See Lockhart v. D&S Residential Servs., LP*, No. 2:18-cv-02586, 2020 U.S. Dist. LEXIS 145321, *33 (W.D. Tenn. Aug. 13, 2020); *see also Frye v. Baptist Mem. Hosp., Inc.*, No. 07-2708, 2010 U.S. Dist. LEXIS 101996, *26-28 (W.D. Tenn. Sep. 27, 2010).

## IV. PLAINTIFFS ARE NOT SIMILARLY-SITUATED

Defendants' Motion is supported by deposition testimony, a declaration and this Court's prior rulings.  A lengthy statement of facts – fully supported by the evidence – has been presented.  In contrast, Plaintiffs have provided nothing more than bullet points of evidence that has already been submitted to this Court.  Plaintiffs provided no additional declarations or evidence to support the admittedly higher burden at this stage of the litigation.

Defendants' Motion fully addresses each of the elements of similarly-situated and the FLSA class standards. Plaintiffs should not be permitted to rely on nothing more than their prior evidence and arguments. In simple terms, this is a very small class -- twenty-three members (Dec. Smith at ¶66 – and the vast majority of the class members will testify at trial. Whether or not numerosity is explicitly applicable to an FLSA class, this Court must consider the few class members when determining if a class is the best method to resolve this case. *See Guy v. Lexington-Fayette Urban County Gov't*, 488 Fed. Appx. 9, 22 (6th Cir. 2012) ("[a] class of twenty or fewer is usually insufficiently numerous."); *see also DeLong v. International Union*, No. C-3-84-135, 1991 U.S. Dist. LEXIS 21766, *41-42 (S.D. Ohio Aug. 26, 1991) ("twenty-six individuals does not constitute such a large number that joinder is impracticable.").

Needless to say, with the vast differences in hours worked, but not paid computation (their vastly different written statements), the class members will be prejudiced by having to explain the testimony of their class members in contrast to their own. Moreover, because clinical supervisors signed off on the time sheets, any trial will require their testimony. Accordingly, an FLSA class will only complicate this matter. The best means to resolve this lawsuit is through twenty-three short and simple trials.

Finally, the named plaintiffs bear the burden of proving that the conditional class is "similarly situated" for 29 U.S.C. § 216(b) certification. *See Frye*, 495 Fed. Appx. at 672 (6th Cir. 2012). Plaintiffs have provided no evidence that they are similarly situated other than alleging that the class members all held the QMHS position and were subject to the same time reporting requirements. This, however, is not enough as a matter of law. *See Frye*, 495 Fed. Appx. at 671-72 (6th Cir. 2012) (internal quotations omitted) (similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions); *see*

*also McDonald v. Madison Twp. Bd. of Twp. Trs.*, No. 2:07-cv-0697, 2007 U.S. Dist. LEXIS 76450, *6 (S.D. Ohio Oct. 5, 2007) ("[p]laintiffs generally must produce more than just allegations and affidavits demonstrating similarity in order to achieve final certification.").

## V. CONCLUSION

Based on the foregoing arguments and authorities, Plaintiffs are not similarly situated for purposes of their FLSA claims because: (1) the QMHS position is unique and different for each employee; (2) there exist many material defenses to each proposed class member's claim; and (3) judicial fairness supports decertification. Accordingly, Defendants respectfully request that this Court grant its Motion to Decertify the Class Conditionally Certified Under 29 U.S.C. § 216(b).

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2022, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

/s/ David A. Campbell
David A. Campbell (0066494)

*One of the Attorneys for Defendants*