UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMAL STEPHENSON, et al., On behalf of themselves and all others similarly situated, | ) CASE NO. 1:18-cv-02017-PAB ) ) JUDGE PAMELA BARKER ) |
| Plaintiffs, | ) ) MAGISTRATE JUDGE ) JENNIFER DOWDELL ARMSTRONG |
| v. | ) ) |
| FAMILY SOLUTIONS OF OHIO, INC., et al., | ) **JOINT FILING IN SUPPORT OF** ) **MOTION FOR PRELIMINARY** ) **APPROVAL OF SETTLEMENT** |
| Defendants. | ) |

The parties respectfully submit this joint filing in support of their Motion for Preliminary Approval of Class and Collective Action Settlement, ECF No. 201. This filing addresses the issues identified by the Court in its March 17, 2023 Order, ECF No. 202.

    **1.**     **Allocations to Plaintiffs, Opt-Ins, and Class Members**

The allocations stated in the Preliminary Approval Motion and the Settlement Agreement were correct: "The Net Proceeds will be allocated one-third to the Plaintiffs and Opt-Ins and two-thirds to Class members, then further allocated to individuals in proportion to their estimated workweeks during the class period, September 4, 2015 to April 5, 2021." Preliminary Approval Motion, ECF No. 201 at page 5; Settlement Agreement, ECF No. 201-1 at ¶ 28. The parties have attached corrected versions of the proposed Preliminary Approval Order as Exhibit 1, and the proposed Notice of Class Action Settlement as Exhibit 2, conforming them to the above allocations. The signed Settlement Agreement is also attached as Exhibit 3.

2. **The Correct Number of Opt-Ins and Class Members**

The parties respectfully clarify the correct number of Opt-Ins and Rule 23 Class Members as follows. There are 29 Opt-Ins under the Fair Labor Standards Act ("FLSA"). The FLSA Opt-Ins are members of the Rule 23 Class but are treated as a separate group under the settlement for some purposes. The Rule 23 Class consists of 206 Class Members. That total includes 29 FLSA Opt-Ins and 177 non-Opt-In Class Members.

3. **Opportunity to Request Exclusion**

When a class is certified under Rule 23(b)(3), class members must be given notice stating "that the court will exclude from the class any member who requests exclusion." Rule 23(c)(2)(B). In the present case, the Rule 23 class members were previously given notice under Rule 23(c)(2)(B) including the opportunity to request exclusion. Whether a second opportunity must be given in conjunction with the settlement is governed by Rule 23(e)(4):

> *New Opportunity to Be Excluded.* If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

Whether to provide a new exclusion opportunity "is confided to the court's discretion." *Denney v. Deutsche Bank AG*, 443 F. 3d 253, 271 (2d Cir. 2006) (quoting Adv. Comm. 2003 Notes to Fed. R. Civ. P. 23(e)(3)).[1] Declining to offer a second opportunity for exclusion is "par for the course in the class action context." *In re Natl. Prescription*

---

[1] The provision for a new opportunity for exclusion was formerly in Rule 23(e)(3) but is now contained within 23(e)(4).

*Opiate Litigation*, 976 F.3d 664, 702 (6th Cir.2020) (Moore J., dissenting opinion). As a general principle, "courts are hesitant to invoke their discretion under Rule 23(e)(4) to allow a second round of opt-out rights to class members." *Id. Accord Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018) (holding that "while some class action settlements allow a second opt-out opportunity, they are unusual and probably result from the bargaining strength of the class negotiators rather than any due process concerns") (internal quotation omitted).

"Among the factors that may be considered by the court is whether there have been any 'changes in the information available to class members since expiration of the first opportunity to request exclusion.'" *Denney*, 443 F.3d at 271 Even when changes have occurred, "[n]either due process nor Rule 23(e)(3) requires" a second opportunity to request exclusion. *Id*. *Denney* emphasized that "[r]equiring a second opt-out period as a blanket rule would disrupt settlement proceedings because no certification would be final until after the final settlement terms had been reached." *Id*. *See also Klein v. O'Neal, Inc.*, 2009 U.S. Dist. LEXIS 36395, at *9-11 (Apr. 29, 2009), fn. 4 (holding that offering "a second opt-out opportunity arising in connection with a settlement could undermine the binding effect of the first opt-out deadline that applies regardless whether a class action is settled.")

In the present case, there are no "changes in the information available to class members since expiration of the first opportunity to request exclusion." *Denney*, 443 F.3d at 271 (quoting Adv. Comm. 2003 Notes). As in *Denney*, "[t]he terms for class members have only improved" by virtue of the present settlement. *Id*. (noting that "every shift in

the marginal attractiveness of the settlement" cannot require a new opt-out opportunity). *See also Low v. Trump University, LLC*, 881 F.3d 1111, 1122 (9th Cir. 2018), fn. 6 (noting that the propriety of a class settlement is safeguarded not by Rule 23(e)(4), but by "[t]he court's discretionary authority to reject a settlement.")

For the reasons stated in the parties' Joint Motion to approve the proposed settlement (ECF No. 201, at pages 6-10), and as will be further addressed at the fairness hearing, this Court should decline to unnecessarily complicate the finality of this matter by requiring a second opportunity for exclusion.

### 4. **Proposed Timeline of Settlement-Related Events**

The parties submit the following timetables for events related to approval of settlement. The Court requested that the parties provide two timetables, one assuming that class members will be given a second opportunity to request exclusion from the class, and one not making that assumption. The timetable below would accommodate either procedure:

| | |
|---|---|
| Entry of Preliminary Approval Order | April 3, 2023 |
| Defendants will provide roster with the most up-to-date mailing addresses in Defendants' records (20 days after entry of preliminary approval order) | April 24, 2023 |
| Plaintiffs' counsel will send the Notice to class members listed in the roster by First-Class mail (10 days after receipt of roster) | April 28, 2023 |
| Deadline for class members to submit objections to the settlement (30 days after mailing of notice) | May 28, 2023 |
| Filing of objections with the Court | June 5, 2023 |

| | |
|---|---|
| Motion for final approval of settlement, accompanied by Plaintiffs' counsel's declaration as to notice and the parties' proposed final order and judgment (10 days after deadline for objections) | June 5, 2023 |
| Fairness Hearing | Between June 26 and August 31, 2023 |

**5.    Word Version of Proposed Preliminary Approval Order**

The parties have, simultaneous with this filing, e-mailed the Court with a Word version of the proposed Preliminary Approval Order, corrected as above.

Respectfully submitted,

 /s/ Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Avenue
Cleveland, OH 44113
Phone: 216-285-9991
Fax: 888-604-9299
Email: scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

*Attorneys for Plaintiff*


 s/ David A. Campbell
David A. Campbell (0066494)
Donald G. Slezak (0092422)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114

Phone:  (216) 344-3422
Fax:  (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I certify that on this March 28, 2023 the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)