UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMAL STEPHENSON, et al., On behalf of themselves and all others similarly situated, | CASE NO. 1:18-cv-02017-PAB |
| | JUDGE PAMELA BARKER |
| Plaintiffs, | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| v. | |
| FAMILY SOLUTIONS OF OHIO, INC., et al., | **JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| Defendants. | |

Plaintiffs Jamal Stephenson and Melanie Baron ("Plaintiffs") and Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively "Defendants") respectfully move the Court for final approval of the parties' proposed settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23. Attached to this motion are (1) a declaration from Plaintiffs' Counsel at Exhibit 1 certifying that the approved Notice to Class Members (Doc. No. 203-2) was distributed as ordered, and (2) the parties' proposed Final Order and Judgment at Exhibit 2.

Points and authorities in support of final approval of the settlement, and of the proposed service awards, attorneys' fees, and costs, are set forth below, as well as in the parties' Preliminary Approval Motion (Doc. No. 201), incorporated herein by reference.

I. **FINAL APPROVAL OF THE SETTLEMENT SHOULD BE GRANTED**

The Settlement resolves bona fide disputes involving wages and overtime

compensation under the FLSA and corresponding provisions of Ohio wage-and-hour statutes and common law. The Settlement applies to Plaintiffs Stephenson and Baron, the Opt-ins who joined the case pursuant to 29 U.S.C. § 216(b), and all members of the Class previously certified by the Court under Fed. R. Civ. P. 23.

The propriety of the settlement was briefed in the parties' Preliminary Approval Motion (Doc. No. 201), and partly determined by the Court in its Preliminary Approval Order (Doc. No. 204). As to the Plaintiff and Opt-Ins, the Court found that the proposed settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). Preliminary Approval Order at ¶ 10. As to the Rule 23 Class, the Court found that the proposed settlement qualified for preliminary approval pursuant to Fed. R. Civ. P. 23(e) on the basis that it is "fair, reasonable, and adequate" to all participants. *Id*. at ¶11. The Court approved the Notice to Class Members (Doc. No. 203-2) and ordered that it be distributed to Class Members by first-class United States mail to their last-known addresses as shown in Defendants' records. *Id*. at ¶ 12.

The attached Declaration of Plaintiffs' Counsel certifies that the Notice was distributed to Class Members as ordered. As stated in the Declaration, no Class Member submitted an objection to the settlement.

The Court's convening of the Fairness Hearing on July 10, 2023 will complete the notice-and-hearing process prescribed by Rule 23(e). *See* Fed. R. Civ. P. 23(e)(1)-(2) (a class settlement may be approved after notice and hearing, and upon finding that it is "fair, reasonable, and adequate"); *Gilbert v. Abercrombie & Fitch Co.*, Case No. 2:15-cv-2854, 2016 U.S. Dist. LEXIS 103441, at **55-56 (S.D. Ohio Aug. 31, 2016) (Order by Smith, J.) (granting

final approval of a class settlement under Rule 23(e)).

For these reasons, and those addressed in the parties' Preliminary Approval Motion, the Court should grant final approval of the settlement and enter the proposed Final Order and Judgment.

## II. THE PROPOSED SERVICE AWARDS, ATTORNEYS' FEES, AND COSTS SHOULD BE APPROVED

The proposed service awards, attorneys' fees, and costs were addressed in the parties' Preliminary Approval Motion, pages 9-10. For the Court's convenience, those points and included and supplemented below.

### A. The Proposed Service Awards Are Proper and Reasonable

Reasonable service awards "are common in class action settlement[s] and [are] routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *26 (S.D. Ohio May 30, 2012) (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09cv1608, 2010 U.S. Dist. LEXIS 58912, at *7 (N.D. Ohio June 15, 2010)).

In the present case, the proposed service awards to Plaintiffs Stephenson and Baron are amply justified. They took risks professionally to be class representatives, and stayed with it despite the many years of litigation. Both provided invaluable assistance to Plaintiff's Counsel in the course of discovery and motion practice. Both were deposed and both attended multiple mediation sessions. Their contributions were vital in achieving the Settlement on behalf of all Opt-Ins and Class Members.

**B. The Attorneys' Fees Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). *See Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994); *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." Ohio Rev. Code Ann. § 4111.10.

In *Gascho v. Global Fitness Holdings, Inc.*, 822 F.3d 269 (6th Cir. 2016), the Sixth Circuit reaffirmed its long-standing rule regarding class-action fee awards. "When awarding attorney's fees in a class action," *Gascho* emphasized, "a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* at 279 (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). Courts have discretion to select the appropriate method of determining such fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516).

The percentage approach "more accurately reflects the results achieved." *Rawlings*, 9 F.3d at 516, quoted with approval in *Gascho*, 822 F.3d at 279-80. It is appropriate in cases like this one because "it encourages early settlement, which avoids protracted litigation." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516-17).

Courts reference the NERA study as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000). *See Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *19-20 (N.D. Ohio Mar. 8, 2010). The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action] settlement," although "the average result achieved for class members was only 7% to 11% of claimed damages." Shaw, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12).

In the present case, the proposed distributions of attorneys' fees and reimbursed litigation costs are reasonable. The proposed fees are one-third of the Total Settlement Amount, and substantially below counsel's lodestar to date. *See Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *21 (N.D. Ohio Mar. 8, 2010) (study conducted by the National Economic Research Associates found that "regardless of size, attorneys' fees average approximately 32% of [class action] settlement[s]"); *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) (citing the NERA study as "[t]he most complete analysis of fee awards in class actions conducted to date"). *See Kis*, 2020 U.S. Dist. LEXIS 93929, at *11 (approving a one-third fee award).

### III. CONCLUSION

For the reasons addressed above, the parties respectfully submit that the Court should approve the settlement, including the proposed service awards, attorneys' fees, and costs, and enter the Proposed Final Order and Judgment.

> Respectfully submitted,
>
> */s/ Scott D. Perlmuter*

SCOTT D. PERLMUTER (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Avenue
Cleveland, OH 44113
Phone:216-285-9991
Fax: 888-604-9299
Email: scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

*Attorneys for Plaintiff*


*s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 344-3422
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*


I certify that on this June 8, 2023 the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)