UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL STEPHENSON, *et al.*, On behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. 1:18-cv-02017 [lead case] 1:21CV00196 |
| Plaintiffs, | ) ) | JUDGE PAMELA BARKER |
| v. | ) ) ) | MAGISTRATE JUDGE JENNIFER D. ARMSTRONG |
| FAMILY SOLUTIONS OF OHIO, INC., et al., | ) ) ) ) | **ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION** |
| Defendants. | ) | **SETTLEMENT** |

On June 8, 2023, Plaintiffs Jamal Stephenson and Melanie Baron ("Plaintiffs") and Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (collectively "Defendants") filed a Joint Motion for Final Approval of the parties' proposed settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. (Doc. No. 206.) The Court conducted an in-person Fairness Hearing on July 10, 2023. Appearing on behalf of Named Plaintiffs were Attorneys Scott Perlmuter and Thomas Downie. Named Plaintiff Jamal Stephenson appeared via Zoom.[1] Appearing on behalf of Defendants was Attorney Donald Slezak. Defendants John Hopkins and Dawn Smith appeared via Zoom.

The Court has reviewed the Agreement of Settlement and Release ("Agreement") located at Doc. No. 203-3, the parties' Joint Motion and exhibits (including the parties' supplemental filings at Doc. Nos. 203 and 209), and the pleadings and papers filed in the instant action. The Court has also considered the argument provided by Counsel for Plaintiffs during the Fairness

---

[1] Named Plaintiff Melanie Baron did not appear at the Fairness Hearing, either in person or via Zoom. Counsel for Defendants did not object to proceeding with the Fairness Hearing.

1

Hearing regarding the reasonableness of the parties' settlement. For all the reasons discussed in the parties' filings and during the Fairness Hearing, the Court hereby GRANTS the parties' Joint Motion for Final Approval of Collective and Class Action (Doc. No. 206), as supplemented by the parties' Joint Filing in support of Motion for Final Approval of Settlement (Doc. No. 209), as follows:

1. This class and collective action was brought on behalf of Qualified Mental Health Specialists ("QMHS") (former Qualified Behavior Health Specialists) of Defendant Family Solutions of Ohio ("FSO"). The Complaint was filed on September 4, 2018 and an Amended Complaint was filed on May 5, 2020. (Doc. Nos. 1, 50.)

2. Plaintiffs allege that they and other QMHSs were not paid for travel time, time spent entering documentation, and time spent for no-show appointments, in violation of federal and state wage-and-hour laws and common law. Defendants denied Plaintiffs' allegations.

3. The named plaintiffs, Jamal Stephenson and Melanie Baron, worked in FSO's Cincinnati and Cleveland offices, respectively. On September 16, 2019, the Court conditionally certified the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of QMHS who worked during the preceding three years. (Doc. No. 20 at p. 21.) Notice was issued to potential opt- ins and 29 persons ultimately joined the case by submitting consent forms, inclusive of the persons who consented to join the consolidated case, *Williams v. Family Solutions of Ohio, Inc.*, Case No. 1:21CV00196 (N.D. Ohio). On April 5, 2021, the Court granted Plaintiffs' Motion for Certification of a state-law Class under Fed. R. Civ. P. 23. (Doc. No. 143.) The Rule 23 class consists of 177 additional QMHS.

4. Discovery was extensive. Both sides propounded and answered written discovery requests. Thousands of pages of wage records and other evidentiary documents were produced.

Additional records in electronic form were obtained by subpoena from FSO's former electronic records vendor. Plaintiffs served a Rule 30(b)(6) deposition notice and deposed Defendant Dawn Smith, FSO's Vice President of Strategic Planning and Program Management, on June 24, 2020. Defendants deposed Plaintiffs Jamal Stephenson and Melanie Baron on July 13 and August 27, 2020. Plaintiffs' damages expert, Shane Thompson, PhD., was deposed by Defendants on May 6, 2022.

5. In addition to the class motions and briefing, motion practice was extensive and rigorous. Plaintiffs moved for leave to file a second amended complaint and for expansion of the conditional class. (Doc. Nos. 67, 68.) Defendants filed Motions for Summary Judgment against both Plaintiffs. (Doc. Nos. 88, 89.) Defendants requested permission to appeal the Court's class certification order to the Sixth Circuit Court of Appeals. (Doc. No. 159.) Later, Defendants filed a Daubert Motion to exclude Plaintiffs' expert as well as Motions to Decertify both the Conditional FLSA Class and the Rule 23 class. (Doc. Nos. 181, 182, 183.) The Court issued numerous Memorandum Opinions & Orders on the parties' various Motions. *See, e.g.,* Doc. Nos. 116, 137, 143, 175, 195, 196.

6. Mediation sessions were scheduled before Magistrate Judge William Baughman for August 19, 2020, November 9, 2021, and December 13, 2021 but were unsuccessful in resolving the case. However, a full-day mediation before Magistrate Judge Jennifer Dowdell Armstrong on February 13, 2023 was successful and the parties were able to reach an agreement.

7. On March 16, 2023, the parties filed a Joint Motion for Preliminary Approval of Class and Class Action Settlement. (Doc. No. 201). The parties later filed a Supplement thereto, addressing certain issues raised by the Court. (Doc. No. 203.)

8. The Court issued a Preliminary Approval Order (Doc. No. 204) on March 28, 2023. Therein, the Court preliminarily found that the parties' proposed settlement satisfied the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). As to the Rule 23 Class, the Court found that the proposed settlement qualified for preliminary approval pursuant to Fed. R. Civ. P. 23(e) on the basis that it is "fair, reasonable, and adequate" to all participants. (*Id.* at 11.) The Court approved the Notice to Class Members (Doc. No. 203-2) and ordered that it be distributed to Class Members by first-class United States mail to their last-known addresses as shown in Defendants' records. (*Id*. at 12.)

9. As ordered by the Court, Plaintiffs' Counsel has filed a declaration certifying that the approved Notice to Class Members was distributed as ordered. (Doc. No. 206-1.) The Declaration further states that no Class Member has submitted an objection to the settlement. (*Id*.)

10. The Court finds that Notice given to Class Members was reasonable and the best notice practicable, satisfying the requirements of Civ. R. 23(e) and due process. No Settlement Class Member has objected to the Settlement.

11. On June 8, 2023, the parties filed a Joint Motion for Final Approval. (Doc. No. 206.) Therein, the parties inform the Court that they believe the settlement appropriately balances the expenses, risks, and possible outcomes of protracted litigation. For the Plaintiffs, Opt-Ins, and Class Members, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all persons believed to have been affected by the alleged pay practices.

12. For all the reasons set forth below and in the Joint Motion for Final Approval, as well as for all the reasons discussed on the record during the Fairness Hearing, the Court approves

4

the parties' Settlement pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(e) and orders that it be implemented according to its terms and conditions and as directed herein.

13. The settlement will resolve the disputed claims for Plaintiffs Stephenson and Baron, the Opt-ins who joined the case pursuant to 29 U.S.C. § 216(b), and all members of the Rule 23 Class.

14. As to the Plaintiffs and Opt-Ins, the Court finds that the proposed settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994 at *19 (S.D. Ohio May 30, 2012).

15. The settlement makes fair and reasonable settlement payments available to the Plaintiffs, Opt-Ins, and Class Members and the proposed method of allocating the Net Settlement Proceeds is reasonable and fair to all. The Net Proceeds will be allocated one-third to the Plaintiffs and Opt-Ins and two-thirds to Class Members, then further allocated to individuals in proportion to their estimated workweeks during the class period, September 4, 2015 to April 5, 2021.

16. The Court finds that the Total Settlement Amount and the proposed distributions to the Plaintiff, Opt-Ins, and Settlement Class Members are fair and reasonable. The Court approves the distributions and orders that they be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

17. The Court approves the proposed service awards of $5,0000 each to Plaintiffs Jamal Stephenson and Melanie Baron and orders that the payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

18. For all the reasons discussed during the Fairness Hearing, the Court finds that the proposed attorneys' fee award of $178,333.33 is reasonable, using either a percentage of the fund approach or the lodestar approach.  The Court approves the proposed attorneys' fees of $178,333.33 and litigation costs of $24,534.91, as provided in the Settlement Agreement, and orders that payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The Court dismisses this case with prejudice.  The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

20. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**IT IS SO ORDERED**

                                               *s/Pamela A. Barker*
                                               PAMELA A. BARKER
                                               UNITED STATES DISTRICT JUDGE

July 10, 2023
Court Reporter:  George Staidahur
Time:  30 minutes