IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jamal Stephenson,** *et al.,* <br> **On behalf of herself and** <br> **All others similarly situated,** <br><br>        **Plaintiffs,** <br>  -vs- <br><br> **Family Solutions of Ohio, Inc.,** <br> *et al.,* <br><br>        **Defendants** | Case No. 1:18cv2017 (lead case) <br>      1:21cv00196 <br><br><br> **JUDGE PAMELA A. BARKER** <br><br><br><br> **ORDER** |

Currently pending is the Motion of Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, Sr. and Dawn Smith (hereinafter referred to collectively as "Defendants") to Consolidate the instant action (hereinafter referred to as "*Stephenson I*") with *Jamal Stephenson, et. al v. John A. Hopkins, Sr., et al.,* Case No. 1:24cv01830 (N.D. Ohio) (Oliver, J. (Doc. No. 223) (hereinafter referred to as "*Stephenson II*"). Plaintiffs Jamal Stephenson and Melanie Vilk Baron did not file a Response. For the following reasons, Defendants' Motion to Consolidate (Doc. No. 223) is DENIED.

**I.  Relevant Background**

  **A.  *Stephenson I***

The Complaint in *Stephenson I* was filed in this Court over six years ago, on September 4, 2018, against Defendants (1) Family Solutions of Ohio, Inc. (hereinafter "FSO"); (2) Prostar Management, Inc.; (3) John Hopkins, Sr.; and (4) Dawn Smith. (Doc. No. 1.) An Amended Complaint was filed against these same Defendants on May 5, 2020. (Doc. No. 50.) Therein, Plaintiffs Jamal Stephenson and Melanie Vilk Baron alleged that they and other Qualified Mental

Health Specialists ("QMHS") who worked for FSO were not paid for travel time, time spent entering documentation, and time spent for no-show appointments, in violation of federal and state wage-and-hour laws and state common law. Defendants denied Plaintiffs' allegations.

On September 16, 2019, the Court conditionally certified the case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of QMHS's who worked during the preceding three years. (Doc. No. 20 at p. 21.) Notice was issued to potential opt- ins and 29 persons ultimately joined the case by submitting consent forms. Subsequently, on April 5, 2021, the Court granted Plaintiffs' Motion for Certification of a state-law Class under Fed. R. Civ. P. 23. (Doc. No. 143.) The Court approved Notice to putative Class Members on May 5, 2021. After Notice was issued and the period to request exclusion had expired, the Rule 23 Class consisted of a total of 177 Class Members. *See* Doc. No 209 at p. 2.

After extensive discovery and motion practice, the parties ultimately reached an agreement to settle the instant action. The Court granted Preliminary Approval in March 2023 and conducted a Final Approval hearing on July 10, 2023. (Doc. Nos. 204, 210.) The Court then issued a Final Approval Order on July 10, 2023 and dismissed the case with prejudice. (*Id.*) In the Final Approval Order, the Court retained jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder. (Doc. No. 210 at p. 6.)

On March 5, 2024, Plaintiffs filed a Motion to Enforce the parties' Settlement Agreement. (Doc. No. 212.) On April 11, 2024, this Court issued a Memorandum Opinion & Order granting in part and denying in part Plaintiffs' Motion. (Doc. No. 217.) Several months later, on September 4, 2024, the parties filed a Joint Motion for Status Conference in which they indicated that (1) installment payments under the parties' Settlement Agreement are/were due on November 1, 2023,

June 1, 2024, and January 2, 2025; (2) "Defendants assert that they have encountered financial difficulties affecting their ability to meet that schedule;" and (3) the parties want this Court to "hold a conference with counsel so that they may discuss possible paths forward."  (Doc. No. 220.)  The Court denied the parties' Joint Motion without prejudice and reminded them of their obligation to meet and confer before filing any motions relating to the Settlement Agreement.  *See* Non-Doc. Order dated Sept. 6, 2024.

On September 13, 2024, Defendant Family Solutions of Ohio, Inc. filed a Notice that it had filed a Chapter 11 bankruptcy case in United States Bankruptcy Court, Eastern District of North Carolina.  (Doc. No. 221.)

**B.**     ***Stephenson II***

On September 12, 2024, Jamal Stephenson and Melanie Baron, on behalf of themselves and all others similarly situated, filed a Complaint in the Cuyahoga County Court of Common Pleas against (1) John A. Hopkins, Sr.; (2) Dawn Smith; (3) Nancy Hopkins; (4) John A. Hopkins, Jr.; (5) Tiffany Hopkins; (6) Family Solutions USA, Inc.; (7) Hopkins Global Solutions, Inc.; and (8) Prostar Management, Inc.  *See Stephenson, et al. v. Hopkins, et al.*, Case No. 1:24cv1830 (N.D. Ohio) (Doc. No. 1-2.)

Therein, Plaintiffs allege that Defendants Hopkins, Sr., Smith, and Prostar Management breached the Settlement Agreement in *Stephenson I* "by failing to make even the first installment payment in full."  (*Id*. at ¶ 14.)  Plaintiffs further allege that, "from 2018 through 2023, during the pendency of [*Stephenson I*], decision after decision from that litigation alerted Defendants that their pay practices at FSO were quite patently illegal." (*Id.* at ¶ 23.)  Plaintiffs allege that "[i]nstead of tightening the company purse strings or even closing FSO down, John A. Hopkins, [Sr.], Dawn Smith,

3

and Nancy Hopkins enriched their own finances and added to the FSO payroll the Hopkins children — Defendants John Hopkins, Jr. and Tiffany Hopkins — while simultaneously continuing to steal wages from FSO employees." (*Id.* at ¶ 24.)

Plaintiffs state that they bring this case as a class action pursuant to Civ. R. 23 on behalf of themselves and "[a]ll employees who worked in Ohio as Qualified Mental Health Specialists ('QMHS') for Family Solutions of Ohio during the period September 16, 2016 to April 5, 2021," i.e., the same class of employees in *Stephenson I*. (*Id.* at ¶ 30.) Plaintiffs identify the following questions of law and fact common to the proposed Class: (1) whether Defendants transferred assets out of FSO, and/or other entities, for their own benefit; (2) whether Defendants transferred assets out of FSO, and/or other entities, while knowing that FSO could not meet its ability to pay debts as they became due; (3) whether Defendants' transfers or receipt of monies directly or indirectly from FSO violated provisions of the Ohio Fraudulent Transfer Act, R.C. § 1336.01, *et seq.*; and (4) where the transferred sums or proceeds are currently held or deposited. (*Id.* at ¶ 32.)

Plaintiffs assert state claims for (1) breach of contract; (2) fraudulent transfer liability under the Ohio Fraudulent Transfer Act, Ohio Rev. Code §§ 1336.01, *et seq.*; (3) civil conspiracy to commit fraudulent transfer; and (4) declaratory relief. (Doc. No. 1.)

On October 21, 2024, Defendants removed the Complaint to the instant Court on the basis of diversity jurisdiction and marked it as "related" to *Stephenson I*. (Doc. No. 1.)

C. **Motion to Consolidate**

On November 11, 2024, Defendants filed identical Motions to Consolidate in both *Stephenson I* and *Stephenson II*. *See Stephenson I*, Case No. 1:18cv2017 (Doc. No. 223); *Stephenson II,* Case No. 1:24cv1830 (Doc. No. 6.) Therein, Defendants argue that "both matters involve common

4

questions or law or fact [and] involve the same parties and concern the same issues." (*Id*. at p. 2.)  In addition, Defendants maintain that *Stephenson I* and *Stephenson II* should be consolidated because this Court retained jurisdiction over the Settlement Agreement in *Stephenson I.*  (*Id*.)  Plaintiffs did not file a response to Defendants' Motion.

II. Analysis

Under Fed. R. Civ. P. 42(a)(2), a court may consolidate actions involving "a common question of law or fact."  Fed. R. Civ. P. 42(a)(1).  *See also Cantrell v. GAF Corp*., 999 F.2d 1007, 1011 (6th Cir. 1993).  Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court.  *Gamboa v. Ford Motor Co.*, 381 F.Supp.3d 853, 866 (E.D. Mich. 2019). In determining whether to grant consolidation, courts weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Banacki v. OneWest Bank, FSB,* 276 F.R.D. 567, 571 (E.D. Mich. 2011).

For the following reasons, the Court declines, in the exercise of its discretion, to consolidate the instant action with Case No. 1:24cv1830.  While Defendants argue (summarily) that S*tephenson I* and *Stephenson II* involve "common questions of law or fact" and "involve the same parties and concern the same issues," this Court is not convinced.  *Stephenson I* principally involved alleged overtime violations of the FLSA and Ohio's Wage and Hour laws and was asserted against four defendants—FSO; Hopkins, Sr.; Smith; and ProStar Management.  *Stephenson I* settled and was dismissed with prejudice over a year ago.  By contrast, *Stephenson II* involves a slew of state law claims that are unrelated to the wage and hour claims at issue in *Stephenson I*.  Most notably, *Stephenson II* is a putative class action involving claims under Ohio's Fraudulent Transfer Act, Ohio

5

Rev. Code 1336.01, *et seq.,* as well as state law claims for breach of contract, civil conspiracy, and declaratory relief. While the *Stephenson II* Plaintiffs' breach of contract claim relates to the parties' Settlement Agreement (over which this Court retained jurisdiction), the fraudulent transfer, civil conspiracy, and declaratory relief claims are distinct and well beyond the scope of *Stephenson I*. Moreover, *Stephenson II* includes several parties that were not parties to *Stephenson I,* including Nancy Hopkins, John Hopkins, Jr., Tiffany Hopkins, Family Solutions USA, Inc., and Hopkins Global Solutions, Inc. Thus, the Court finds, in the exercise of its discretion, that consolidation is not warranted or appropriate under the circumstances presented.

### III. Conclusion

Accordingly, and for all the reasons set forth above**,** Defendants' Motion to Consolidate (Doc. No. 223) is DENIED.

**IT IS SO ORDERED.**

Date: December 5, 2024

                                              *s/Pamela A. Barker*
                                              PAMELA A. BARKER
                                              U. S. DISTRICT JUDGE