UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMAL STEPHENSON, et al., On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FAMILY SOLUTIONS OF OHIO, INC., et al., <br><br> Defendants. | CASE NO. 1:18-cv-02017-PAB <br><br> JUDGE PAMELA BARKER <br><br> **MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST DEFENDANTS JOHN HOPKINS, DAWN SMITH, AND PROSTAR MANAGEMENT, INC.** |

Plaintiffs Jamal Stephenson and Melanie Baron respectfully move the Court to enforce the parties' Settlement Agreement as against Defendants John Hopkins, Dawn Smith, and Prostar Management, Inc. on account of nonpayment.

Defendants agreed to make settlement installment payments of $178,333.33 on November 1, 2023 and June 1, 2024, and $178,333.34 on January 2, 2025, for a total of $535,000. Settlement Agreement, Doc. 203-3, ¶ 27. Not even the first installment was made in full; the total paid to date is $137,322.49. Perlmuter Declaration, attached hereto as Exhibit 1, at ¶ 15. Over the past 14 months, undersigned counsel has doggedly endeavored to get this settlement paid without involving the Court, initiating 43 e-mail exchanges with various proposals to bring Defendants current with their obligations, and participating in 7 Zoom or telephone calls with defense counsel with the same focus. Id. at ¶¶ 7-11. Undersigned counsel's repeated demands for payment and proposals for resolution have been met with empty promises by Defendants. Id. at ¶¶ 12-13.

This motion is not affected by the bankruptcy petition filed by Defendant Family Solutions of Ohio, Inc. ("FSO"). *See* Notice of Filing Bankruptcy, Doc. 221. Under settled law, the bankruptcy "operates as a stay" as to FSO only. *See* Part I below. Indeed, FSO's notification of

the bankruptcy only requests "that this action be stayed or otherwise discontinued as to [it]." *Id.* at Doc. 221. Plaintiffs' instant motion against Defendants John Hopkins, Dawn Smith, and Prostar Management can and should proceed.

Evidence supporting this motion is attached. Plaintiffs have also submitted a proposed Order and Judgment Entry.

I. **THE BANKRUPTCY STAY DOES NOT AFFECT THIS ACTION AS TO DEFENDANTS JOHN HOPKINS, DAWN SMITH, AND PROSTAR MANAGEMENT**

Pursuant to the Bankruptcy Code, 11 U.S.C. § 362, a bankruptcy petition "operates as a stay" of "a judicial, administrative, or other proceeding against the debtor." The Sixth Circuit has considered whether the automatic stay "may be invoked by the solvent co-defendants" of the bankrupt debtor. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir. 1983). The court emphasized that § 362 "facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor." *Id.* at 1196. In the court's words, "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Id.* Accord, *Patton v. Beardon*, 8 F.3d 343, 349 (6th Cir. 1993) (a bankruptcy stay "does not extend… to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation") (citing 2 Collier on Bankruptcy ¶ 362.04 (15th ed. 1993).

In cases like *Lynch* and *Patton*, "[t]he Sixth Circuit has made it abundantly clear that the § 362(a)(1) stay of acts 'against the debtor' is to be strictly construed." *In re Johnson*, 548 BR 770, 787 (Bankr. Ct., S.D. Ohio 2016). "It is axiomatic that § 362(a)(1) does not automatically give rise to a general stay of creditors' rights to pursue nondebtor codefendants, even those with some

relationship to the debtor. *Id*. (citing *Lynch*, 710 F.2d at 1196). Rather, "extending a stay to nonbankrupt co-defendants is justified only in 'unusual circumstances.'" *Id*. (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000)). Those "unusual circumstances" exist where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 861 (6th Cir. 1992).

No such unusual circumstances exist here. Plaintiffs are not seeking to enforce the settlement against the bankrupt debtor, FSO. The automatic stay under 11 U.S.C. § 362 applies only to FSO. Plaintiffs are free to enforce their rights against Defendants Hopkins, Smith, and Prostar Management.

**II. THIS COURT HAS AUTHORITY TO ENFORCE THE SETTLEMENT AGREEMENT**

"A federal court maintains jurisdiction to enforce a settlement agreement when the parties' obligation to comply with the settlement is 'part of the order of dismissal—either by a separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Wilson v. Prime Source Healthcare of Ohio*, 2018 U.S. Dist. LEXIS 34445, at *4 (N.D. Ohio Mar. 2, 2018) (Gwin, J.) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381 (1994) (internal citations omitted)). *See also Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2020) ("This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement."). *Accord, Williams v. L.C.P. Chemicals, Inc.*, 1986 U.S. App. LEXIS 28880, *5 (6th Cir. 1986) (citing *Kukla v. National Distillers Products Company,* 483 F.2d 619, 621-22 (6th Cir. 1973)).

In the present case, the Settlement Agreement stated that "[t]he parties request that the Court retain jurisdiction to enforce the terms of the Settlement and this Settlement Agreement." Settlement Agreement, Doc. 203-3, at ¶ 44.  The Court's final Order and judgment stated that, "[a]s requested by the Parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder." Order, Doc. 210, at ¶ 20.  The Court referenced this reservation of jurisdiction in its Order denying consolidation with *Jamal Stephenson, et. al v. John A. Hopkins, Sr., et al.*, Case No. 1:24cv01830 (N.D. Ohio) (Oliver, J.  (Doc. No. 223) ("*Stephenson II*").  While the plaintiffs in *Stephenson II* assert "[a] breach of contract claim relat[ing] to the parties' Settlement Agreement" in *Stephenson I*, those are issues "over which this Court retained jurisdiction."  *See* Order, Doc. 224, at page 6.

"Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *Belk v. Le Chaperon Rouge Co.*, 2020 U.S. Dist. LEXIS 117985 (N.D. Ohio July, 6, 2020) (Barker, J.) (quoting *RE/MAX Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 645-46 (6th Cir. 2001)). "Settlement agreements are a type of contract subject to principles of state contract law." *Reed v. Wehrmann,* 159 F. Supp. 2d 700, 704 (S.D. Ohio 2001), *quoted in Belk*, 2020 U.S. Dist. LEXIS 117985.  *Accord, Integrity Energy, LTD. v. Hunter*, 2021 U.S. Dist. LEXIS 125370 (N.D. Ohio July 6, 2021) (Nugent, J.); *Kramer v. Dadant & Sons, Inc.*, 2024 U.S. Dist. LEXIS 155103 (N.D. Ohio Aug. 27, 2024) (Grimes, J.).

### III. DEFENDANTS JOHN HOPKINS, DAWN SMITH, AND PROSTAR MANAGEMENT BREACHED THE SETTLEMENT AGREEMENT BY NONPAYMENT OF THE INSTALLMENTS

"To allege a breach of contract claim under Ohio law, the plaintiff must establish (1) the existence of a binding contract; (2) Plaintiff's performance; (3) breach; and (4) damages."

*Integrity Energy*, 2021 U.S. Dist. LEXIS 125370, at **7-8 (quoting *Hicks v. Bryan Medical Group, Inc.,* 287 F. supp. 2d 795 (N.D. Ohio 2003)). All elements are established here.

### A. Existence of a Binding Contract

The parties' settlement was expressed in a written Settlement Agreement covering all material terms. Settlement Agreement, Doc. 201-1; 203-3 (filing a signed version of the agreement). The parties jointly submitted the Agreement to the Court. *See* Joint Motion for Preliminary Approval, Doc. 201; Joint Filing in Support of Final Approval, Doc. 209. This Court granted preliminary and final approval. Docs. 204, 210.

### B. Plaintiffs' Performance

Plaintiffs and the class performed their part of the bargain. They released claims against all Defendants. Settlement Agreement, Doc. 203-3, at ¶ 35. Plaintiffs' case against Defendants was dismissed. *See* Joint Filing in Support of Final Approval, Doc. 209 (submitting proposed dismissal order); Doc. 210 (entering dismissal).

### C. Breach of the Agreement

Defendants John Hopkins, Dawn Smith, and Prostar Management signed the Settlement Agreement and are jointly and personally responsible under it. *Belk*, 2020 U.S. Dist. LEXIS 117985 ("If the contractual language does not expressly state the nature of a party's liability, it will be presumed that co-signers of the agreement are jointly and severally liable for the underlying debt.") (quoting *Pinzone v. Pinzone,* 2012 WL 6727339 at * 3 (Ohio App. 11th Dist. Dec. 24, 2012). Indeed, when FSO. filed its bankruptcy petition, undersigned counsel emailed defense counsel stating, "As a result, we're now expecting that the remaining Defendants will begin making the payments required by the settlement agreement." September 6, 2024 Email to Defense Counsel, at Exhibit 2. No payments have been made by these Defendants since that time.

The Agreement provided that "Defendants will pay the Total Settlement Amount of Five Hundred Thirty-five Thousand Dollars ($535,000.00)." *See* Settlement Agreement, Doc. 203-3, at ¶ 26. Defendants were to pay the total amount in three approximately equal installments on November 1, 2023, June 1, 2024, and January 2, 2025. *Id*. at ¶¶ 27, 32.

For each installment, settlement checks were supposed to be mailed to the class members, as well as to undersigned counsel for fees and expenses. Settlement Agreement, Doc. 203-3, ¶ 27; Perlmuter Declaration, at Exhibit 1, ¶ 2. A total of 545 checks should have been distributed by Defendants by now; by Defendants' admission, only 175 have gone out. *Id*. at ¶¶ 14-15.

### D. Damages

The damages sustained by Plaintiffs and the class are readily ascertainable. According to Defendants' October 30, 2024 report, the cashed settlement checks total $137,322.49. Defense Counsel October 30, 2024 Correspondence, at Exhibit 1-A. Subtracting that amount from the Total Settlement Amount of $535,000 leaves an unpaid balance of $397,677.51. Defendants Hopkins, Smith, and Prostar Management are jointly and personally liable for that unpaid amount. *Belk*, 2020 U.S. Dist. LEXIS 117985 (citing cases).

### IV. THE SETTLEMENT SHOULD BE REDUCED TO JUDGMENT, AND DEFENDANTS HOPKINS, SMITH, AND PROSTAR MANAGEMENT SHOULD BE ORDERED TO SHOW CAUSE

First, Plaintiffs request that the settlement payments due and owing of $397,677.51 be reduced to judgment. Such an order is appropriate when a party fails to pay a sum promised in a settlement agreement. *See e.g. Strategic Staffing Sols. v. Urb. Armz, LLC*, Case No. 22-12216, 2024 U.S. Dist. LEXIS 221725, *2 (E.D. Mich. June 3, 2024); *Scherber v. Online Auctions, LLC*, Case No. 3:13CV530, 2017 U.S. Dist. LEXIS 19928, *2 (N.D.

Ohio Feb. 13, 2017); *Qayyum v. Pharmaphd, Inc.*, Case No. 1:19-cv-306-SKL; No. 1:19-cv-307-SKL, 2021 U.S. Dist. LEXIS 250088, *4 (E.D. Tenn. Mar. 1, 2021).

Second, the Court should enter an Order requiring Defendants Hopkins, Smith, and Prostar Management to show cause why they have not complied with the Settlement Agreement. *See Tyvela v. City of Bay City*, Case No. 1:19-CV-11196, 2022 U.S. Dist. LEXIS 248370, *1-2 (E.D. Mich. Nov. 2, 2022); *Reid v. Moore*, 1:21-cv-00991, 2022 U.S. Dist. LEXIS 211976, *1 (N.D. Ohio Nov. 22, 2022).

To the extent that, in response to the show cause order, these Defendants represent that they are/were financially unable to pay anything toward this debt, Plaintiff should be permitted to conduct discovery to evaluate such a representation. Plaintiffs further reserve the right to move for attorneys' fees and other appropriate sanctions if any representations of insolvency are not made in good faith. *See Surface Enters. v. Profilematic, Inc.*, Case No. 3:06 CV 7016, 2007 U.S. Dist. LEXIS 112334, *3 (N.D. Ohio Oct. 29, 2007).

V. **CONCLUSION**

Plaintiffs respectfully request that the Court enter an Order finding that Defendants Hopkins, Smith, and Prostar Management breached the Settlement Agreement and are jointly and personally liable in damages in the amount of $397,677.51. A proposed Order and Judgment Entry is attached hereto as Exhibit 3.

Respectfully submitted,

/s/ Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Avenue
Cleveland, OH 44113
Phone: 216-285-9991
Fax: 888-604-9299
Email: scott@tittlelawfirm.com

                     *s/ Thomas A. Downie*
                     Thomas A. Downie (0033119)
                     46 Chagrin Falls Plaza #104
                     Chagrin Falls, Ohio 44022
                     440-973-9000
                     tom@chagrinlaw.com

                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that the foregoing was filed electronically on January 23, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                     *s/ Scott D. Perlmuter*
                     Scott D. Perlmuter (0082856)